# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> FTX TRADING LTD., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-11068 (KBO) <br><br> (Jointly Administered) |
| FTX RECOVERY TRUST, FTX DIGITAL MARKETS, LTD. <br><br> Plaintiffs, <br><br> v. <br><br> BINANCE HOLDINGS LIMITED., BINANCE CAPITAL MANAGEMENT CO. LTD, BINANCE HOLDINGS (IE) LIMITED, BINANCE (SERVICES) HOLDINGS LIMITED, CHANGPENG ZHAO, DINGHUA XIAO, SAMUEL WENJUN LIM, and DOES 1-1000 <br><br> Defendants. | Adv. Pro. No. 24-50222 (KBO) <br><br> **Re: Adv. D.I. 15, <u>46</u>** |

### ORDER GRANTING PART OF PLAINTIFFS' *EX PARTE* MOTION TO (A) SERVE THE INDIVIDUAL DEFENDANTS BY ALTERNATIVE MEANS AND (B) SET A <u>SCHEDULING CONFERENCE WITH ALL DEFENDANTS</u>

Upon consideration of the *Plaintiffs'* Ex Parte *Motion to (A) Serve the Individual Defendants by Alternative Means, and (B) Set a Scheduling Conference with All Defendants* solely with respect to Individual Defendants Dinghua Xiao and Samuel Wenjun Lim (the "**Motion**")[2]

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of reorganized debtor entities (the "**Reorganized Debtors**") in the above-captioned chapter 11 cases, a complete list of the Reorganized Debtors' last four digits of their federal tax identification numbers is not provided herein, but may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 32792819v.1

pursuant to Rules 4(f)(3) and 16(b) of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable herein by Rules 7004(a)(1) and 7016(a) of the Federal Rules of Bankruptcy Procedure, and Rules 7004-1 and 7016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order permitting service through alternative means on the Individual Defendants and setting a scheduling conference with all Defendants for thirty days after the Individual Defendants have been served; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and no objections to the Motion having been filed with respect to Individual Defendants Dinghua Xiao and Samuel Wenjun Lim; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

      1.     The Motion, solely with respect to service upon Individual Defendants Dinghua Xiao, and Samuel Wenjun Lim, is granted.

      2.     The Plaintiffs are granted leave and permission to serve the Summons and Complaint upon Individual Defendants Dinghua Xiao and Samuel Wenjun Lim through the means articulated in the Service Plan; namely, through: (1) personal email (if an email address is known);

(2) social media (if the Individual Defendant has a known presence); and (3) United States counsel (if the Individual Defendant has been represented by United States counsel in recent actions).

3.  Service in accordance with this Order is deemed effective and valid service upon the Individual Defendants Dinghua Xiao, and Samuel Wenjun Lim consistent with Federal Rule 4(f)(3).

4.  The Plaintiffs are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.  Notwithstanding any other Bankruptcy Rules or any other applicable rule or guideline, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

**Dated: April 16th, 2025**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**