**Exhibit A**

**Scheduling Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*:<br><br>FTX TRADING LTD., *et al.*,[1]<br>                                Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST, FTX DIGITAL MARKETS, LTD.<br><br>                                Plaintiffs,<br><br>- against -<br><br>BINANCE HOLDINGS LIMITED., BINANCE CAPITAL MANAGEMENT CO. LTD, BINANCE HOLDINGS (IE) LIMITED, BINANCE (SERVICES) HOLDINGS LIMITED, CHANGPENG ZHAO, DINGHUA XIAO, SAMUEL WENJUN LIM, and DOES 1-1000<br><br>                                Defendants. | Adv. Pro. No. 24-50222 (KBO) |

## SCHEDULING ORDER

Upon consideration of the stipulation governing the motion to dismiss phase of this Adversary Proceeding, a copy of which is attached hereto as **Exhibit 1** (the "Stipulation"), between the parties subject to the Stipulation; and the Court having jurisdiction to consider the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that good and sufficient cause exists for approval of the Stipulation,

**IT IS HEREBY ORDERED THAT**:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of reorganized debtor entities (the "Reorganized Debtors") in the above-captioned chapter 11 cases, a complete list of the Reorganized Debtors' last four digits of their federal tax identification numbers is not provided herein, but may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1. The Stipulation is hereby approved.

2. The Stipulation shall become effective immediately upon entry of this Order.

3. In light of this Stipulation, the motion to dismiss briefing dates set forth in the prior stipulation entered by the Court on February 25, 2025 concerning the motion to dismiss briefing schedule for Defendants Binance Holdings Ltd., Binance Holdings (IE) Ltd., Binance (Services) Holdings Ltd., and Binance Capital Management Co. Ltd. [Adv. D.I. 11] are hereby null and void.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

**Exhibit 1**

**Stipulation**

**Scheduling Stipulation**

1. This scheduling stipulation (the "Stipulation"), by and among the above-captioned Plaintiffs and the Stipulating Defendants (defined below, and with Plaintiffs, collectively "Parties" and each a "Party") shall apply in the above-captioned adversary proceeding (the "Adversary Proceeding").

   a. The term "Complaint" as used herein shall mean the complaint filed in the Adversary Proceeding on November 10, 2024.

   b. The term "Stipulating Defendants" as used herein shall mean only Binance Holdings Ltd., Binance Holdings (IE) Ltd., Binance (Services) Holdings Ltd., and Binance Capital Management Co. Ltd.

2. **Service of Complaint.**

   a. Plaintiffs served the following Defendants in foreign countries pursuant to the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"):

      i. Binance Holdings Ltd. on or about February 24, 2025;

      ii. Binance Holdings (IE) Ltd. on or about February 4, 2025;

      iii. Binance (Services) Holdings Ltd. on or about February 4, 2025;

      iv. Binance Capital Management Co. Ltd. on or about February 3, 2025.

3. **Response to Complaint.**

   a. On February 24, 2025, Plaintiffs and the Stipulating Defendants entered into a stipulated scheduling order regarding, among other things, a motion to dismiss briefing schedule, which the Court entered the following day. *See* [Adv. D.I. 10,11]. Pursuant to that scheduling order, the Stipulating Defendants are scheduled to file motions to dismiss on May 9, 2025, with oppositions due July 24, 2025, and replies due August 27, 2025. *Id.*

   b. The Parties have conferred and agreed to extend these deadlines as follows:

      i. If any of the Stipulating Defendants elect to file a motion to dismiss, the schedule for the briefing shall be as follows.

         1. Moving briefs due May 16, 2025;

         2. Oppositions to any motion(s) to dismiss due August 7, 2025; and

         3. Replies due September 12, 2025.

4. **Reservation of Rights.**

   a. In view of the service discussed in Section 2 above, the Stipulating Defendants waive the defense of sufficiency of service of process but do not waive, but rather expressly reserve, any and all other rights, defenses, and objections to the claims in this action (including but not limited to defenses based upon lack of personal or subject matter jurisdiction, lack of standing, improper venue, or a defendant having been improperly named).

   b. To the extent any Stipulating Defendant moves to dismiss based on lack of personal jurisdiction, after the filing of such motion, Plaintiffs reserve the right to apply to the Court to seek jurisdictional-related discovery that it believes is necessary to oppose any such motion, and the Stipulating Defendants reserve their rights to oppose any such jurisdictional-related discovery. For the avoidance of doubt, Stipulating Defendants' entry into this Stipulation does not constitute an admission or concession that any such jurisdictional-related discovery would be appropriate.

