# Exhibit 7



2
0
1
8

# Administered Arbitration Rules

**HKIAC** | Hong Kong International Arbitration Centre

# 2018 HKIAC ADMINISTERED ARBITRATION RULES

# HONG KONG INTERNATIONAL ARBITRATION CENTRE ADMINISTERED ARBITRATION RULES 2018

## Introduction

These Rules have been adopted by the Council of the Hong Kong International Arbitration Centre (HKIAC) for use by parties who seek the procedural flexibility and cost-effectiveness of an arbitration administered by HKIAC.

## Application

These Rules may be adopted in a written agreement at any time before or after a dispute has arisen, and may be adopted for use in both domestic and international arbitrations commenced under a contract or treaty. Provisions regarding the scope of application of these Rules are set out in Article 1.

## Effectiveness

These Rules have been adopted to take effect from 1 November 2018.

## Suggested Clauses

1. The following model clause may be adopted by the parties to a contract who wish to refer any future disputes to arbitration in accordance with these Rules:

   "Any dispute, controversy, difference or claim arising out of or relating to this contract, including the existence, validity, interpretation, performance, breach or termination thereof or any dispute regarding non-contractual obligations arising out of or relating to it shall be referred to and finally resolved by arbitration administered by the Hong Kong International Arbitration Centre (HKIAC) under the HKIAC Administered Arbitration Rules in force when the Notice of Arbitration is submitted.

   \* The law of this arbitration clause shall be ... *(Hong Kong law)*.

   The seat of arbitration shall be ... *(Hong Kong)*.

   \*\* The number of arbitrators shall be ... *(one or three)*. The arbitration proceedings shall be conducted in ... *(insert language)*. "

\* Optional. This provision should be included particularly where the law of the substantive contract and the law of the seat are different. The law of the arbitration clause potentially governs matters including the formation, existence, scope, validity, legality, interpretation, termination, effects and enforceability of the arbitration clause and identities of the parties to the arbitration clause. It does not replace the law governing the substantive contract.

\*\* Optional

2. Parties to an existing dispute in which neither an arbitration clause nor a previous agreement with respect to arbitration exists, who wish to refer such dispute to arbitration under the HKIAC Administered Arbitration Rules, may agree to do so in the following terms:

"We, the undersigned, agree to refer to arbitration administered by the Hong Kong International Arbitration Centre (HKIAC) under the HKIAC Administered Arbitration Rules any dispute, controversy, difference or claim (including any dispute regarding non-contractual obligations) arising out of or relating to:

(Brief description of contract under which disputes, controversies, differences or claims have arisen or may arise.)

The law of this arbitration agreement shall be … *(Hong Kong law)*.

The seat of arbitration shall be ... *(Hong Kong)*.

\*\* The number of arbitrators shall be ... *(one or three)*. The arbitration proceedings shall be conducted in ... *(insert language)*.

Signed: _____ (Claimant)

Signed: _____ (Respondent)

Date: _____ "

\* Optional. This provision should be included particularly where the law of the substantive contract and the law of the seat are different. The law of the arbitration agreement potentially governs matters including the formation, existence, scope, validity, legality, interpretation, termination, effects and enforceability of the arbitration agreement and identities of the parties to the arbitration agreement. It does not replace the law governing the substantive contract.

\*\* Optional

3

**TABLE OF CONTENTS**

**SECTION I.    GENERAL RULES**

Article 1   • Scope of Application.......................................7

Article 2   • Interpretation of Rules...................................7

Article 3   • Written Communications and
              Calculation of Time Limits.............................9

**SECTION II.   COMMENCEMENT OF THE
               ARBITRATION**

Article 4   • Notice of Arbitration....................................11

Article 5   • Answer to the Notice of Arbitration.............12

**SECTION III. THE ARBITRAL TRIBUNAL**

Article 6   • Number of Arbitrators ..................................15

Article 7   • Appointment of a Sole Arbitrator................15

Article 8   • Appointment of Three Arbitrators................16

Article 9   • Confirmation of the Arbitral Tribunal..........17

Article 10  • Fees and Expenses of the Arbitral Tribunal..18

Article 11  • Qualifications and Challenge of
              the Arbitral Tribunal.....................................19

Article 12  • Replacement of an Arbitrator ......................21

**SECTION IV.  CONDUCT OF ARBITRATION**

Article 13  • General Provisions .........................................22

Article 14  • Seat and Venue of the Arbitration ...............23

Article 15  • Language.........................................................23

Article 16  • Statement of Claim........................................24

Article 17  • Statement of Defence....................................24

Article 18  • Amendments to the Claim or Defence.........25

Article 19  • Jurisdiction of the Arbitral Tribunal............25

Article 20  • Further Written Statements...........................27

Article 21  • Time Limits.....................................................27

Article 22  • Evidence and Hearings ..................................27

| Article 23 | • Interim Measures of Protection and Emergency Relief | 28 |
| Article 24 | • Security for Costs | 30 |
| Article 25 | • Tribunal-Appointed Experts | 30 |
| Article 26 | • Default | 31 |
| Article 27 | • Joinder of Additional Parties | 31 |
| Article 28 | • Consolidation of Arbitrations | 35 |
| Article 29 | • Single Arbitration under Multiple Contracts | 38 |
| Article 30 | • Concurrent Proceedings | 38 |
| Article 31 | • Closure of Proceedings | 38 |
| Article 32 | • Waiver | 39 |

**SECTION V.   AWARDS, DECISIONS AND ORDERS OF THE ARBITRAL TRIBUNAL**

| Article 33 | • Decisions | 40 |
| Article 34 | • Costs of the Arbitration | 40 |
| Article 35 | • Form and Effect of the Award | 41 |
| Article 36 | • Applicable Law, Amiable Compositeur | 42 |
| Article 37 | • Settlement or Other Grounds for Termination | 43 |
| Article 38 | • Correction of the Award | 44 |
| Article 39 | • Interpretation of the Award | 44 |
| Article 40 | • Additional Award | 45 |
| Article 41 | • Deposits for Costs | 45 |

**SECTION VI. OTHER PROVISIONS**

| Article 42 | • Expedited Procedure | 47 |
| Article 43 | • Early Determination Procedure | 48 |
| Article 44 | • Disclosure of Third Party Funding of Arbitration | 50 |
| Article 45 | • Confidentiality | 50 |
| Article 46 | • Exclusion of Liability | 51 |

**SCHEDULE 1**
**REGISTRATION AND ADMINISTRATIVE FEES**...........53

**SCHEDULE 2**
**ARBITRAL TRIBUNAL'S FEES, EXPENSES, TERMS
AND CONDITIONS – Based on Hourly Rates**...................55

**SCHEDULE 3**
**ARBITRAL TRIBUNAL'S FEES, EXPENSES, TERMS
AND CONDITIONS – Based on Sum in Dispute**.............59

**SCHEDULE 4**
**EMERGENCY ARBITRATOR PROCEDURES**.................63

**Members of HKIAC Rules Revision Committee**.............68

**Acknowledgements**.................................................................68

**SECTION I. GENERAL RULES**

### Article 1 – Scope of Application

1.1    These Rules shall govern arbitrations where an arbitration agreement (whether entered into before or after a dispute has arisen) either: (a) provides for these Rules to apply; or (b) subject to Articles 1.3 and 1.4 below, provides for arbitration "administered by HKIAC" or words to similar effect.

1.2    By agreeing to arbitration in accordance with Article 1.1, the parties accept that the arbitration shall be administered by HKIAC.

1.3    Nothing in these Rules shall prevent parties to a dispute or arbitration agreement from naming HKIAC as appointing authority, or from requesting certain administrative services from HKIAC, without subjecting the arbitration to the provisions contained in these Rules. For the avoidance of doubt, these Rules shall not govern arbitrations where an arbitration agreement provides for arbitration under other rules, including other rules adopted by HKIAC from time to time.

1.4    Subject to Article 1.5, these Rules shall come into force on 1 November 2018 and, unless the parties have agreed otherwise, shall apply to all arbitrations falling within Article 1.1 in which the Notice of Arbitration is submitted on or after that date.

1.5    Unless otherwise agreed by the parties: (a) Article 43 and paragraphs 1(a) and 21 of Schedule 4 shall not apply if the arbitration agreement was concluded before the date on which these Rules came into force; and (b) Articles 23.1, 28, 29 and Schedule 4 shall not apply if the arbitration agreement was concluded before 1 November 2013.

### Article 2 – Interpretation of Rules

2.1    HKIAC shall have the power to interpret all provisions of these Rules. The arbitral tribunal shall interpret the Rules insofar as they relate to its powers and duties hereunder. In the event of any inconsistency between such interpretation and any interpretation by HKIAC, the arbitral tribunal's interpretation shall prevail.

7

2.2 HKIAC has no obligation to give reasons for any decision it makes in respect of any arbitration commenced under these Rules. Unless otherwise determined by HKIAC, all decisions made by HKIAC under these Rules are final and, to the extent permitted by any applicable law, not subject to appeal.

2.3 Where the parties have designated an HKIAC body or person to perform a function that is delegated to HKIAC under the Rules, that function shall be performed by HKIAC.

2.4 References to "HKIAC" are to the Council of HKIAC or any other body or person designated by it to perform the functions referred to herein, or, where applicable, to the Secretary-General of HKIAC and other staff members of the Secretariat of HKIAC.

2.5 References to "Claimant" include one or more claimants.

2.6 References to "Respondent" include one or more respondents.

2.7 References to "additional party" include one or more additional parties and references to "party" or "parties" include Claimant, Respondent and/or an additional party.

2.8 References to the "arbitral tribunal" include one or more arbitrators. Except in Schedule 2, such references do not include an emergency arbitrator.

2.9 References to "witness" include one or more witnesses and references to "expert" include one or more experts.

2.10 References to "claim" or "counterclaim" include any claim or claims by any party against any other party. References to "defence" include any defence or defences by any party to any claim or counterclaim submitted by any other party, including any defence for the purpose of a set-off or cross-claim.

2.11 References to "arbitration agreement" include one or more arbitration agreements.

2.12 References to "language" include one or more languages.

2.13 References to "award" include, inter alia, an interim, interlocutory, partial or final award, save for any award made by an emergency arbitrator.

8

2.14 References to the "seat" of arbitration mean the place of arbitration as defined in Article 20.1 of the UNCITRAL Model Law on International Commercial Arbitration.

2.15 References to "written communications" include all notifications, proposals, pleadings, statements, documents, orders and awards that are produced, submitted or exchanged in the arbitration.

2.16 References to "communication" mean delivery, transmission or notification of a written communication by hand, registered post, courier service, facsimile, email or other means of telecommunication that provides a record of transmission.

2.17 These Rules include all Schedules attached thereto, as amended from time to time by HKIAC, in force on the date the Notice of Arbitration is submitted.

2.18 HKIAC may from time to time issue practice notes and guidelines to supplement, regulate and implement these Rules for the purpose of facilitating the administration of arbitrations governed by these Rules.

2.19 English is the original language of these Rules. In the event of any discrepancy or inconsistency between the English version and the version in any other language, the English version shall prevail.

## Article 3 –  Written Communications and Calculation of Time Limits

3.1 Any written communication pursuant to these Rules shall be deemed to be received by a party, arbitrator, emergency arbitrator or HKIAC if:

   (a) communicated to the address, facsimile number and/or email address communicated by the addressee or its representative in the arbitration; or

   (b) in the absence of (a), communicated to the address, facsimile number and/or email address specified in any applicable agreement between the parties; or

   (c) in the absence of (a) and (b), communicated to any address, facsimile number and/or email address which the addressee holds out to the world at the time of such communication; or

9

(d)   in the absence of (a), (b) and (c), communicated to any last known address, facsimile number and/or email address of the addressee; or

(e)   uploaded to any secured online repository that the parties have agreed to use.

3.2   If, after reasonable efforts, communication cannot be effected in accordance with Article 3.1, a written communication is deemed to have been received if it is sent to the addressee's last-known address, facsimile number and/or email address by means that provides a record of attempted communication.

