**<u>Exhibit 1</u>**

**Stipulation**

RLF1 33178213v.1

**Scheduling Stipulation**

1. **The Parties.**

   a. This scheduling stipulation (the "Stipulation"), by and among (i) the above-captioned Plaintiffs, and (ii) Changpeng Zhao (the "Stipulating Defendant" and, together with Plaintiffs, the "Parties" and each a "Party") shall apply in the above-captioned adversary proceeding (the "Adversary Proceeding").

2. **Service of Complaint.**[1]

   a. The *Order Granting Plaintiffs' Ex Parte Motion to (A) Serve Individual Defendant Changpeng Zhao by Alternative Means and (B) Set a Scheduling Conference With All Defendants* [Adv. D.I. 79] granted Plaintiffs leave and permission to serve the summons and Complaint upon the Stipulating Defendant through the means articulated in the Service Plan.[2] Defendant Changpeng Zhao waived service through the means articulated in the Service Plan and accepted service through its counsel in this Adversary Proceeding. Plaintiffs served Defendant Changpeng Zhao on or before June 4, 2025.

3. **Response to Complaint.**

   a. The Parties have conferred and agreed that the deadline to respond to the Complaint shall be August 4, 2025.

   b. If, in lieu of an answer, the Stipulating Defendant elects to file a motion to dismiss, stay, or otherwise dispose of the Adversary Proceeding, the schedule for the briefing shall be as follows:

      1. Moving briefs due August 4, 2025.

      2. Oppositions due September 18, 2025; and

      3. Replies due October 9, 2025.

4. **Reservation of Rights.**

   a. In view of the service discussed in Section 2 above, the Stipulating Defendant waives the defense of sufficiency of service of process but does not waive, but rather expressly reserves, any and all other rights, defenses, and objections to the claims in this action (including but not limited to defenses based upon lack of personal or subject matter jurisdiction, lack of standing, improper venue, or a defendant having been improperly named).

---

[1] The "Complaint" refers to the complaint filed in the Adversary Proceeding on November 10, 2024 [Adv. D.I. 1].

[2] The "Service Plan" has the meaning ascribed to it in *Plaintiffs' Ex Parte Motion to (A) Serve the Individual Defendants by Alternative Means, and (B) Set a Scheduling Conference with All Defendants* [Adv. D.I. 15].

b. To the extent the Stipulating Defendant moves to dismiss based on lack of personal jurisdiction, after the filing of such motion, Plaintiffs reserve the right to apply to the Court to seek jurisdictional-related discovery that it believes is necessary to oppose any such motion, and the Stipulating Defendant reserves his right to oppose any such jurisdictional-related discovery.

c. In the event Plaintiffs seek jurisdictional-related discovery, as set forth in Section 4.b above, the Parties will meet and confer to discuss whether it would be appropriate to extend Plaintiffs' deadline to file oppositions to any motions to dismiss. In the event the Parties are unable to reach agreement, Plaintiffs may request additional time to file their Opposition to any motion to dismiss in light of such jurisdictional-related discovery, and the Stipulating Defendant would reserve his right to oppose any such request.

d. Nothing in this Stipulation shall be deemed a waiver of the Stipulating Defendant's rights under Local Rule 9013-1(h) or any other jurisdictional objections.

e. Nothing in this Stipulation shall affect the Parties' respective rights to serve or object to fact discovery (or file any motions relating to fact discovery, including a motion to stay discovery pending resolution of any motions to dismiss) before resolution of any motion to dismiss this Adversary Proceeding.

5. **Scope.** This Stipulation is not intended to, and in no way shall, affect any rights, obligations, or defenses of any party other than Plaintiffs and the Stipulating Defendant.

6. **Execution.** This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, electronic mail or other means of electronic signature, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Each of the Parties hereto represents that the applicable undersigned signatory is duly authorized to execute this Stipulation on such Party's behalf.

7. **Modification.** The Parties may modify any provision hereof on written agreement (which agreement shall not be unreasonably withheld) or, absent such agreement, by seeking an order of the Court upon good cause shown.

Dated: June 23, 2025
        Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ Robert C. Maddox*_____
Kevin Gross (No. 209)
Paul N. Heath (No. 3704)
Brendan J. Schlauch (No. 6115)
Robert C. Maddox (No. 5356)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email:  gross@rlf.com
        heath@rlf.com
        schlauch@rlf.com
        maddox@rlf.com

-and-

**WHITE & CASE LLP**
J. Christopher Shore (admitted *pro hac vice*)
Brian D. Pfeiffer (admitted *pro hac vice*)
Colin West (admitted *pro hac vice*)
Ashley R. Chase (admitted *pro hac vice*)
Brett L. Bakemeyer (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email:  cshore@whitecase.com
        brian.pfeiffer@whitecase.com
        cwest@whitecase.com
        ashley.chase@whitecase.com
        brett.bakemeyer@whitecase.com

*Counsel for the Plaintiffs*

4

**BAKERHOSTETLER**

*/s/ Katherine L. McKnight*
Katherine L. McKnight
1050 Connecticut Ave N.W.
Suite 1100
Washington, DC 20036-5403
Telephone:  (202) 861-1618
Email:      kmcknight@bakerlaw.com

*Counsel for Defendant Changpeng Zhao*