   c. In the event Plaintiffs seek jurisdictional-related discovery, as set forth in Section 4.b above, the Parties will meet and confer to discuss whether it would be appropriate to extend Plaintiffs' deadline to file oppositions to any motions to dismiss. In the event the Parties are unable to reach agreement, Plaintiffs may request additional time to file their Opposition to any motion to dismiss in light of such jurisdictional-related discovery, and the Stipulating Defendants would reserve their rights to oppose any such request.

   d. Nothing in this Stipulation shall be deemed a waiver of the Stipulating Defendants' rights under Local Rule 9013-1(h) or any other jurisdictional objections.

   e. Nothing in this Stipulation shall affect the Parties' respective rights to serve or object to fact discovery (or file any motions relating to fact discovery) before resolution of any motion to dismiss this Adversary Proceeding. For the avoidance of doubt, Stipulating Defendants reserve the right to move to stay discovery pending resolutions of any motions to dismiss, and Plaintiffs reserve the right to oppose any such motion for stay.

5. **Scope.** This Stipulation is not intended do, and in no way shall, affect any rights, obligations, or defenses of any party other than Plaintiffs and the Stipulating Defendants.

6. **Execution.** This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, electronic mail or other means of electronic signature, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Each of the Parties hereto represents that the applicable undersigned signatory is duly authorized to execute this Stipulation on such Party's behalf.

7. **Modification.** The Parties may modify any provision hereof on written agreement (which agreement shall not be unreasonably withheld) or, absent such agreement, by seeking an order of the Court upon good cause shown.

| | |
|---|---|
| Dated: May 8, 2025<br>Wilmington, Delaware | **RICHARDS, LAYTON & FINGER, P.A.**<br><br>*/s/ Robert C. Maddox*<br>Kevin Gross (No. 209)<br>Paul N. Heath (No. 3704)<br>Brendan J. Schlauch (No. 6115)<br>Robert C. Maddox (No. 5356)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>Email: gross@rlf.com<br>          heath@rlf.com<br>          schlauch@rlf.com<br>          maddox@rlf.com<br><br>-and-<br><br>**WHITE & CASE LLP**<br>J. Christopher Shore (admitted *pro hac vice)*<br>Brian D. Pfeiffer (admitted *pro hac vice)*<br>Colin West (admitted *pro hac vice*)<br>Ashley R. Chase (admitted *pro hac vice)*<br>Brett L. Bakemeyer (admitted *pro hac vice)*<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: cshore@whitecase.com<br>          brian.pfeiffer@whitecase.com<br>          cwest@whitecase.com<br>          ashley.chase@whitecase.com<br>          brett.bakemeyer@whitecase.com<br><br>*Counsel for the Plaintiffs* |

**CAHILL GORDON & REINDEL LLP**

*/s/ Gregory Strong*
Gregory Strong (No. 4664)
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
(302) 884-0001
GStrong@cahill.com

Samson A. Enzer (*pro hac vice*)
Herbert S. Washer (*pro hac vice*)
Edward N. Moss (*pro hac vice*)
Joel H. Levitin (*pro hac vice*)
Gregory Mortenson (*pro hac vice*)
32 Old Slip
New York, NY 10005
(212) 701-3125
SEnzer@cahill.com
HWasher@cahill.com
EMoss@cahill.com
JLevitin@cahill.com
GMortenson@cahill.com

*Attorneys for Defendants Binance Holdings Limited, Binance Holdings (IE) Limited, and Binance (Services) Holdings Limited*

**CONNOLLY GALLAGHER, LLP**

*/s/ Karen C. Bifferato*
Karen C. Bifferato (No. 3279)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
(302) 888-6221
kbifferato@connollygallagher.com

-and-

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**

Karen R. King *(pro hac vice* forthcoming*)*
Peter Menz *(pro hac vice* forthcoming*)*
565 Fifth Avenue
New York, New York 10017
(212) 856-9600 (telephone)
(212) 856-9494 (facsimile)
kking@maglaw.com
pmenz@maglaw.com

*Attorneys for Defendant Binance Capital Management Co. Ltd.*

5