3.3   Any written communication shall be deemed received on the earliest day when it is communicated pursuant to paragraph 3.1(a) to (d), uploaded pursuant to paragraph 3.1(e), or attempted to be communicated pursuant to Article 3.2. For this purpose, the date shall be determined according to the local time at the place of receiving such written communication or a notice of the upload pursuant to paragraph 3.1(e).

3.4   Where a written communication is being communicated to more than one party, or more than one arbitrator, such written communication shall be deemed received when it is communicated pursuant to Article 3.1(a) to (d), or attempted to be communicated pursuant to Article 3.2, to the last intended recipient, or when a notice that such written communication has been uploaded pursuant to Article 3.1(e) is communicated to the last intended recipient.

3.5   Time limits under these Rules shall begin to run on the day following the day when any written communication is received or deemed received. If the last day of the time limit is an official holiday or a non-business day at the place of receipt, the time limit shall be extended until the first business day which follows. Official holidays or non-business days occurring during the running of the time limit shall be included in calculating the time limit.

3.6   If the circumstances of the case so justify, HKIAC may amend the time limits provided for in these Rules, as well as any time limits that it has set, whether any such time limits have expired. HKIAC shall not amend any time limits agreed by the parties or set by the arbitral tribunal or emergency arbitrator unless the parties agree or the arbitral tribunal or emergency arbitrator directs otherwise.

**10**

## SECTION II. COMMENCEMENT OF
## THE ARBITRATION

### Article 4 – Notice of Arbitration

4.1    The party initiating arbitration (the "Claimant") shall communicate a Notice of Arbitration to HKIAC and the other party (the "Respondent").

4.2    An arbitration shall be deemed to commence on the date on which a copy of the Notice of Arbitration is received by HKIAC. For the avoidance of doubt, this date shall be determined in accordance with the provisions of Articles 3.1 to 3.5.

4.3    The Notice of Arbitration shall include the following:

   (a)    a request that the dispute be referred to arbitration;

   (b)    the names and (in so far as known) the addresses, facsimile numbers and/or email addresses of the parties and of their representatives;

   (c)    a copy of the arbitration agreement invoked;

   (d)    a copy of the contract(s) or other legal instrument(s) out of or in relation to which the dispute arises, or reference thereto;

   (e)    a description of the general nature of the claim and an indication of the amount involved, if any;

   (f)    the relief or remedy sought;

   (g)    a proposal as to the number of arbitrators (i.e. one or three), if the parties have not previously agreed thereon;

   (h)    the Claimant's proposal and any comments regarding the designation of a sole arbitrator under Article 7, or the Claimant's designation of an arbitrator under Article 8;

   (i)    the existence of any funding agreement and the identity of any third party funder pursuant to Article 44; and

11

(j)    confirmation that copies of the Notice of Arbitration and any supporting materials included with it have been or are being communicated simultaneously to the Respondent by one or more means of service to be identified in such confirmation.

4.4    The Notice of Arbitration shall be accompanied by payment to HKIAC of the Registration Fee as required by Schedule 1.

4.5    The Notice of Arbitration may include the Statement of Claim.

4.6    If the Notice of Arbitration does not comply with these Rules or if the Registration Fee is not paid, HKIAC may request the Claimant to remedy the defect within an appropriate time limit. If the Claimant complies with such directions within the applicable time limit, the arbitration shall be deemed to have commenced under Article 4.2 on the date the initial version was received by HKIAC. If the Claimant fails to comply, the arbitration shall be deemed not to have commenced under Article 4.2 without prejudice to the Claimant's right to submit the same claim at a later date in a subsequent Notice of Arbitration.

4.7    Where an amendment is made to the Notice of Arbitration prior to the constitution of the arbitral tribunal, HKIAC has discretion to determine whether and to what extent such amendment affects other time limits under the Rules.

4.8    The Claimant shall notify, and lodge documentary verification with, HKIAC of the date the Respondent receives the Notice of Arbitration and any supporting materials included with it.

## Article 5 – Answer to the Notice of Arbitration

5.1    Within 30 days from receipt of the Notice of Arbitration, the Respondent shall communicate an Answer to the Notice of Arbitration to HKIAC and the Claimant. The Answer to the Notice of Arbitration shall include the following:

(a)    the name, address, facsimile number, and/or email address of the Respondent and of its representatives (if different from the description contained in the Notice of Arbitration);

(b)    any plea that an arbitral tribunal constituted under these Rules lacks jurisdiction;

(c)    the Respondent's comments on the particulars set forth in the Notice of Arbitration, pursuant to Article 4.3(e);

(d)    the Respondent's answer to the relief or remedy sought in the Notice of Arbitration, pursuant to Article 4.3(f);

(e)    the Respondent's proposal as to the number of arbitrators (i.e. one or three), if the parties have not previously agreed thereon;

(f)    the Respondent's proposal and any comments regarding the designation of a sole arbitrator under Article 7 or the Respondent's designation of an arbitrator under Article 8;

(g)    the existence of any funding agreement and the identity of any third party funder pursuant to Article 44; and

(h)    confirmation that copies of the Answer to the Notice of Arbitration and any supporting materials included with it have been or are being communicated simultaneously to all other parties to the arbitration by one or more means of service to be identified in such confirmation.

5.2    The Answer to the Notice of Arbitration may also include the Statement of Defence, if the Notice of Arbitration contained the Statement of Claim.

5.3    Any counterclaim, set-off defence or cross-claim shall, to the extent possible, be raised with the Respondent's Answer to the Notice of Arbitration, which should include in relation to any such counterclaim, set-off defence or cross-claim:

(a)    a copy of the contract(s) or other legal instrument(s) out of or in relation to which it arises, or reference thereto;

**13**

      (b)    a description of the general nature of the counterclaim, set-off defence and/or cross-claim, and an indication of the amount involved, if any; and

      (c)    the relief or remedy sought.

5.4    HKIAC shall transmit the case file to the arbitral tribunal as soon as it has been constituted, provided that any deposit requested by HKIAC has been paid, unless HKIAC determines otherwise.

14

# SECTION III. THE ARBITRAL TRIBUNAL

## Article 6 – Number of Arbitrators

6.1   If the parties have not agreed upon the number of arbitrators before the arbitration commences or within 30 days from the date the Notice of Arbitration is received by the Respondent, HKIAC shall decide whether the case shall be referred to a sole arbitrator or to three arbitrators, taking into account the circumstances of the case.

6.2   Where a case is conducted under an Expedited Procedure in accordance with Article 42, the provisions of Article 42.2(a) and (b) shall apply.

## Article 7 – Appointment of a Sole Arbitrator

7.1   Unless the parties have agreed otherwise:

(a)   where the parties have agreed before the arbitration commences that the dispute shall be referred to a sole arbitrator, they shall jointly designate the sole arbitrator within 30 days from the date the Notice of Arbitration was received by the Respondent.

(b)   where the parties have agreed after the arbitration commences to refer the dispute to a sole arbitrator, they shall jointly designate the sole arbitrator within 15 days from the date of that agreement.

(c)   where the parties have not agreed upon the number of arbitrators and HKIAC has decided that the dispute shall be referred to a sole arbitrator, the parties shall jointly designate the sole arbitrator within 15 days from the date HKIAC's decision was received by the last of them.

7.2   If the parties fail to designate the sole arbitrator within the applicable time limit, HKIAC shall appoint the sole arbitrator.

15

7.3 Where the parties have agreed on a different procedure for designating the sole arbitrator and such procedure does not result in a designation within a time limit agreed by the parties or set by HKIAC, HKIAC shall appoint the sole arbitrator.

## Article 8 – Appointment of Three Arbitrators

8.1 Where a dispute between two parties is referred to three arbitrators, the arbitral tribunal shall be constituted as follows, unless the parties have agreed otherwise:

(a) where the parties have agreed before the arbitration commences that the dispute shall be referred to three arbitrators, each party shall designate in the Notice of Arbitration and the Answer to the Notice of Arbitration, respectively, one arbitrator. If either party fails to designate an arbitrator, HKIAC shall appoint the arbitrator.

(b) where the parties have agreed after the arbitration commences to refer the dispute to three arbitrators, the Claimant shall designate an arbitrator within 15 days from the date of that agreement, and the Respondent shall designate an arbitrator within 15 days from receiving notice of the Claimant's designation. If a party fails to designate an arbitrator, HKIAC shall appoint the arbitrator.

(c) where the parties have not agreed upon the number of arbitrators and HKIAC has decided that the dispute shall be referred to three arbitrators, the Claimant shall designate an arbitrator within 15 days from receipt of HKIAC's decision, and the Respondent shall designate an arbitrator within 15 days from receiving notice of the Claimant's designation. If a party fails to designate an arbitrator, HKIAC shall appoint the arbitrator.

(d) the two arbitrators so appointed shall designate a third arbitrator, who shall act as the presiding arbitrator. Failing such designation within 30 days from the confirmation or appointment of the second arbitrator, HKIAC shall appoint the presiding arbitrator.

8.2   Where there are more than two parties to the arbitration and the dispute is to be referred to three arbitrators, the arbitral tribunal shall be constituted as follows, unless the parties have agreed otherwise:

    (a)   the Claimant or group of Claimants shall designate an arbitrator and the Respondent or group of Respondents shall designate an arbitrator in accordance with the procedure in Article 8.1(a), (b) or (c), as applicable;

    (b)   if the parties have designated arbitrators in accordance with Article 8.2(a), the procedure in Article 8.1(d) shall apply to the designation of the presiding arbitrator;

    (c)   in the event of any failure to designate arbitrators under Article 8.2(a) or if the parties do not all agree that they represent two separate sides (as Claimant and Respondent respectively) for the purposes of designating arbitrators, HKIAC may appoint all members of the arbitral tribunal with or without regard to any party's designation.

8.3   Where the parties have agreed on a different procedure for designating three arbitrators and such procedure does not result in the designation of an arbitrator within a time limit agreed by the parties or set by HKIAC, HKIAC shall appoint the arbitrator.

## Article 9 –   Confirmation of the Arbitral Tribunal

9.1   All designations of any arbitrator, whether made by the parties or the arbitrators, are subject to confirmation by HKIAC, upon which the appointments shall become effective.

9.2   Where the parties have agreed that an arbitrator is to be appointed by one or more of the parties or by the arbitrators already confirmed or appointed, that agreement shall be deemed an agreement to designate an arbitrator under the Rules.

9.3   The designation of an arbitrator shall be confirmed taking into account any agreement by the parties as to an arbitrator's qualifications, any information provided under Article 11.4, and in accordance with Article 10.

**17**

## Article 10 – Fees and Expenses of the Arbitral Tribunal

10.1   The fees and expenses of the arbitral tribunal shall be determined according to either:

   (a)   an hourly rate in accordance with Schedule 2; or

   (b)   the schedule of fees based on the sum in dispute in accordance with Schedule 3.

   The parties shall agree the method for determining the fees and expenses of the arbitral tribunal, and shall inform HKIAC of the applicable method within 30 days of the date on which the Respondent receives the Notice of Arbitration. If the parties fail to agree on the applicable method, the arbitral tribunal's fees and expenses shall be determined in accordance with Schedule 2.

10.2   Where the fees of the arbitral tribunal are to be determined in accordance with Schedule 2,

   (a)   the applicable rate for each co-arbitrator shall be the rate agreed between that co-arbitrator and the designating party;

   (b)   the applicable rate for a sole or presiding arbitrator designated by the parties or the co-arbitrators, as applicable, shall be the rate agreed between that arbitrator and the parties,

   subject to paragraphs 9.3 to 9.5 of Schedule 2. Where the rate of an arbitrator is not agreed in accordance with Article 10.2(a) or (b), or where HKIAC appoints an arbitrator, HKIAC shall determine the rate of that arbitrator.

10.3   Where the fees of the arbitral tribunal are determined in accordance with Schedule 3, HKIAC shall fix the fees in accordance with that Schedule and the following rules:

   (a)   the fees of the arbitral tribunal shall be reasonable in amount, taking into account the amount in dispute, the complexity of the subject-matter, the time spent by the arbitral tribunal and any secretary appointed under Article 13.4, and any other circumstances of the case, including, but not limited to, the discontinuation of the arbitration in case of settlement or for any other reason;

18

(b)  where a case is referred to three arbitrators, HKIAC, at its discretion, shall have the right to increase the total fees up to a maximum which shall normally not exceed three times the fees of a sole arbitrator;

(c)  the arbitral tribunal's fees may exceed the amounts calculated in accordance with Schedule 3 where, in the opinion of HKIAC, there are exceptional circumstances, which include, but are not limited to, the parties conducting the arbitration in a manner not reasonably contemplated at the time when the arbitral tribunal was constituted.

## Article 11 – Qualifications and Challenge of the Arbitral Tribunal

11.1  An arbitral tribunal confirmed under these Rules shall be and remain at all times impartial and independent of the parties.

11.2  Subject to Article 11.3, as a general rule, where the parties to an arbitration under these Rules are of different nationalities, a sole or presiding arbitrator shall not have the same nationality as any party unless specifically agreed otherwise by all parties.

11.3  Notwithstanding the general rule in Article 11.2, in appropriate circumstances and provided that none of the parties objects within a time limit set by HKIAC, a sole or presiding arbitrator may be of the same nationality as any of the parties.

11.4  Before confirmation or appointment, a prospective arbitrator shall (a) sign a statement confirming his or her availability to decide the dispute and his or her impartiality and independence; and (b) disclose any circumstances likely to give rise to justifiable doubts as to his or her impartiality or independence. An arbitrator, once confirmed or appointed and throughout the arbitration, shall disclose without delay any such circumstances to the parties unless they have already been informed by him or her of these circumstances.

**19**

11.5   No party or its representatives shall have any ex parte communication relating to the arbitration with any arbitrator, or with any candidate to be designated as arbitrator by a party, except to advise the candidate of the general nature of the dispute, to discuss the candidate's qualifications, availability, impartiality or independence, or to discuss the suitability of candidates for the designation of a third arbitrator where the parties or party-designated arbitrators are to designate that arbitrator. No party or its representatives shall have any ex parte communication relating to the arbitration with any candidate for the presiding arbitrator.

11.6   Any arbitrator may be challenged if circumstances exist that give rise to justifiable doubts as to the arbitrator's impartiality or independence, or if the arbitrator does not possess qualifications agreed by the parties, or if the arbitrator becomes de jure or de facto unable to perform his or her functions or for other reasons fails to act without undue delay. A party may challenge the arbitrator designated by it or in whose appointment it has participated only for reasons of which it becomes aware after the designation has been made.

11.7   A party that intends to challenge an arbitrator shall send notice of its challenge within 15 days after the confirmation or appointment of that arbitrator has been communicated to the challenging party or within 15 days after that party became aware of the circumstances mentioned in Article 11.6.

11.8   The notice of challenge shall be communicated to HKIAC, all other parties, the challenged arbitrator and any other members of the arbitral tribunal. The notice of challenge shall state the reasons for the challenge.

11.9   Unless the arbitrator being challenged resigns or the non-challenging party agrees to the challenge within 15 days from receiving the notice of challenge, HKIAC shall decide on the challenge. Pending the determination of the challenge, the arbitral tribunal (including the challenged arbitrator) may continue the arbitration.

11.10   If an arbitrator resigns or a party agrees to a challenge under Article 11.9, no acceptance of the validity of any ground referred to in Article 11.6 shall be implied.

20

### Article 12 – Replacement of an Arbitrator

12.1    Subject to Articles 12.2, 27.13 and 28.8, where an arbitrator dies, has been successfully challenged, has been otherwise removed or has resigned, a substitute arbitrator shall be appointed pursuant to the rules that were applicable to the appointment of the arbitrator being replaced. These rules shall apply even if, during the process of appointing the arbitrator being replaced, a party had failed to exercise its right to designate or to participate in the appointment.

12.2    If, at the request of a party, HKIAC determines that, in view of the exceptional circumstances of the case, it would be justified for a party to be deprived of its right to designate a substitute arbitrator, HKIAC may, after giving an opportunity to the parties and the remaining arbitrators to express their views:

   (a)    appoint the substitute arbitrator; or

   (b)    authorise the other arbitrators to proceed with the arbitration and make any decision or award.

12.3    If an arbitrator is replaced, the arbitration shall resume at the stage where the arbitrator was replaced or ceased to perform his or her functions, unless the arbitral tribunal decides otherwise.

# SECTION IV. CONDUCT OF ARBITRATION

## Article 13 – General Provisions

13.1    Subject to these Rules, the arbitral tribunal shall adopt suitable procedures for the conduct of the arbitration in order to avoid unnecessary delay or expense, having regard to the complexity of the issues, the amount in dispute and the effective use of technology, and provided that such procedures ensure equal treatment of the parties and afford the parties a reasonable opportunity to present their case.

13.2    At an early stage of the arbitration and in consultation with the parties, the arbitral tribunal shall prepare a provisional timetable for the arbitration, which shall be provided to the parties and HKIAC.

13.3    Subject to Article 11.5, all written communications between any party and the arbitral tribunal shall be communicated to all other parties and HKIAC.

13.4    The arbitral tribunal may, after consulting with the parties, appoint a secretary. The secretary shall remain at all times impartial and independent of the parties and shall disclose any circumstances likely to give rise to justifiable doubts as to his or her impartiality or independence prior to his or her appointment. A secretary, once appointed and throughout the arbitration, shall disclose without delay any such circumstances to the parties unless they have already been informed by him or her of these circumstances.

13.5    The arbitral tribunal and the parties shall do everything necessary to ensure the fair and efficient conduct of the arbitration.

13.6    The parties may be represented by persons of their choice, subject to Article 13.5. The names, addresses, facsimile numbers and/or email addresses of party representatives shall be communicated to all other parties, HKIAC, any emergency arbitrator, and the arbitral tribunal once constituted. The arbitral tribunal, emergency arbitrator or HKIAC may require proof of authority of any party representatives.

13.7 After the arbitral tribunal is constituted, any change or addition by a party to its legal representatives shall be communicated promptly to all other parties, the arbitral tribunal and HKIAC.

13.8 Where the parties agree to pursue other means of settling their dispute after the arbitration commences, HKIAC, the arbitral tribunal or emergency arbitrator may, at the request of any party, suspend the arbitration or Emergency Arbitrator Procedure, as applicable, on such terms as it considers appropriate. The arbitration or Emergency Arbitrator Procedure shall resume at the request of any party to HKIAC, the arbitral tribunal or emergency arbitrator.

13.9 In all matters not expressly provided for in these Rules, HKIAC, the arbitral tribunal, emergency arbitrator and the parties shall act in the spirit of these Rules.

13.10 The arbitral tribunal or emergency arbitrator shall make every reasonable effort to ensure that an award is valid.

## Article 14 – Seat and Venue of the Arbitration

14.1 The parties may agree on the seat of arbitration. Where there is no agreement as to the seat, the seat of arbitration shall be Hong Kong, unless the arbitral tribunal determines, having regard to the circumstances of the case, that another seat is more appropriate.

14.2 Unless the parties have agreed otherwise, the arbitral tribunal may meet at any location outside of the seat of arbitration which it considers appropriate for consultation among its members, hearing witnesses, experts or the parties, or the inspection of goods, other property or documents. The arbitration shall nonetheless be treated for all purposes as an arbitration conducted at the seat.

## Article 15 – Language

15.1 The arbitration shall be conducted in the language of the arbitration. Where the parties have not previously agreed on such language, any party shall communicate in English or Chinese prior to any determination by the arbitral tribunal under Article 15.2.

15.2    Subject to agreement by the parties, the arbitral tribunal shall, promptly after its constitution, determine the language of the arbitration. This determination shall apply to all written communications and the language to be used in any hearing.

15.3    The arbitral tribunal may order that any supporting materials submitted in their original language shall be accompanied by a translation, in whole or in part, into the language of the arbitration as agreed by the parties or determined by the arbitral tribunal.

## Article 16 – Statement of Claim

16.1    Unless the Statement of Claim was contained in the Notice of Arbitration (or the Claimant elects to treat the Notice of Arbitration as the Statement of Claim), the Claimant shall communicate its Statement of Claim to all other parties and to the arbitral tribunal within a time limit to be determined by the arbitral tribunal.

16.2    The Statement of Claim shall include the following particulars:

    (a)    a statement of the facts supporting the claim;

    (b)    the points at issue;

    (c)    the legal arguments supporting the claim; and

    (d)    the relief or remedy sought.

16.3    The Claimant shall annex to its Statement of Claim all supporting materials on which it relies.

16.4    The arbitral tribunal may vary any of the requirements in Article 16 as it deems appropriate.

## Article 17 – Statement of Defence

17.1    Unless the Statement of Defence was contained in the Answer to the Notice of Arbitration (or the Respondent elects to treat the Answer to the Notice of Arbitration as the Statement of Defence), the Respondent shall communicate its Statement of Defence to all other parties and to the arbitral tribunal within a time limit to be determined by the arbitral tribunal.

17.2   The Statement of Defence shall reply to the particulars of the Statement of Claim (set out in Article 16.2(a) to (c)). If the Respondent has raised an objection to the jurisdiction or to the proper constitution of the arbitral tribunal, the Statement of Defence shall contain the factual and legal basis of such objection.

17.3   Where there is a counterclaim, set-off defence or cross-claim, the Statement of Defence shall also include the following particulars:

   (a)   a statement of the facts supporting the counterclaim, set-off defence or cross-claim;

   (b)   the points at issue;

   (c)   the legal arguments supporting the counterclaim, set-off defence or cross-claim; and

   (d)   the relief or remedy sought.

17.4   The Respondent shall annex to its Statement of Defence all supporting materials on which it relies.

17.5   The arbitral tribunal may vary any of the requirements in Article 17 as it deems appropriate.

## Article 18 –   Amendments to the Claim or Defence

18.1   During the course of the arbitration, a party may amend or supplement its claim or defence, unless the arbitral tribunal considers it inappropriate to allow such amendment having regard to the circumstances of the case. However, a claim or defence may not be amended in such a manner that the amended claim or defence falls outside the jurisdiction of the arbitral tribunal.

18.2   HKIAC may adjust its Administrative Fees and the arbitral tribunal's fees (where appropriate) if a party amends its claim or defence.

## Article 19 –   Jurisdiction of the Arbitral Tribunal

19.1   The arbitral tribunal may rule on its own jurisdiction under these Rules, including any objections with respect to the existence, validity or scope of the arbitration agreement.

**25**

19.2  The arbitral tribunal shall have the power to determine the existence or validity of any contract of which an arbitration agreement forms a part. For the purposes of Article 19, an arbitration agreement which forms part of a contract, and which provides for arbitration under these Rules, shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitral tribunal that the contract is null and void shall not necessarily entail the invalidity of the arbitration agreement.

19.3  A plea that the arbitral tribunal does not have jurisdiction shall be raised if possible in the Answer to the Notice of Arbitration, and shall be raised no later than in the Statement of Defence, or, with respect to a counterclaim, in the Defence to the Counterclaim. A party is not precluded from raising such a plea by the fact that it has designated or appointed, or participated in the designation or appointment of, an arbitrator. A plea that the arbitral tribunal is exceeding the scope of its authority shall be raised as soon as the matter alleged to be beyond the scope of its authority is raised during the arbitration. The arbitral tribunal may, in either case, admit a later plea if it considers the delay justified.

19.4  Subject to Article 19.5, if a question arises as to:

(a)  the existence, validity or scope of the arbitration agreement; or

(b)  whether all of the claims have been properly made in a single arbitration pursuant to Article 29; or

(c)  the competence of HKIAC to administer an arbitration;

before the constitution of the arbitral tribunal, the arbitration shall proceed and any such question shall be decided by the arbitral tribunal once constituted.

19.5  The arbitration shall proceed only if and to the extent that HKIAC is satisfied, prima facie, that an arbitration agreement under the Rules may exist or the arbitration has been properly commenced under Article 29. Any question as to the jurisdiction of the arbitral tribunal shall be decided by the arbitral tribunal once constituted, pursuant to Article 19.1.

19.6    HKIAC's decision pursuant to Article 19.5 is without prejudice to the admissibility or merits of any party's claim or defence.

## Article 20 – Further Written Statements

The arbitral tribunal shall decide which further written statements, if any, in addition to the Statement of Claim and the Statement of Defence, shall be required from the parties and shall set the time limits for communicating such statements.

## Article 21 – Time Limits

21.1    The time limits set by the arbitral tribunal for the communication of written statements should not exceed 45 days, unless the arbitral tribunal considers otherwise.

21.2    The arbitral tribunal may, even in circumstances where the relevant time limit has expired, extend time limits where it concludes that an extension is justified.

## Article 22 – Evidence and Hearings

22.1    Each party shall have the burden of proving the facts relied on to support its claim or defence.

22.2    The arbitral tribunal shall determine the admissibility, relevance, materiality and weight of the evidence, including whether to apply strict rules of evidence.

22.3    At any time during the arbitration, the arbitral tribunal may allow or require a party to produce documents, exhibits or other evidence that the arbitral tribunal determines to be relevant to the case and material to its outcome. The arbitral tribunal shall have the power to admit or exclude any documents, exhibits or other evidence.

22.4 The arbitral tribunal shall decide whether to hold hearings for presenting evidence or for oral arguments, or whether the arbitration shall be conducted solely on the basis of documents and other materials. The arbitral tribunal shall hold such hearings at an appropriate stage of the arbitration, if so requested by a party or if it considers fit. In the event of a hearing, the arbitral tribunal shall give the parties adequate advance notice of the relevant date, time and place.

22.5 The arbitral tribunal may determine the manner in which a witness or expert is examined.

22.6 The arbitral tribunal may make directions for the translation of oral statements made at a hearing and for a record of the hearing if it deems that either is necessary in the circumstances of the case.

22.7 Hearings shall be held in private unless the parties agree otherwise. The arbitral tribunal may require any witness or expert to leave the hearing room at any time during the hearing.

## Article 23 – Interim Measures of Protection and Emergency Relief

23.1 A party may apply for urgent interim or conservatory relief ("Emergency Relief") prior to the constitution of the arbitral tribunal pursuant to Schedule 4.

23.2 At the request of either party, the arbitral tribunal may order any interim measures it deems necessary or appropriate.

23.3 An interim measure, whether in the form of an order or award or in another form, is any temporary measure ordered by the arbitral tribunal at any time before it issues the award by which the dispute is finally decided, that a party, for example and without limitation:

(a) maintain or restore the status quo pending determination of the dispute; or

(b) take action that would prevent, or refrain from taking action that is likely to cause, current or imminent harm or prejudice to the arbitral process itself; or

28

(c) provide a means of preserving assets out of which a subsequent award may be satisfied; or

(d) preserve evidence that may be relevant and material to the resolution of the dispute.

23.4 When deciding a party's request for an interim measure under Article 23.2, the arbitral tribunal shall take into account the circumstances of the case. Relevant factors may include, but are not limited to:

(a) harm not adequately reparable by an award of damages is likely to result if the measure is not ordered, and such harm substantially outweighs the harm that is likely to result to the party against whom the measure is directed if the measure is granted; and

(b) there is a reasonable possibility that the requesting party will succeed on the merits of the claim. The determination on this possibility shall not affect the discretion of the arbitral tribunal in making any subsequent determination.

23.5 The arbitral tribunal may modify, suspend or terminate an interim measure it has granted, upon application of any party or, in exceptional circumstances and upon prior notice to the parties, on the arbitral tribunal's own initiative.

23.6 The arbitral tribunal may require the party requesting an interim measure to provide appropriate security in connection with the measure.

23.7 The arbitral tribunal may require any party promptly to disclose any material change in the circumstances on the basis of which an interim measure was requested or granted.

23.8 The party requesting an interim measure may be liable for any costs and damages caused by the measure to any party if the arbitral tribunal later determines that, in the circumstances then prevailing, the measure should not have been granted. The arbitral tribunal may award such costs and damages at any point during the arbitration.

23.9 A request for interim measures addressed by any party to a competent authority shall not be deemed incompatible with the arbitration agreement, or as a waiver thereof.

### Article 24 – Security for Costs

The arbitral tribunal may make an order requiring a party to provide security for the costs of the arbitration.

### Article 25 – Tribunal-Appointed Experts

25.1    To assist it in the assessment of evidence, the arbitral tribunal, after consulting with the parties, may appoint one or more experts. Such expert shall report to the arbitral tribunal, in writing, on specific issues to be determined by the arbitral tribunal. After consulting with the parties, the arbitral tribunal shall establish terms of reference for the expert, and shall communicate a copy of the expert's terms of reference to the parties and HKIAC.

25.2    The parties shall give the expert any relevant information or produce for his or her inspection any relevant documents or goods that he or she may require of them. Any dispute between a party and such expert as to the relevance of the required information or production shall be referred to the arbitral tribunal for decision.

25.3    Upon receipt of the expert's report, the arbitral tribunal shall send a copy of the report to the parties who shall be given the opportunity to express their opinions on the report. The parties shall be entitled to examine any document on which the expert has relied in his or her report.

25.4    At the request of either party, the expert, after delivering the report, shall attend a hearing at which the parties shall have the opportunity to be present and to examine the expert. At this hearing either party may present experts in order to testify on the points at issue. The provisions of Articles 22.2 to 22.7 shall be applicable to such proceedings.

25.5    The provisions of Article 11 shall apply by analogy to any expert appointed by the arbitral tribunal.

## Article 26 – Default

26.1    If, within the time limit set by the arbitral tribunal, the Claimant has failed to communicate its written statement without showing sufficient cause for such failure, the arbitral tribunal may terminate the arbitration unless another party has brought a claim and wishes the arbitration to continue, in which case the tribunal may proceed with the arbitration in respect of the other party's claim.

26.2    If, within the time limit set by the arbitral tribunal, the Respondent has failed to communicate its written statement without showing sufficient cause for such failure, the arbitral tribunal may proceed with the arbitration.

26.3    If one of the parties, duly notified under these Rules, fails to present its case in accordance with these Rules including as directed by the arbitral tribunal, without showing sufficient cause for such failure, the arbitral tribunal may proceed with the arbitration and make an award on the basis of the evidence before it.

## Article 27 – Joinder of Additional Parties

27.1    The arbitral tribunal or, where the arbitral tribunal is not yet constituted, HKIAC shall have the power to allow an additional party to be joined to the arbitration provided that:

(a)    prima facie, the additional party is bound by an arbitration agreement under these Rules giving rise to the arbitration, including any arbitration under Article 28 or 29; or

(b)    all parties, including the additional party, expressly agree.

27.2    Any decision pursuant to Article 27.1 is without prejudice to the arbitral tribunal's power to decide any question as to its jurisdiction arising from such decision.

27.3    Any Request for Joinder shall be raised no later than in the Statement of Defence, except in exceptional circumstances.

27.4   Before the arbitral tribunal is constituted, a party wishing to join an additional party to the arbitration shall communicate a Request for Joinder to HKIAC, all other parties and any confirmed or appointed arbitrators.

27.5   After the arbitral tribunal is constituted, a party wishing to join an additional party to the arbitration shall communicate a Request for Joinder to the arbitral tribunal, HKIAC and all other parties.

27.6   The Request for Joinder shall include the following:

(a)   the case reference of the existing arbitration;

(b)   the names and addresses, facsimile numbers and/or email addresses, if known, of each of the parties, including the additional party, their representatives and any arbitrators who have been confirmed or appointed in the arbitration;

(c)   a request that the additional party be joined to the arbitration;

(d)   a copy of the contract(s) or other legal instrument(s) out of or in relation to which the request arises, or reference thereto;

(e)   a statement of the facts supporting the request;

(f)   the points at issue;

(g)   the legal arguments supporting the request;

(h)   any relief or remedy sought;

(i)   the existence of any funding agreement and the identity of any third party funder pursuant to Article 44; and

(j)   confirmation that copies of the Request for Joinder and any supporting materials included with it have been or are being communicated simultaneously to all other parties and any confirmed or appointed arbitrators, by one or more means of service to be identified in such confirmation.

27.7   Within 15 days of receiving the Request for Joinder, the additional party shall communicate an Answer to the Request for Joinder to HKIAC, all other parties and any confirmed or appointed arbitrators. The Answer to the Request for Joinder shall include the following:

(a) the name, address, facsimile number and/or email address of the additional party and its representatives (if different from the description contained in the Request for Joinder);

(b) any plea that the arbitral tribunal has been improperly constituted and/or lacks jurisdiction over the additional party;

(c) the additional party's comments on the particulars set forth in the Request for Joinder pursuant to Article 27.6(a) to (g);

(d) the additional party's answer to any relief or remedy sought in the Request for Joinder, pursuant to Article 27.6(h);

(e) details of any claims by the additional party against any other party to the arbitration;

(f) the existence of any funding agreement entered into by the additional party and the identity of any third party funder pursuant to Article 44; and

(g) confirmation that copies of the Answer to the Request for Joinder and any supporting materials included with it have been or are being communicated simultaneously to all other parties and any confirmed or appointed arbitrators, by one or more means of service to be identified in such confirmation.

27.8 HKIAC or the arbitral tribunal may vary any of the requirements in Article 27.6 and 27.7 as it deems appropriate.

27.9 An additional party wishing to be joined to the arbitration shall communicate a Request for Joinder to HKIAC, all other parties and any confirmed or appointed arbitrators. The provisions of Article 27.6 shall apply to such Request for Joinder.

27.10 Within 15 days of receiving a Request for Joinder, the parties shall communicate their comments on the Request for Joinder to HKIAC, all other parties and any confirmed or appointed arbitrators. Such comments may include (without limitation):

(a) any plea that the arbitral tribunal lacks jurisdiction over the additional party;

33

    (b)    comments on the particulars set forth in the Request for Joinder, pursuant to Article 27.6(a) to (g);

    (c)    answer to any relief or remedy sought in the Request for Joinder pursuant to Article 27.6(h);

    (d)    details of any claims against the additional party; and

    (e)    confirmation that copies of the comments have been or are being communicated simultaneously to all other parties and any confirmed or appointed arbitrators, by one or more means of service to be identified in such confirmation.

27.11    Where an additional party is joined to the arbitration, the arbitration against that additional party shall be deemed to commence on the date on which HKIAC or the arbitral tribunal once constituted, received the Request for Joinder.

27.12    Where an additional party is joined to the arbitration, all parties to the arbitration shall be deemed to have waived their right to designate an arbitrator.

27.13    Where an additional party is joined to the arbitration before the arbitral tribunal is constituted, HKIAC may revoke any confirmation or appointment of an arbitrator, and shall appoint the arbitral tribunal with or without regard to any party's designation.

27.14    The revocation of the confirmation or appointment of an arbitrator pursuant to Article 27.13 is without prejudice to:

    (a)    the validity of any act done or order made by that arbitrator before his or her confirmation or appointment was revoked;

    (b)    his or her entitlement to be paid his or her fees and expenses subject to Schedule 2 or 3 as applicable; and

    (c)    the date when any claim or defence was raised for the purpose of applying any limitation bar or any similar rule or provision.

27.15    HKIAC may adjust its Administrative Fees and the arbitral tribunal's fees (where appropriate) after a Request for Joinder has been submitted.

34

### Article 28 – Consolidation of Arbitrations

28.1 HKIAC shall have the power, at the request of a party and after consulting with the parties and any confirmed or appointed arbitrators, to consolidate two or more arbitrations pending under these Rules where:

(a) the parties agree to consolidate; or

(b) all of the claims in the arbitrations are made under the same arbitration agreement; or

(c) the claims are made under more than one arbitration agreement, a common question of law or fact arises in all of the arbitrations, the rights to relief claimed are in respect of, or arise out of, the same transaction or a series of related transactions and the arbitration agreements are compatible.

28.2 Any party wishing to consolidate two or more arbitrations pursuant to Article 28.1 shall communicate a Request for Consolidation to HKIAC, all other parties and any confirmed or appointed arbitrators.

28.3 The Request for Consolidation shall include the following:

(a) the case references of the arbitrations pending under the Rules requested to be consolidated, where applicable;

(b) the names and addresses, facsimile numbers and/or email addresses of each of the parties to the arbitrations, their representatives and any arbitrators who have been confirmed or appointed in the arbitrations;

(c) a request that the arbitrations be consolidated;

(d) a copy of the arbitration agreement giving rise to the arbitrations;

(e) a copy of the contract(s) or other legal instrument(s) out of or in relation to which the Request for Consolidation arises, or reference thereto;

(f) a description of the general nature of the claim and an indication of the amount involved, if any, in each of the arbitrations;

35

(g) a statement of the facts supporting the Request for Consolidation, including, where applicable, evidence of all parties' written consent to consolidate the arbitrations;

(h) the points at issue;

(i) the legal arguments supporting the Request for Consolidation;

(j) details of any applicable mandatory provision affecting consolidation of arbitrations;

(k) comments on the constitution of the arbitral tribunal if the Request for Consolidation is granted, including whether to preserve the appointment of any arbitrators already designated or confirmed; and

(l) confirmation that copies of the Request for Consolidation and any supporting materials included with it have been or are being communicated simultaneously to all other relevant parties and any confirmed or appointed arbitrators, by one or more means of service to be identified in such confirmation.

28.4 HKIAC may vary any of the requirements in Article 28.3 as it deems appropriate.

28.5 Where the non-requesting parties or any confirmed or appointed arbitrators are requested to provide comments on the Request for Consolidation, such comments may include (without limitation) the following particulars:

(a) comments on the particulars set forth in the Request for Consolidation pursuant to Article 28.3(a) to (j);

(b) responses to the comments made in the Request for Consolidation pursuant to Article 28.3(k); and

(c) confirmation that copies of the comments have been or are being communicated simultaneously to all other relevant parties and any confirmed or appointed arbitrators, by one or more means of service to be identified in such confirmation.

36

28.6   Where HKIAC decides to consolidate two or more arbitrations, the arbitrations shall be consolidated into the arbitration that commenced first, unless all parties agree or HKIAC decides otherwise taking into account the circumstances of the case. HKIAC shall communicate such decision to all parties and to any confirmed or appointed arbitrators in all arbitrations.

28.7   The consolidation of two or more arbitrations is without prejudice to the validity of any act done or order made by a competent authority in support of the relevant arbitration before it was consolidated.

28.8   Where HKIAC decides to consolidate two or more arbitrations, the parties to all such arbitrations shall be deemed to have waived their right to designate an arbitrator, and HKIAC may revoke any confirmation or appointment of an arbitrator. HKIAC shall appoint the arbitral tribunal in respect of the consolidated proceedings with or without regard to any party's designation.

28.9   The revocation of the confirmation or appointment of an arbitrator pursuant to Article 28.8 is without prejudice to:

   (a)   the validity of any act done or order made by that arbitrator before his or her confirmation or appointment was revoked;

   (b)   his or her entitlement to be paid his or her fees and expenses subject to Schedule 2 or 3 as applicable; and

   (c)   the date when any claim or defence was raised for the purpose of applying any limitation bar or any similar rule or provision.

28.10  HKIAC may adjust its Administrative Fees and the arbitral tribunal's fees (where appropriate) after a Request for Consolidation has been submitted.

37

## Article 29 – Single Arbitration under Multiple Contracts

Claims arising out of or in connection with more than one contract may be made in a single arbitration, provided that:

- (a) a common question of law or fact arises under each arbitration agreement giving rise to the arbitration; and

- (b) the rights to relief claimed are in respect of, or arise out of, the same transaction or a series of related transactions; and

- (c) the arbitration agreements under which those claims are made are compatible.

## Article 30 – Concurrent Proceedings

30.1 The arbitral tribunal may, after consulting with the parties, conduct two or more arbitrations under the Rules at the same time, or one immediately after another, or suspend any of those arbitrations until after the determination of any other of them, where:

- (a) the same arbitral tribunal is constituted in each arbitration; and

- (b) a common question of law or fact arises in all the arbitrations.

30.2 HKIAC may adjust its Administrative Fees and the arbitral tribunal's fees (where appropriate) where the arbitrations are conducted pursuant to Article 30.1.

## Article 31 – Closure of Proceedings

31.1 When it is satisfied that the parties have had a reasonable opportunity to present their case, whether in relation to the entire proceedings or a discrete phase of the proceedings, the arbitral tribunal shall declare the proceedings or the relevant phase of the proceedings closed. Thereafter, no further submissions or arguments may be made, or evidence produced in respect of the entire proceedings or the discrete phase, as applicable, unless the arbitral tribunal reopens the proceedings or the relevant phase of the proceedings in accordance with Article 31.4.

31.2   Once the proceedings are declared closed, the arbitral tribunal shall inform HKIAC and the parties of the anticipated date by which an award will be communicated to the parties. The date of rendering the award shall be no later than three months from the date when the arbitral tribunal declares the entire proceedings or the relevant phase of the proceedings closed, as applicable. This time limit may be extended by agreement of the parties or, in appropriate circumstances, by HKIAC.

31.3   Article 31.2 shall not apply to any arbitration conducted pursuant to the Expedited Procedure under Article 42.

31.4   The arbitral tribunal may, if it considers it necessary, decide, on its own initiative or upon application of a party, to reopen the proceedings at any time before the award is made.

## Article 32 – Waiver

32.1   A party that knows, or ought reasonably to know, that any provision of, or requirement arising under, these Rules (including the arbitration agreement) has not been complied with and yet proceeds with the arbitration without promptly stating its objection to such non-compliance, shall be deemed to have waived its right to object.

32.2   The parties waive any objection, on the basis of the use of any procedure under Articles 27, 28, 29, 30 or 43 and any decision made in respect of such procedure, to the validity and/or enforcement of any award made by the arbitral tribunal in the arbitration(s), in so far as such waiver can validly be made.

# SECTION V. AWARDS, DECISIONS AND ORDERS OF THE ARBITRAL TRIBUNAL

## Article 33 – Decisions

33.1   When there is more than one arbitrator, any award or other decision of the arbitral tribunal shall be made by a majority of the arbitrators. If there is no majority, the award shall be made by the presiding arbitrator alone.

33.2   With the prior agreement of all members of the arbitral tribunal, the presiding arbitrator may make procedural rulings alone.

## Article 34 – Costs of the Arbitration

34.1   The arbitral tribunal shall determine the costs of the arbitration in one or more orders or awards. The term "costs of the arbitration" includes only:

(a)   the fees of the arbitral tribunal, as determined in accordance with Article 10;

(b)   the reasonable travel and other expenses incurred by the arbitral tribunal;

(c)   the reasonable costs of expert advice and of other assistance required by the arbitral tribunal, including fees and expenses of any tribunal secretary;

(d)   the reasonable costs for legal representation and other assistance, including fees and expenses of any witnesses and experts, if such costs were claimed during the arbitration; and

(e)   the Registration Fee and Administrative Fees payable to HKIAC in accordance with Schedule 1, and any expenses payable to HKIAC.

34.2   With respect to the costs of legal representation and other assistance referred to in Article 34.1(d), the arbitral tribunal, taking into account the circumstances of the case, may direct that the recoverable costs of the arbitration, or any part of the arbitration, shall be limited to a specified amount.

34.3 The arbitral tribunal may apportion all or part of the costs of the arbitration referred to in Article 34.1 between the parties if it determines that apportionment is reasonable, taking into account the circumstances of the case.

34.4 The arbitral tribunal may take into account any third party funding arrangement in determining all or part of the costs of the arbitration referred to in Article 34.1.

34.5 Where arbitrations are consolidated pursuant to Article 28, the arbitral tribunal in the consolidated arbitration shall determine the costs of the arbitration in accordance with Articles 34.2 to 34.4. Such costs include, but are not limited to, the fees of any arbitrator designated, confirmed or appointed and any other costs incurred in an arbitration that was subsequently consolidated into another arbitration.

34.6 When the arbitral tribunal issues an order for the termination of the arbitration or makes an award on agreed terms, it shall determine the costs of the arbitration referred to in Article 34.1 (to the extent not already determined) and may apportion all or part of such costs, in the text of that order or award.

## Article 35 – Form and Effect of the Award

35.1 The arbitral tribunal may make a single award or separate awards regarding different issues at different times and in respect of all parties involved in the arbitration in the form of interim, interlocutory, partial or final awards. If appropriate, the arbitral tribunal may also issue interim awards on costs and any awards pursuant to Article 41.5.

35.2 Awards shall be made in writing and shall be final and binding on the parties and any person claiming through or under any of the parties. The parties and any such person waive their rights to any form of recourse or defence in respect of the setting-aside, enforcement and execution of any award, in so far as such waiver can validly be made.

35.3 The parties undertake to comply without delay with any order or award made by the arbitral tribunal or any emergency arbitrator, including any order or award made in any proceedings under Articles 27, 28, 29, 30 or 43.

35.4 An award shall state the reasons upon which it is based unless the parties have agreed that no reasons are to be given.

35.5 An award shall be signed by the arbitral tribunal. It shall state the date on which it was made and the seat of arbitration as determined under Article 14 and shall be deemed to have been made at the seat of the arbitration. Where there are three arbitrators and any of them fails to sign, the award shall state the reason for the absence of the signature(s).

35.6 The arbitral tribunal shall communicate to HKIAC originals of the award signed by the arbitral tribunal. HKIAC shall affix its seal to the award and, subject to any lien, communicate it to the parties.

## Article 36 – Applicable Law, Amiable Compositeur

36.1 The arbitral tribunal shall decide the substance of the dispute in accordance with the rules of law agreed upon by the parties. Any designation of the law or legal system of a given jurisdiction shall be construed, unless otherwise expressed, as directly referring to the substantive law of that jurisdiction and not to its conflict of laws rules. Failing such designation by the parties, the arbitral tribunal shall apply the rules of law which it determines to be appropriate.

36.2 The arbitral tribunal shall decide as amiable compositeur or ex aequo et bono only if the parties have expressly agreed that the arbitral tribunal should do so.

36.3 In all cases, the arbitral tribunal shall decide the case in accordance with the terms of the relevant contract(s) and may take into account the usages of the trade applicable to the transaction(s).

## Article 37 – Settlement or Other Grounds for Termination

37.1   If, before the arbitral tribunal is constituted, a party wishes to terminate the arbitration, it shall communicate this to all other parties and HKIAC. HKIAC shall set a time limit for all other parties to indicate whether they agree to terminate the arbitration. If no other party objects within the time limit, HKIAC may terminate the arbitration. If any party objects to the termination of the arbitration, the arbitration shall proceed in accordance with the Rules.

37.2   If, after the arbitral tribunal is constituted and before the final award is made:

(a)   the parties settle the dispute, the arbitral tribunal shall either issue an order for the termination of the arbitration or, if requested by the parties and accepted by the arbitral tribunal, record the settlement in the form of an arbitral award on agreed terms. The arbitral tribunal is not obliged to give reasons for such an award.

(b)   continuing the arbitration becomes unnecessary or impossible for any reason not mentioned in Article 37.2(a), the arbitral tribunal shall issue an order for the termination of the arbitration. The arbitral tribunal shall issue such an order unless a party raises a justifiable objection, having been given a reasonable opportunity to comment upon the proposed course of action.

37.3   The arbitral tribunal shall communicate copies of the order to terminate the arbitration or of the arbitral award on agreed terms, signed by the arbitral tribunal, to HKIAC. Subject to any lien, HKIAC shall communicate the order for termination of the arbitration or the arbitral award on agreed terms to the parties. Where an arbitral award on agreed terms is made, the provisions of Articles 35.2, 35.3, 35.5 and 35.6 shall apply.

## Article 38 – Correction of the Award

38.1   Within 30 days after receipt of the award, either party, with notice to all other parties, may request the arbitral tribunal to correct in the award any errors in computation, any clerical or typographical errors, or any errors of similar nature. The arbitral tribunal may set a time limit, normally not exceeding 15 days, for all other parties to comment on such request.

38.2   The arbitral tribunal shall make any corrections it considers appropriate within 30 days after receipt of the request but may extend such time limit if necessary.

38.3   The arbitral tribunal may within 30 days after the date of the award make such corrections on its own initiative.

38.4   The arbitral tribunal has the power to make any further correction to the award which is necessitated by or consequential on (a) the interpretation of any point or part of the award under Article 39; or (b) the issue of any additional award under Article 40.

38.5   Such corrections shall be in writing, and the provisions of Articles 35.2 to 35.6 shall apply.

## Article 39 – Interpretation of the Award

39.1   Within 30 days after receipt of the award, either party, with notice to all other parties, may request that the arbitral tribunal give an interpretation of the award. The arbitral tribunal may set a time limit, normally not exceeding 15 days, for all other parties to comment on such request.

39.2   Any interpretation considered appropriate by the arbitral tribunal shall be given in writing within 30 days after receipt of the request but the arbitral tribunal may extend such time limit if necessary.

39.3   The arbitral tribunal has the power to give any further interpretation of the award which is necessitated by or consequential on (a) the correction of any error in the award under Article 38; or (b) the issue of any additional award under Article 40.

39.4   Any interpretation given under Article 39 shall form part of the award and the provisions of Articles 35.2 to 35.6 shall apply.

## Article 40 – Additional Award

40.1   Within 30 days after receipt of the award, either party, with notice to all other parties, may request the arbitral tribunal to make an additional award as to claims presented in the arbitration but omitted from the award. The arbitral tribunal may set a time limit, normally not exceeding 30 days, for all other parties to comment on such request.

40.2   If the arbitral tribunal considers the request for an additional award to be justified, it shall make the additional award within 60 days after receipt of the request but may extend such time limit if necessary.

40.3   The arbitral tribunal has the power to make an additional award which is necessitated by or consequential on (a) the correction of any error in the award under Article 38; or (b) the interpretation of any point or part of the award under Article 39.

40.4   When an additional award is made, the provisions of Articles 35.2 to 35.6 shall apply.

## Article 41 – Deposits for Costs

41.1   As soon as practicable after receipt of the Notice of Arbitration by the Respondent, HKIAC shall, in principle, request the Claimant and the Respondent each to deposit with HKIAC an equal amount as an advance for the costs referred to in Article 34.1(a), (b), (c) and (e). HKIAC shall provide a copy of such request to the arbitral tribunal.

41.2   Where the Respondent submits a counterclaim or cross-claim, or it otherwise appears appropriate in the circumstances, HKIAC may request separate deposits.

41.3   During the course of the arbitration, HKIAC may request the parties to make supplementary deposits with HKIAC. HKIAC shall provide a copy of such request to the arbitral tribunal.

41.4    If the required deposits are not paid in full to HKIAC within 30 days after receipt of the request, HKIAC shall so inform the parties in order that one or another of them may make the required payment. If such payment is not made, the arbitral tribunal may order the suspension or termination of the arbitration or continue with the arbitration on such basis and in respect of such claim or counterclaim as the arbitral tribunal considers fit.

41.5    If a party pays the required deposits on behalf of another party, the arbitral tribunal may, at the request of the paying party, make an award for reimbursement of the payment.

41.6    When releasing the final award, HKIAC shall render an account to the parties of the deposits received by HKIAC. Any unexpended balance shall be returned to the parties in the shares in which it was paid by the parties to HKIAC, or as otherwise instructed by the arbitral tribunal.

41.7    HKIAC shall place the deposits made by the parties in an account at a reputable licensed deposit-taking institution. In selecting the account, HKIAC shall have due regard to the possible need to make the deposited funds available immediately.

**SECTION VI. OTHER PROVISIONS**

## Article 42 – Expedited Procedure

42.1 Prior to the constitution of the arbitral tribunal, a party may apply to HKIAC for the arbitration to be conducted in accordance with Article 42.2 where:

    (a) the amount in dispute representing the aggregate of any claim and counterclaim (or any set-off defence or cross-claim) does not exceed the amount set by HKIAC, as stated on HKIAC's website on the date the Notice of Arbitration is submitted; or

    (b) the parties so agree; or

    (c) in cases of exceptional urgency.

42.2 When HKIAC, after considering the views of the parties, grants an application made pursuant to Article 42.1, the arbitral proceedings shall be conducted in accordance with an Expedited Procedure based upon the foregoing provisions of these Rules, subject to the following changes:

    (a) the case shall be referred to a sole arbitrator, unless the arbitration agreement provides for three arbitrators;

    (b) if the arbitration agreement provides for three arbitrators, HKIAC shall invite the parties to agree to refer the case to a sole arbitrator. If the parties do not agree, the case shall be referred to three arbitrators;

    (c) HKIAC may shorten the time limits provided for in the Rules, as well as any time limits that it has set;

    (d) after the submission of the Answer to the Notice of Arbitration, the parties shall in principle be entitled to submit one Statement of Claim and one Statement of Defence (and Counterclaim) and, where applicable, one Statement of Defence in reply to the Counterclaim;

    (e) the arbitral tribunal shall decide the dispute on the basis of documentary evidence only, unless it decides that it is appropriate to hold one or more hearings;

(f)   subject to any lien, the award shall be communicated to the parties within six months from the date when HKIAC transmitted the case file to the arbitral tribunal. In exceptional circumstances, HKIAC may extend this time limit;

(g)   the arbitral tribunal may state the reasons upon which the award is based in summary form, unless the parties have agreed that no reasons are to be given.

42.3   Upon the request of any party and after consulting with the parties and any confirmed or appointed arbitrators, HKIAC may, having regard to any new circumstances that have arisen, decide that the Expedited Procedure under Article 42 shall no longer apply to the case. Unless HKIAC considers that it is appropriate to revoke the confirmation or appointment of any arbitrator, the arbitral tribunal shall remain in place.

## Article 43 – Early Determination Procedure

43.1   The arbitral tribunal shall have the power, at the request of any party and after consulting with all other parties, to decide one or more points of law or fact by way of early determination procedure, on the basis that:

(a)   such points of law or fact are manifestly without merit; or

(b)   such points of law or fact are manifestly outside the arbitral tribunal's jurisdiction; or

(c)   even if such points of law or fact are submitted by another party and are assumed to be correct, no award could be rendered in favour of that party.

43.2   Any party making a request for early determination procedure shall communicate the request to the arbitral tribunal, HKIAC and all other parties.

43.3   Any request for early determination procedure shall be made as promptly as possible after the relevant points of law or fact are submitted, unless the arbitral tribunal directs otherwise.

43.4 The request for early determination procedure shall include the following:

(a) a request for early determination of one or more points of law or fact and a description of such points;

(b) a statement of the facts and legal arguments supporting the request;

(c) a proposal of the form of early determination procedure to be adopted by the arbitral tribunal;

(d) comments on how the proposed form referred to in Article 43.4(c) would achieve the objectives stated in Articles 13.1 and 13.5; and

(e) confirmation that copies of the request and any supporting materials included with it have been or are being communicated simultaneously to all other parties by one or more means of service to be identified in such confirmation.

43.5 After providing all other parties with an opportunity to submit comments on the request, the arbitral tribunal shall issue a decision either dismissing the request or allowing the request to proceed by fixing the early determination procedure in the form it considers appropriate. The arbitral tribunal shall make such decision within 30 days from the date of filing the request. This time limit may be extended by agreement of the parties or, in appropriate circumstances, by HKIAC.

43.6 If the request is allowed to proceed, the arbitral tribunal shall make its order or award, which may be in summary form, on the relevant points of law or fact. The arbitral tribunal shall make such order or award within 60 days from the date of its decision to proceed. This time limit may be extended by agreement of the parties or, in appropriate circumstances, by HKIAC.

43.7 Pending the determination of the request, the arbitral tribunal may decide whether and to what extent the arbitration shall proceed.

## Article 44 –   Disclosure of Third Party Funding of Arbitration

44.1   If a funding agreement is made, the funded party shall communicate a written notice to all other parties, the arbitral tribunal, any emergency arbitrator and HKIAC of:

(a)   the fact that a funding agreement has been made; and

(b)   the identity of the third party funder.

44.2   The notice referred to in Article 44.1 must be communicated:

(a)   in respect of a funding agreement made on or before the commencement of the arbitration, in the application for the appointment of an emergency arbitrator, the Notice of Arbitration, the Answer to the Notice of Arbitration, the Request for Joinder or the Answer to the Request for Joinder (as applicable); or

(b)   in respect of a funding agreement made after the commencement of the arbitration, as soon as practicable after the funding agreement is made.

44.3   Any funded party shall disclose any changes to the information referred to in Article 44.1 that occur after the initial disclosure.

## Article 45 – Confidentiality

45.1   Unless otherwise agreed by the parties, no party or party representative may publish, disclose or communicate any information relating to:

(a)   the arbitration under the arbitration agreement; or

(b)   an award or Emergency Decision made in the arbitration.

45.2   Article 45.1 also applies to the arbitral tribunal, any emergency arbitrator, expert, witness, tribunal secretary and HKIAC.

45.3   Article 45.1 does not prevent the publication, disclosure or communication of information referred to in Article 45.1 by a party or party representative:

50

(a)  (i)  to protect or pursue a legal right or interest of the party; or

(ii)  to enforce or challenge the award or Emergency Decision referred to in Article 45.1;

in legal proceedings before a court or other authority; or

(b)  to any government body, regulatory body, court or tribunal where the party is obliged by law to make the publication, disclosure or communication; or

(c)  to a professional or any other adviser of any of the parties, including any actual or potential witness or expert; or

(d)  to any party or additional party and any confirmed or appointed arbitrator for the purposes of Articles 27, 28, 29 or 30; or

(e)  to a person for the purposes of having, or seeking, third party funding of arbitration.

45.4  The deliberations of the arbitral tribunal are confidential.

45.5  HKIAC may publish any award, whether in its entirety or in the form of excerpts or a summary, only under the following conditions:

(a)  all references to the parties' names and other identifying information are deleted; and

(b)  no party objects to such publication within the time limit fixed for that purpose by HKIAC. In the case of an objection, the award shall not be published.

## Article 46 – Exclusion of Liability

46.1  None of the Council members of HKIAC nor any body or person specifically designated by it to perform the functions in these Rules, nor the Secretary-General of HKIAC or other staff members of the Secretariat of HKIAC, the arbitral tribunal, any emergency arbitrator, tribunal-appointed expert or tribunal secretary shall be liable for any act or omission in connection with an arbitration conducted under these Rules, save where such act was done or omitted to be done dishonestly.

46.2    After the award has been made and the possibilities of correction, interpretation and additional awards referred to in Articles 38 to 40 have lapsed or been exhausted, neither HKIAC nor the arbitral tribunal, any emergency arbitrator, tribunal-appointed expert or tribunal secretary shall be under an obligation to make statements to any person about any matter concerning the arbitration, nor shall a party seek to make any of these persons a witness in any legal or other proceedings arising out of the arbitration.

# SCHEDULE 1
# REGISTRATION AND
# ADMINISTRATIVE FEES

**(All amounts are in Hong Kong Dollars, hereinafter "HKD")**

**Effective 1 November 2018**

## 1. Registration Fee

1.1   When submitting a Notice of Arbitration, the Claimant shall pay a Registration Fee in the amount set by HKIAC, as stated on HKIAC's website on the date the Notice of Arbitration is submitted.

1.2   If the Claimant fails to pay the Registration Fee, HKIAC shall not proceed with the arbitration subject to Article 4.6 of the Rules.

1.3   The Registration Fee is not refundable save in exceptional circumstances as determined by HKIAC in its sole discretion.

## 2. HKIAC's Administrative Fees

2.1   HKIAC's Administrative Fees shall be determined in accordance with the following table:

| SUM IN DISPUTE (in HKD) | | ADMINISTRATIVE FEES (in HKD) |
|---|---|---|
| Up to | 400,000 | 19,800 |
| From | 400,001 | 19,800 + 1.300% of amt. |
| to | 800,000 | over 400,000 |
| From | 800,001 | 25,000 + 1.000% of amt. |
| to | 4,000,000 | over 800,000 |
| From | 4,000,001 | 57,000 + 0.545% of amt. |
| to | 8,000,000 | over 4,000,000 |
| From | 8,000,001 | 78,800 + 0.265% of amt. |
| to | 16,000,000 | over 8,000,000 |
| From | 16,000,001 | 100,000 + 0.200% of amt. |
| to | 40,000,000 | over 16,000,000 |
| From | 40,000,001 | 148,000 + 0.110% of amt. |
| to | 80,000,000 | over 40,000,000 |
| From | 80,000,001 | 192,000 + 0.071% of amt. |
| to | 240,000,000 | over 80,000,000 |
| From | 240,000,001 | 305,600 + 0.059% of amt. |
| to | 400,000,000 | over 240,000,000 |
| Over | 400,000,000 | 400,000 |

2.2    Claims and counterclaims are added for the determination of the amount in dispute. The same rule applies to any set-off defence or cross-claim, unless the arbitral tribunal, after consulting with the parties, concludes that such set-off defence or cross-claim will not require significant additional work.

2.3    An interest claim shall not be taken into account for the calculation of the amount in dispute, except where HKIAC determines that doing so would be appropriate.

2.4    Where there are alternative claims, only the principal claim shall be taken into account for the calculation of the amount in dispute, except where HKIAC considers it appropriate to take into account the amount of any alternative claim.

2.5    Pursuant to Articles 18.2, 27.15, 28.10 or 30.2 or where in the opinion of HKIAC there are exceptional circumstances, HKIAC may depart from the table in paragraph 2.1 when calculating its Administrative Fees.

2.6    If the amount in dispute is not quantified, HKIAC's Administrative Fees shall be fixed by HKIAC, taking into account the circumstances of the case.

2.7    Amounts in currencies other than Hong Kong Dollars shall be converted into Hong Kong Dollars at the rate of exchange published by HSBC Bank on the date the Notice of Arbitration is submitted or at the time any new claim, set-off defence, cross-claim or amendment to a claim or defence is filed.

2.8    The parties are jointly and severally liable for HKIAC's Administrative Fees.

# SCHEDULE 2
# ARBITRAL TRIBUNAL'S
# FEES,EXPENSES, TERMS AND
# CONDITIONS

**Based on Hourly Rates**

**Effective 1 November 2018**

## 1. Scope of Application and Interpretation

1.1    Subject to any variations agreed by all parties or changes HKIAC considers appropriate, this Schedule shall apply to arbitrations in which the arbitral tribunal's fees and expenses are to be determined in accordance with Article 10.1(a) of the Rules and to the appointment of an emergency arbitrator under Schedule 4.

1.2    HKIAC may interpret the terms of this Schedule as well as the scope of application of the Schedule as it considers appropriate.

1.3    This Schedule is supplemented by the Practice Note on Costs of Arbitration Based on Schedule 2 and Hourly Rates in force on the date the Notice of Arbitration is submitted.

## 2. Payments to Arbitral Tribunal

2.1    Payments to the arbitral tribunal shall generally be made by HKIAC from funds deposited by the parties in accordance with Article 41 of the Rules. HKIAC may direct the parties, in such proportions as it considers appropriate, to make one or more interim or final payments to the arbitral tribunal.

2.2    If insufficient funds are held at the time a payment is required, the invoice for the payment may be submitted to the parties for settlement by them direct.

2.3    Payments to the arbitral tribunal shall be made in Hong Kong Dollars unless the tribunal directs otherwise.

2.4    The parties are jointly and severally liable for the fees and expenses of an arbitrator, irrespective of which party appointed the arbitrator.

### 3. Arbitral Tribunal's Expenses

3.1    The arbitral tribunal shall be reimbursed for its reasonable expenses in accordance with the Practice Note referred to at paragraph 1.3.

3.2    The expenses of the arbitral tribunal shall not be included in the arbitral tribunal's fees charged by reference to hourly rates under paragraph 9 of this Schedule.

### 4. Administrative Expenses

The parties shall be responsible for expenses reasonably incurred and relating to administrative and support services engaged for the purposes of the arbitration, including, but not limited to, the cost of hearing rooms, interpreters and transcription services. Such expenses may be paid directly from the deposits referred to in Article 41 of the Rules as and when they are incurred.

### 5. Fees and Expenses Payable to Replaced Arbitrators

Where an arbitrator is replaced pursuant to Articles 12, 27, 28 or 42.3 of the Rules, HKIAC shall decide the amount of fees and expenses to be paid for the replaced arbitrator's services (if any), having taken into account the circumstances of the case, including, but not limited to, the applicable method for determining the arbitrator's fees, work done by the arbitrator in connection with the arbitration, and the complexity of the subject-matter.

### 6. Fees and Expenses of Tribunal Secretary

Where the arbitral tribunal appoints a secretary in accordance with Article 13.4 of the Rules, such secretary shall be remunerated at a rate which shall not exceed the rate set by HKIAC, as stated on HKIAC's website on the date the Notice of Arbitration is submitted. The secretary's fees and expenses shall be charged separately. The arbitral tribunal shall determine the total fees and expenses of a secretary under Article 34.1(c) of the Rules.

## 7. Lien on Award

HKIAC and the arbitral tribunal shall have a lien over any awards issued by the arbitral tribunal to secure the payment of their outstanding fees and expenses, and may accordingly refuse to communicate any such awards to the parties until all such fees and expenses have been paid in full, whether jointly or by one or other of the parties.

## 8. Governing Law

The terms of this Schedule and any non-contractual obligation arising out of or in connection with them shall be governed by and construed in accordance with Hong Kong law.

## 9. Arbitral Tribunal's Fee Rates

9.1 An arbitrator shall be remunerated at an hourly rate for all work reasonably carried out in connection with the arbitration.

9.2 Subject to paragraphs 9.3 to 9.5 of this Schedule, the rate referred to in paragraph 9.1 is to be agreed in accordance with Article 10.2 of the Rules. An arbitrator shall agree upon fee rates in accordance with paragraph 9 of this Schedule prior to his or her confirmation or appointment by HKIAC.

9.3 An arbitrator's agreed hourly rate shall not exceed a rate set by HKIAC, as stated on HKIAC's website on the date the Notice of Arbitration is submitted.

9.4 Subject to paragraph 9.3, an arbitrator may review and increase his or her agreed hourly rate by no more than 10% on each anniversary of his or her confirmation or appointment.

9.5 Higher rates may be charged if expressly agreed by all parties to the arbitration or if HKIAC so determines in exceptional circumstances.

9.6 If an arbitrator is required to travel for the purposes of fulfilling obligations as an arbitrator, the arbitrator shall be entitled to charge and to be reimbursed for:

   (a) time spent travelling but not working at a rate of 50% of the agreed hourly rate; or

   (b) time spent working whilst travelling at the full agreed hourly rate.

57

## 10. Cancellation Fees

10.1 All hearings booked shall be paid for, subject to the following conditions:

(a) if a booking is cancelled at the request of the arbitral tribunal, it will not be charged;

(b) if a booking is cancelled at the request of any party less than 30 days before the first day booked it shall be paid at a daily rate of 75% of eight times the applicable hourly rate;

(c) if a booking is cancelled at the request of any party less than 60 days but more than 30 days before the first day booked it shall be paid at a daily rate of 50% of eight times the applicable hourly rate;

(d) if a booking is cancelled at the request of any party more than 60 days before the first day booked it will not be charged; and

(e) in all cases referred to above, if an arbitrator has spent time on the case during the day(s) booked, he or she shall be paid based on (i) the hourly rate pursuant to paragraph 9; or (ii) the cancellation fee pursuant to paragraph 10.1(b) to (d), whichever is higher.

10.2 Where hearing days are cancelled or postponed other than by agreement of all parties or request of the arbitral tribunal, this may be taken into account when considering any subsequent apportionment of costs.

## SCHEDULE 3
## ARBITRAL TRIBUNAL'S FEES,EXPENSES, TERMS AND CONDITIONS

**Based on Sum in Dispute**

**(All amounts are in Hong Kong Dollars, hereinafter "HKD")**

**Effective 1 November 2018**

### 1. Scope of Application and Interpretation

1.1     Subject to paragraph 1.2 below and any variations agreed by all parties or changes HKIAC considers appropriate, this Schedule applies to arbitrations in which the arbitral tribunal's fees and expenses are to be determined in accordance with Article 10.1(b) of the Rules.

1.2     This Schedule shall not apply to the appointment of an emergency arbitrator under Schedule 4.

1.3     HKIAC may interpret the terms of this Schedule as well as the scope of application of the Schedule as it considers appropriate.

1.4     This Schedule is supplemented by the Practice Note on Costs of Arbitration Based on Schedule 3 and the Sum in Dispute in force on the date the Notice of Arbitration is submitted.

### 2. Payments to Arbitral Tribunal

2.1     Payments to the arbitral tribunal shall generally be made by HKIAC from funds deposited by the parties in accordance with Article 41 of the Rules. HKIAC may direct the parties, in such proportions as it considers appropriate, to make one or more interim or final payments to the arbitral tribunal.

2.2     If insufficient funds are held at the time a payment is required, the invoice for the payment may be submitted to the parties for settlement by them direct.

2.3     Payments to the arbitral tribunal shall be made in Hong Kong Dollars unless the tribunal directs otherwise.

2.4 The parties are jointly and severally liable for the fees and expenses of an arbitrator, irrespective of which party appointed the arbitrator.

## 3. Arbitral Tribunal's Expenses

3.1 The arbitral tribunal shall be reimbursed for its reasonable expenses in accordance with the Practice Note referred to at paragraph 1.4.

3.2 The expenses of the arbitral tribunal shall not be included in the determination of fees charged in accordance with paragraph 6 of this Schedule.

## 4. Administrative Expenses

The parties shall be responsible for expenses reasonably incurred and relating to administrative and support services engaged for the purposes of the arbitration, including, but not limited to, the cost of hearing rooms, interpreters and transcription services. Such expenses may be paid directly from the deposits referred to in Article 41 of the Rules as and when they are incurred.

## 5. Fees and Expenses Payable to Replaced Arbitrators

Where an arbitrator is replaced pursuant to Articles 12, 27, 28 or 42.3 of the Rules, HKIAC shall decide the amount of fees and expenses to be paid for the replaced arbitrator's services (if any), having taken into account the circumstances of the case, including, but not limited to, the applicable method for determining the arbitrator's fees, work done by the arbitrator in connection with the arbitration, and the complexity of the subject-matter.

## 6. Determination of Arbitral Tribunal's Fees

6.1 The arbitral tribunal's fees shall be calculated in accordance with the following table. The fees calculated in accordance with the table represent the maximum amount payable to one arbitrator.

| SUM IN DISPUTE (in HKD) | | ARBITRATOR'S FEES (in HKD) |
|---|---|---|
| Up to | 400,000 | 11.000% of amount in dispute |
| From to | 400,001 800,000 | 44,000 + 10.000% of amt. over 400,000 |
| From to | 800,001 4,000,000 | 84,000 + 5.300% of amt. over 800,000 |
| From to | 4,000,001 8,000,000 | 253,600 + 3.780% of amt. over 4,000,000 |
| From to | 8,000,001 16,000,000 | 404,800 + 1.730% of amt. over 8,000,000 |
| From to | 16,000,001 40,000,000 | 543,200 + 1.060% of amt. over 16,000,000 |
| From to | 40,000,001 80,000,000 | 797,600 + 0.440% of amt. over 40,000,000 |
| From to | 80,000,001 240,000,000 | 973,600 + 0.250% of amt. over 80,000,000 |
| From to | 240,000,001 400,000,000 | 1,373,600 + 0.228% of amt. over 240,000,000 |
| From to | 400,000,001 600,000,000 | 1,738,400 + 0.101% of amt. over 400,000,000 |
| From to | 600,000,001 800,000,000 | 1,940,000 + 0.067% of amt. over 600,000,000 |
| From to | 800,000,001 4,000,000,000 | 2,074,400 + 0.044% of amt. over 800,000,000 |
| Over | 4,000,000,000 | 3,482,400 + 0.025% of amt. over 4,000,000,000 |
| | | Maximum of 12,574,000 |

6.2   The arbitral tribunal's fees shall cover the activities of an arbitrator from the time of his or her confirmation or appointment until the last award.

6.3   Claims and counterclaims are added for the determination of the amount in dispute. The same rule applies to any set-off defence or cross-claim, unless the arbitral tribunal, after consulting with the parties, concludes that such set-off defence or cross-claim will not require significant additional work.

6.4   An interest claim shall not be taken into account for the calculation of the amount in dispute, except where HKIAC determines that doing so would be appropriate.

6.5   Where there are alternative claims, only the principal claim shall be taken into account for the calculation of the amount in dispute, except where HKIAC considers it appropriate to take into account the amount of any alternative claim.

6.6   Pursuant to Articles 10.3(c), 18.2, 27.15, 28.10 or 30.2 or where in the opinion of HKIAC there are exceptional circumstances, the arbitral tribunal's fees may depart from the amounts calculated in accordance with paragraph 6.1.

6.7   If the amount in dispute is not quantified, the arbitral tribunal's fees shall be fixed by HKIAC, taking into account the circumstances of the case.

## 7. Lien on Award

HKIAC and the arbitral tribunal shall have a lien over any awards issued by the arbitral tribunal to secure the payment of their outstanding fees and expenses, and may accordingly refuse to communicate any such awards to the parties until all such fees and expenses have been paid in full, whether jointly or by one or other of the parties.

## 8. Governing Law

The terms of this Schedule and any non-contractual obligation arising out of or in connection with it shall be governed by and construed in accordance with Hong Kong law.

## SCHEDULE 4
## EMERGENCY ARBITRATOR
## PROCEDURES

### Effective 1 November 2018

1.  A party requiring Emergency Relief may submit an application (the "Application") for the appointment of an emergency arbitrator to HKIAC (a) before, (b) concurrent with, or (c) following the filing of a Notice of Arbitration, but prior to the constitution of the arbitral tribunal.

2.  The Application shall be submitted in accordance with any of the means specified in Articles 3.1 and 3.2 of the Rules. The Application shall include the following information:

    (a)  the names and (in so far as known) the addresses, facsimile numbers and/or email addresses of the parties to the Application and of their representatives;

    (b)  a description of the circumstances giving rise to the Application and of the underlying dispute referred to arbitration;

    (c)  a statement of the Emergency Relief sought;

    (d)  the reasons why the applicant needs the Emergency Relief on an urgent basis that cannot await the constitution of an arbitral tribunal;

    (e)  the reasons why the applicant is entitled to such Emergency Relief;

    (f)  any relevant agreement and, in particular, the arbitration agreement;

    (g)  comments on the language, the seat of the Emergency Relief proceedings, and the applicable law;

    (h)  confirmation of payment of the amount referred to in paragraph 5 of this Schedule (the "Application Deposit");

    (i)  the existence of any funding agreement and the identity of any third party funder pursuant to Article 44; and

> > (j) confirmation that copies of the Application and any supporting materials included with it have been or are being communicated simultaneously to all other parties to the arbitration by one or more means of service to be identified in such confirmation.

3. The Application may contain such other documents or information as the applicant considers appropriate or as may contribute to the efficient examination of the Application.

4. If HKIAC determines that it should accept the Application, HKIAC shall seek to appoint an emergency arbitrator within 24 hours after receipt of both the Application and the Application Deposit.

5. The Application Deposit is the amount set by HKIAC, as stated on HKIAC's website on the date the Application is submitted. The Application Deposit consists of HKIAC's emergency administrative fees and the emergency arbitrator's fees and expenses. The emergency arbitrator's fees shall be determined by reference to his or her hourly rate subject to the terms of Schedule 2 and shall not exceed the amount set by HKIAC, as stated on HKIAC's website on the date the Application is submitted unless the parties agree or HKIAC determines otherwise in exceptional circumstances. HKIAC may, at any time during the Emergency Relief proceedings, request additional deposits to cover any increase in the emergency arbitrator's fees or HKIAC's emergency administrative fees, taking into account, inter alia, the nature of the case and the nature and amount of work performed by the emergency arbitrator and HKIAC. If the party which submitted the Application fails to pay the additional deposits within the time limit fixed by HKIAC, the Application shall be dismissed.

6. Once the emergency arbitrator has been appointed, HKIAC shall communicate the appointment to the parties to the Application and shall communicate the case file to the emergency arbitrator. Thereafter, the parties shall communicate with the emergency arbitrator directly, with a copy to all other parties to the Application and HKIAC. Any written communications from the emergency arbitrator to the parties shall also be copied to HKIAC.

7. Article 11 of the Rules shall apply to the emergency arbitrator, except that the time limits set out in Articles 11.7 and 11.9 are shortened to three days.

8. Where an emergency arbitrator dies, has been successfully challenged, has been otherwise removed, or has resigned, HKIAC shall seek to appoint a substitute emergency arbitrator within 24 hours. If an emergency arbitrator withdraws or a party agrees to terminate an emergency arbitrator's appointment under paragraph 8 of this Schedule, no acceptance of the validity of any ground referred to in Article 11.6 of the Rules shall be implied. If the emergency arbitrator is replaced, the Emergency Relief proceedings shall resume at the stage where the emergency arbitrator was replaced or ceased to perform his or her functions, unless the substitute emergency arbitrator decides otherwise.

9. If the parties have agreed on the seat of arbitration, such seat shall be the seat of the Emergency Relief proceedings. Where the parties have not agreed on the seat of arbitration, and without prejudice to the arbitral tribunal's determination of the seat of arbitration pursuant to Article 14.1 of the Rules, the seat of the Emergency Relief proceedings shall be Hong Kong.

10. Taking into account the urgency inherent in the Emergency Relief proceedings and ensuring that each party has a reasonable opportunity to be heard on the Application, the emergency arbitrator may conduct such proceedings in such a manner as the emergency arbitrator considers appropriate. The emergency arbitrator shall have the power to rule on objections that the emergency arbitrator has no jurisdiction, including any objections with respect to the existence, validity or scope of the arbitration clause or of the separate arbitration agreement, and shall resolve any disputes over the applicability of this Schedule.

11. Articles 23.2 to 23.8 shall apply, mutatis mutandis, to any Emergency Relief granted by the emergency arbitrator.

12. Any decision, order or award of the emergency arbitrator on the Application (the "Emergency Decision") shall be made within 14 days from the date on which HKIAC transmitted the case file to the emergency arbitrator. This time limit may be extended by agreement of the parties or, in appropriate circumstances, by HKIAC.

13. The Emergency Decision may be made even if in the meantime the case file has been transmitted to the arbitral tribunal.

14. Any Emergency Decision shall:

    (a) be made in writing;

    (b) state the date when it was made and reasons upon which the Emergency Decision is based, which may be in summary form (including a determination on whether the emergency arbitrator has jurisdiction to grant the Emergency Relief); and

    (c) be signed by the emergency arbitrator.

15. Any Emergency Decision may fix and apportion the costs of the Emergency Relief proceedings, subject always to the power of the arbitral tribunal to fix and apportion finally such costs in accordance with Article 34 of the Rules. The costs of the Emergency Relief proceedings include HKIAC's emergency administrative fees, the fees and expenses of the emergency arbitrator and any tribunal secretary, and the reasonable legal and other costs incurred by the parties for the Emergency Relief proceedings.

16. Any Emergency Decision shall have the same effect as an interim measure granted pursuant to Article 23 of the Rules and shall be binding on the parties when rendered.

17. Any Emergency Decision ceases to be binding:

    (a) if the emergency arbitrator or the arbitral tribunal so decides;

    (b) upon the arbitral tribunal rendering a final award, unless the arbitral tribunal expressly decides otherwise;

    (c) upon the termination of the arbitration before the rendering of a final award; or

66

(d) if the arbitral tribunal is not constituted within 90 days from the date of the Emergency Decision. This time limit may be extended by agreement of the parties or, in appropriate circumstances, by HKIAC.

18. Subject to paragraph 13 of this Schedule, the emergency arbitrator shall have no further power to act once the arbitral tribunal is constituted.

19. The emergency arbitrator may not act as arbitrator in any arbitration relating to the dispute that gave rise to the Application and in respect of which the emergency arbitrator has acted, unless otherwise agreed by the parties to the arbitration.

20. The Emergency Arbitrator Procedure is not intended to prevent any party from seeking urgent interim or conservatory measures from a competent authority at any time.

21. The Emergency Arbitrator Procedure shall be terminated if a Notice of Arbitration has not been submitted by the applicant to HKIAC within seven days of HKIAC's receipt of the Application, unless the emergency arbitrator extends this time limit.

22. Where the Emergency Arbitrator Procedure is terminated without an Emergency Decision, the emergency arbitrator may fix and apportion any costs of the Emergency Relief proceedings, subject to the power of the arbitral tribunal to fix and apportion finally such costs in accordance with Article 34 of the Rules.

## Members of HKIAC Rules
## Revision Committee

Nils Eliasson (Chair), Matthew Gearing QC, Briana Young, Cameron Hassall, Sarah Grimmer and Joe Liu

## Acknowledgements

HKIAC expresses its gratitude and appreciation to the following individuals for their advice, comments and input in the preparation of these Rules (in alphabetical order):

Andrew Aglionby, Charles Allen, Craig Arnott, Chiann Bao, Louise Barrington, Othmane Benlafkih, Christopher Bogart, Carlotta Bruessel, Ben Bury, Eric Chan, Y.K. Chan, Alex Charter, Teresa Cheng GBS SC JP, John Choong, Peter Chow, Vincent Connor, Sapfo Constantatos, Helen Dodds, Ning Fei, David Fong, Steven Friel, Ben Hayward, Raymond Ho, Thomas Ho, Lara Hofer, Neil Kaplan CBE QC SBS, Joshua Karton, Nigel Kat SC, Yi Kang, Jun Hee Kim, Sian Knight, David Kreider, James Kwan, Brenda Kwok, Kirti Ladharam, Hermione Lam, S.K. Lee, T.Y. Lee, Haifeng Li, Lianjun Li, Song Lu, James MacKinnon, Damien McDonald, Paul Mitchard QC, Christopher Moger QC, Danny Mok, Michael Moser, Charlie Morris, Catherine Mun, James Ng, Abayomi Okubote, Robert Pé, Robin Peard, Oliver Perez, Peter Quayle, Evgeny Raschevsky, Anselmo Reyes SC, James Rogers, Kim Rooney, Dorothee Ruckteschler, Fergus Saurin, Kathryn Sanger, Kiran Sanghera, Matthew Saunders, John Scott QC, SC, Helen Shi, Lianne Sneddon, William Stone SC, Krill Strunnikov, Ronald Sum, Amelia Szeto, Karen Tan, Mohammed Talib, Xiuming Tao, Mary Thomson, Thomas Walsh, Shengchang Wang, Romesh Weeramantry, Nicolas Wiegand, Peter Wong, Samuel Wong, Terence Wong, William Wong SC, Kate Wyllie, Ing Loong Yang, Peiming Yang, Philip Yang, Albert Yeu, Bernard Yue and Rimsky Yuen GBM SC JP.

For further information relating to dispute resolution at HKIAC,
please contact:

The Secretary-General
Hong Kong International Arbitration Centre
38/F, Two Exchange Square, 8 Connaught Place, Central, Hong Kong
**Tel:** +852 2525 2381    **Fax:** +852 2524 2171
**E-mail:** adr@hkiac.org    **Webpage:** http://www.hkiac.org