## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>               Debtors.[1] | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST, FTX DIGITAL MARKETS, LTD.,<br><br>               Plaintiffs,<br><br>    -against-<br><br>BINANCE HOLDINGS LIMITED, BINANCE CAPITAL MANAGEMENT CO. LTD., BINANCE HOLDINGS (IE) LIMITED, BINANCE (SERVICES) HOLDINGS LIMITED, CHANGPENG ZHAO, DINGHUA XIAO, SAMUEL WENJUN LIM, and DOES 1-1000,<br><br>               Defendants. | Adv. Pro. No. 24-50222 (KBO)<br><br>**Related to Docket Nos. 1, 92, 93, 114** |

## DEFENDANT SAMUEL WENJUN LIM'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

---

[1] A complete list of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

**PACHULSKI STANG ZIEHL & JONES LLP**

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com

-and-

**MOLOLAMKEN LLP**
Justin V. Shur (admitted *pro hac vice*)
Walter H Hawes IV (admitted *pro hac vice*)
600 New Hampshire Ave., N.W.
Washington, D.C.  20037
Telephone: (202) 556-2005
Facsimile: (202) 556-2001
Email:  jshur@mololamken.com
          whawes@mololamken.com

Peter C. Douglas (admitted *pro hac vice*)
300 N. LaSalle Street, Suite 5350
Chicago, IL  60654
Telephone: (312) 450-6719
Facsimile: (312) 450-6701
Email: pdouglas@mololamken.com

*Counsel for Defendant Samuel Wenjun Lim*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT .................................................................................. 1

ARGUMENT ........................................................................................................... 2

I.     This Court Lacks Specific Jurisdiction Over Lim ............................................. 2

        A.    The Traditional Minimum Contacts Test Is Not Met ........................... 2

               1.    Lim's Supposed Suit-Related Contacts Are Insufficient ............................ 3

               2.    Plaintiffs' Additional Evidence Also Fails ................................. 6

        B.    Exercising Jurisdiction Would Offend Traditional Notions of Justice .................. 8

        C.    The Effects Test Is Inapplicable and Not Satisfied ................................. 9

        D.    Lim Has Not Waived Any Jurisdictional Defense ................................. 10

        E.    The Court Should Deny Jurisdictional Discovery ................................. 10

II.    The Complaint Fails To State a Claim Against Lim ......................................... 11

        A.    Lim Is Not a Transferee Subject to Recovery ..................................... 11

        B.    Lim Is Not a Beneficiary Subject to Recovery ..................................... 13

III.   Dismissal Should Be With Prejudice ................................................................ 14

CONCLUSION ........................................................................................................ 15

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Aldossari v. Ripp*,
    49 F.4th 236 (3d Cir. 2022) ..........................................................................2

*Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*,
    No. 18-cv-2897, 2018 WL 5118638 (S.D.N.Y. Oct. 22, 2018).........................4

*Alkanani v. Aegis Def. Servs., LLC*,
    976 F. Supp. 2d 13 (D.D.C. 2014) ..................................................................7

*In re Allergan ERISA Litig.*,
    975 F.3d 348 (3d Cir. 2020)...........................................................................15

*Argus Mgmt. Grp. v. GAB Robins, Inc. (In re CVEO Corp.)*,
    327 B.R. 210 (Bankr. D. Del. 2005) ..............................................................12

*Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*,
    480 U.S. 102 (1987).........................................................................................9

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
    921 F.3d 98 (3d Cir. 2019).............................................................................10

*In re AstroPower Liquidating Tr.*,
    335 B.R. 309 (Bankr. D. Del. 2005) ................................................................4

*In re Astropower Liquidating Tr.*,
    No. 04-10322 (MFW), 2006 WL 2850110 (Bankr. D. Del. Oct. 2, 2006) ...............9

*In re Banco Santander Secs.-Optimal Litig.*,
    732 F. Supp. 2d 1305 (S.D. Fla. 2010) ...........................................................5

*Beaton v. LG Chem, Ltd.*,
    No. 20-cv-06806, 2021 WL 3828835 (D.N.J. Aug. 26, 2021) ........................8

*Beazer East, Inc. v. Mead Corp.*,
    412 F.3d 429 (3d Cir. 2005)...........................................................................13

*Bel-Ray Co. v. Chemrite (Pty) Ltd.*,
    181 F.3d 435 (3d Cir. 1999)...........................................................................10

*Berckeley Inv. Grp., Ltd. v. Colkitt*,
    455 F.3d 195 (3d Cir. 2006)...........................................................................12

*Bonded Fin. Servs., Inc. v. European Am. Bank*,
    838 F.2d 890 (7th Cir. 1988) .........................................................................12

iv

*Brace v. County of Luzerne,*
   873 F. Supp. 2d 616 (M.D. Pa. 2012) ...........................................................13

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.,*
   582 U.S. 255 (2017)..........................................................................................2

*Burtch v. Stylish Move Sportswear Inc. (In re Factory 2-U Stores, Inc.),*
   No. 05-ap-30384, 2007 WL 2698207 (Bankr. D. Del. Sept. 11, 2007)..................12

*CFTC v. Zhao,*
   No. 23-cv-01887 (N.D. Ill. Dec. 14, 2023)..........................................................7

*Connelly v. Lane Constr. Corp.,*
   809 F.3d 780 (3d Cir. 2016).............................................................................14

*Daughtry v. Family Dollar Stores, Inc.,*
   634 F. Supp. 2d 475 (D. Del. 2009).................................................................12

*Eurofins Phrama US Holdings v. Bioalliance Pharma. SA,*
   623 F.3d 147 (3d Cir. 2010).............................................................................11

*In re FTX Trading Ltd.,*
   No. 23-ap-50379, 2024 WL 4562675 (Bankr. D. Del. Oct. 23, 2024) ...................15

*Gellert v. Coltec Indus., Inc. (In re Crucible Materials Corp.),*
   No. 11-ap-53884, 2012 WL 5360945 (Bankr. D. Del. Oct. 31, 2012) ...................14

*Glynn v. EDO Corp.,*
   536 F. Supp. 2d 595 (D. Md. 2008) ..................................................................4

*Gonzalez v. BAM Trading Services, Inc.,*
   No. 24-cv-08521, 2024 WL 4589791 (D.N.J. Oct. 28, 2024) ...............................6

*Halperin v. Moreno (In re Green Field Energy Servs., Inc.),*
   594 B.R. 239 (Bankr. D. Del. 2018) ................................................................13

*Hasson v. FullStory, Inc.,*
   114 F.4th 181 (3d Cir. 2024) .......................................................................8, 9

*Hughes Tech. Servs., LLC v. Glob. Consulting & Mech. Servs., LLC,*
   No. 5:20-cv-3885, 2020 WL 7350994 .................................................................3

*inno360, Inc. v. Zakta, LLC,*
   50 F. Supp. 3d 587 (D. Del. 2014).....................................................................2

*J. McIntyre Mach., Ltd. v. Nicastro,*
   564 U.S. 873 (2011).........................................................................................8

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984)..................................................................................................4

*Leyse v. Bank of Am. Nat'l Ass'n*,
    804 F.3d 316 (3d Cir. 2015)....................................................................................10

*Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*,
    478 U.S. 501 (1986)..................................................................................................7

*Marten v. Godwin*,
    499 F.3d 290 (3d Cir. 2007)..................................................................................2, 7

*Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*,
    107 F.3d 1026 (3d Cir. 1997)..................................................................................11

*McDonough v. Gorman*,
    No. 16-cv-203, 2017 WL 3528846 (D. Del. Aug. 16, 2017)....................................5

*Metcalfe v. Renaissance Marine, Inc.*,
    566 F.3d 324 (3d Cir. 2009)....................................................................................2

*Miller v. McCown de Leeuw & Co. (In re The Brown Schs.)*,
    386 B.R. 37 (Bankr. D. Del. 2008)........................................................................14

*Mother Doe I v. Al Maktoum*,
    632 F. Supp. 2d 1130 (S.D. Fla. 2007)...................................................................5

*My Size, Inc. v. Mizrahi*,
    193 F. Supp. 3d 327 (D. Del. 2016)........................................................................4

*Oakwood Labs. LLC v. Thanoo*,
    999 F. 3d 892 (3d Cir. 2021)..................................................................................13

*Off. Comm. of Unsecured Creditors of Arcapita v. Bahrain Islamic Bank*,
    549 B.R. 56 (Bankr. S.D.N.Y. 2016)......................................................................4

*Olympia Steel Bldg. Sys. Corp. v. General Steel Domestic Sales, LLC*,
    No. 06-cv-1597, 2007 WL 1816281 (W.D. Pa. June 22, 2007) ..............................8

*In re Our Alchemy, LLC*,
    No. 18-ap-50633, 2019 WL 4447541 (Bankr. D. Del. Sept. 16, 2019)..................15

*In re PennySaver USA Publ'g, LLC*,
    602 B.R. 256 (Bankr. D. Del. 2019) ......................................................................13

*Picard v. Banque Syz & Co. (In re BLMIS)*,
    No. 11-ap-02149, 2022 WL 2135019 (Bankr. S.D.N.Y. June 14, 2022) .................4

*Picard v. BNP Paribas S.A. (In re BLMIS)*,
    594 B.R. 167 (Bankr. S.D.N.Y. 2018) ..................................................................... 4

*Picard v. UBS AG (In re BLMIS)*,
    647 B.R. 42 (Bankr. S.D.N.Y. 2022) ....................................................................... 4

*Pinker v. Roche Holdings Ltd.*,
    292 F.3d 361 (3d Cir. 2002) .................................................................................... 9

*Rush v. Savchuk*,
    444 U.S. 320 (1980) ................................................................................................. 4

*Sierra v. Trafigura Trading LLC*,
    No. 22-cv-366, 2024 WL 3823018 (D. Del. Aug. 14, 2024) ................................. 10

*Toys 'R' Us, Inc. v. Step Two, S.A.*,
    318 F.3d 446 (3d Cir. 2003) .................................................................................. 11

*TriStrata Tech., Inc. v. Emulgen Labs., Inc.*,
    537 F. Supp. 2d 635 (D. Del. 2008) ........................................................................ 9

*U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*,
    916 F.3d 143 (2d Cir. 2019) .................................................................................... 4

*United States v. Binance Holdings Ltd., d/b/a Binance.com*,
    No. 23-cr-0178 (W.D. Wash. Nov. 21, 2023) ......................................................... 6

*United States v. Penn*,
    870 F.3d 164 (3d Cir. 2017) .................................................................................. 13

*Walden v. Fiore*,
    571 U.S. 277 (2014) ................................................................................................. 7

*Yankees Ent. & Sports Network, LLC v. Hartford Fire Ins. Co.*,
    634 F. Supp. 3d 203 (D. Del. 2022) ........................................................................ 7

*Zausner Food Corps v. ECB USA, Inc.*,
    No. 20-cv-1769, 2022 WL 609110 (D. Del. Jan. 31, 2022) .................................. 11

*In re Zawawi*,
    644 B.R. 907 (Bankr. M.D. Fla. 2022) .................................................................... 4

*U.S. ex rel. Zizic v. Q2Administrators, LLC*,
    728 F.3d 228 (3d Cir. 2013) .................................................................................. 15

*In re Zohar III, Corp.*,
    631 B.R. 133, 170 (Bankr. D. Del. 2021) ....................................................... 12, 13

## Rules And Statutes

Fed. R. Bankr. P. 7015 ...................................................................................................14

Fed. R. Civ. P. 12(b) ......................................................................................................10

Fed. R. Civ. P. 12(b)(6) ..................................................................................................11

Fed. R. Civ. P. 12(g) ......................................................................................................10

Fed. R. Civ. P. 12(h) ......................................................................................................10

Fed. R. Civ. P.15(a)(1)(B) ..............................................................................................14

11 U.S.C. § 546(e) ..........................................................................................................15

11 U.S.C § 550(a) ..........................................................................................2, 11, 12, 13, 14

11 U.S.C. § 550(a)(1) ......................................................................................................13

## PRELIMINARY STATEMENT

Plaintiffs' opposition—which focuses almost entirely on **Binance**—confirms the claims against **Lim** must be dismissed.[1]  As a foreign defendant with virtually no relevant forum contacts, Lim cannot be haled into the United States to answer plaintiffs' fraudulent transfer claims.  And even if he could, those claims fail.  Plaintiffs' allegations and **all** the relevant evidence point in a single direction.  They show Lim was, at most, a "nominal" stand-in for Binance in a transaction negotiated and executed by Binance, for Binance's exclusive benefit, without any substantive involvement by Lim.  That is inconsistent with liability under this Court's precedent.

**First**, this Court lacks personal jurisdiction over Lim.  Plaintiffs agree they must show Lim **personally** possessed sufficient **suit-related** contacts with the United States to justify jurisdiction.  But plaintiffs fail to show any such contacts beyond Lim's concededly "nominal" involvement in the accused transfers.  The undisputed evidence shows that Lim's relevant conduct amounted to nothing more than purchasing, holding, and selling shares in a U.S. company on Binance's behalf.  Under this Court's case law, that is insufficient to establish jurisdiction over a foreign individual like Lim.  Plaintiffs have no response.  Despite having access to the documents in which the accused transfers were negotiated, plaintiffs point to no evidence connecting Lim to the transfers or the forum in a way that matters for this suit.  Instead, plaintiffs resort to arguing that two court documents from separate litigation between different parties, and addressing different claims, suffice.  But those materials fall short, as neither remotely relates to the transfers at issue.  Plaintiffs cannot make the substantial connection between Lim, this case, and this forum that is necessary for jurisdiction.

---

[1] Although only FTX Recovery Trust opposes Lim's motion to dismiss, Adv. D.I. 114, Lim moves to dismiss all claims brought by both plaintiffs and therefore refers to both plaintiffs here.

***Second***, plaintiffs fail to state a claim against Lim. Plaintiffs do not dispute that their claims hinge on showing Lim was a transferee or beneficiary of the accused transfers under 11 U.S.C § 550(a). But plaintiffs' allegations, evidence, and submissions to this Court show the opposite—that ***Binance, not Lim***, was the transferee and exclusive beneficiary of the relevant transfers.

Plaintiffs cannot fix the Complaint's flaws, nor have they explained how they might. Their request to amend should thus be denied and the claims against Lim dismissed with prejudice.

## ARGUMENT

### I.    THIS COURT LACKS SPECIFIC JURISDICTION OVER LIM

#### A.    The Traditional Minimum Contacts Test Is Not Met

Plaintiffs bear the burden of separately establishing personal jurisdiction over each defendant and each claim. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 268 (2017) (requirements "'must be met as to each defendant'"); *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (courts "evaluate specific jurisdiction on a claim-by-claim basis"). Under the traditional test, that requires showing that Lim's "'***suit-related conduct***'" creates "'a substantial connection with the forum.'" *Aldossari v. Ripp*, 49 F.4th 236, 258 (3d Cir. 2022) (emphasis added). All agree that where, as here, a defendant raises and supports a jurisdictional defense, plaintiffs must "establish[] jurisdictional facts through affidavits or other competent evidence showing with reasonable particularity the sufficient minimum contacts between the forum and the defendant." Adv. D.I. 114 at 6; *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330-31 (3d Cir. 2009).[2] With respect to Lim, nothing plaintiffs offer comes close.

---

[2] Plaintiffs' disagreement with the precise articulation of the standard is academic. *See* Adv. D.I. 114 at 6-7. By failing to show, through competent evidence, that Lim has sufficient suit-related contacts, plaintiffs have failed to establish even a *prima facie* case. *See inno360, Inc. v. Zakta, LLC*, 50 F. Supp. 3d 587, 592 (D. Del. 2014).

1.      *Lim's Supposed Suit-Related Contacts Are Insufficient*

Even accepting plaintiffs' allegations and evidence as true, the record undisputedly shows Lim lacks sufficient suit-related contacts with the United States.  The Complaint's **only** references to Lim allege that he worked at Binance and was "nominal[ly]" involved in the purchase and sale of West Realm Shires, Inc. ("WRS") shares.  Compl. ¶¶ 3, 27, 33, 37-40, 82, 90.  But those transactions lack any substantial U.S. connection.  Adv. D.I. 93 at 6-9.  Plaintiffs' allegations and the undisputed evidence show only that Lim paid a nominal amount—$0.54—to purchase WRS shares, held those shares exclusively on Binance's behalf, and later sold them in a transaction negotiated and structured by Binance, for Binance's benefit.  Adv. D.I. 93 at 6-9; Adv. D.I. 115, Ex. 2; Compl. ¶¶ 3, 27, 33, 37-40, 82, 90.  While WRS is a U.S. company, Lim never engaged in "any substantive business activities relating to WRS."  Adv. D.I. 94 ¶ 10.  Nor did he ever engage "in any activity" relating to his nominal ownership of WRS shares "that created or involved any connection to the United States."  *Id.*[3]

The 2021 Share Repurchase agreements, by which the shares were sold, similarly lack any meaningful U.S. nexus.  The agreements were negotiated by foreign entities, governed by foreign law, and mandated foreign arbitration.  Adv. D.I. 93 at 6-7.  Those terms "indicate the parties' desire to avail themselves" of the benefits of foreign jurisdictions, not the United States, and thus "weigh against" jurisdiction.  *Hughes Tech. Servs., LLC v. Glob. Consulting & Mech. Servs., LLC*, No. 5:20-cv-3885, 2020 WL 7350994, at *10 (E.D. Pa. Dec. 15, 2020).

Lim's suit-related contacts are thus limited to purchasing, passively holding, and selling shares in a U.S. company exclusively on Binance's behalf.  That is unambiguously insufficient to

---

[3] Contrary to plaintiffs' mischaracterization, Adv. D.I. 114 at 13 n.19, Lim's declaration directly addresses the main jurisdictional issues by clarifying that no forum contacts arose from his nominal possession of WRS shares.  Adv. D.I. 94 ¶¶ 8-10.

generate jurisdiction over a foreign defendant like Lim. *My Size, Inc. v. Mizrahi*, 193 F. Supp. 3d 327, 332-34 (D. Del. 2016); Adv. D.I. 93 at 8 n.4, 9 (collecting cases). Plaintiffs have no response, and even concede that passive shareholder status is not enough. Adv. D.I. 13 n.19.[4]

Faced with the absence of genuine suit-related contacts attributable to Lim, plaintiffs seek to rely on the ***Corporate Defendants'*** supposed contacts. But ***Binance's*** contacts cannot be imputed to Lim. *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 n.13 (1984) ("[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him."). As the Supreme Court has repeatedly emphasized, imputing corporate conduct to an individual defendant, without more, is "plainly unconstitutional." *Rush v. Savhuck*, 444 U.S. 320, 332 (1980); *see Glynn v. EDO Corp.*, 536 F. Supp. 2d 595, 602-05, 617 (D. Md. 2008) (dismissing

---

[4] Plaintiffs' cases are unavailing. Adv. D.I. 114 at 13-17. In *Picard v. UBS AG (In re BLMIS)*, the defendant did not merely "t[ake] actions abroad with the intent of profiting from investments in forum," Adv. D.I. 114 at 13, he visited the forum quarterly and established funds, connected corporate entities, held meetings, performed due diligence, concealed evidence, and opened and managed accounts—all in the forum. 647 B.R. 42, 56-59 (Bankr. S.D.N.Y. 2022). So too with *Picard v. Banque Syz & Co. (In re BLMIS)*, where the defendant sent investment funds to the forum, solicited others to do so, offered loans to fund the investments, maintained forum-based accounts, transferred funds through forum banks, and filed in-forum loss claims. No. 11-ap-02149, 2022 WL 2135019, at *3-4 (Bankr. S.D.N.Y. June 14, 2022); *see also Picard v. BNP Paribas S.A. (In re BLMIS)*, 594 B.R. 167, 189-92 (Bankr. S.D.N.Y. 2018) (corporate defendants operated in forum, maintained offices there, shared offices, employees, and bank accounts with forum entities, and sent agreements and wired funds to forum); *In re AstroPower Liquidating Tr.*, 335 B.R. 309, 318-21 (Bankr. D. Del. 2005) (defendant communicated personally with debtor in forum, offered to perform stock valuations and find buyer, and advised debtor); *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 151-52 (2d Cir. 2019) (defendant had "expressly undertaken" "obligations" to forum residents and could cure breach only in forum); *In re Zawawi*, 644 B.R. 907, 915-17 (Bankr. M.D. Fla. 2022) (defendants served as directors of and "together own[ed] 100% of" in-forum corporate entity that owned in-forum commercial properties, from which they received substantial distributions); *Off. Comm. of Unsecured Creditors of Arcapita v. Bahrain Islamic Bank*, 549 B.R. 56, 67-71 (Bankr. S.D.N.Y. 2016) (corporate defendants used forum bank accounts to conduct business in forum using forum currency); *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18-cv-2897, 2018 WL 5118638, at *3-6 (S.D.N.Y. Oct. 22, 2018) (thousands of visits to defendants' website from forum residents, combined with in-forum sales, sufficed to establish jurisdiction over out-of-forum corporate defendants).

individual defendants, and denying jurisdictional discovery, where all forum contacts were unrelated to claims and corporation's forum contacts could not be attributed to its employees).[5] Many of plaintiffs' unsupported claims about Lim's knowledge and participation in the accused transfers must be discounted on that basis. ***Binance*** might have "elected to structure the transaction" in a particular way. Adv. D.I. 114 at 17. ***Binance*** might "have been well aware . . . that FTX would have to use a New York trust to 'mint' the BUSD." Adv. D.I. 114 at 16. And ***Binance*** might have "cashed out of [its] investment," Adv. D.I. 114 at 14, 15, and "profit[ed] extraordinarily" in so doing, Adv. D.I. 114 at 13. But nothing suggests ***Lim*** engaged in—or was even aware of—such conduct. In fact, the record unambiguously refutes it.

The Complaint itself alleges Lim had only "nominal" involvement in the accused transfers, lacked true ownership of the shares, did not participate in the negotiations for their repurchase, and received none of the consideration. Compl. ¶¶43-45; *see* Adv. D.I. 94. Even ***Plaintiffs' own evidence*** proves those points. In opposing the Corporate Defendants' motion to dismiss, plaintiffs rely on numerous emails between Binance and FTX executives negotiating the terms of the July 2021 Share Repurchase. Adv. D.I. 107, Exs. 3-7. The emails make clear that the transaction involved FTX's repurchase of ***Binance's*** interests in FTX, with both parties referring to all the shares—including those nominally held by Lim—as ***Binance's*** shareholdings and ***Binance's*** equity. Adv. D.I. 107, Exs. 3-7. Lim is conspicuously ***absent***. He does not appear on a single

---

[5] Numerous courts dismiss individual defendants on that basis. *See, e.g.*, *In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1325 (S.D. Fla. 2010) (dismissing individual defendants where complaint sought to impute corporate contacts to them); *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1140-41 (S.D. Fla. 2007) (holding that "none of the corporate acts detailed in Plaintiffs' Complaint or in [a declaration]" could "be imputed to Defendants as individuals"); *McDonough v. Gorman*, No. 16-cv-203, 2017 WL 3528846, at *3 (D. Del. Aug. 16, 2017) (facts "attributable . . . solely to the LLC Defendant" not attributable to either individual defendant or secondary corporate defendant).

email plaintiffs have produced, ***even those communications exchanging drafts and making specific changes to the agreements that bear Lim's name***. *E.g.*, Adv. D.I. 108, Ex. 5 at 7-8. That record—created by ***plaintiffs***—refutes plaintiffs' unsubstantiated assertion that Lim had some unknown, unalleged involvement beyond participating as a nominal signatory on Binance's behalf. Lim has averred, Adv. D.I. 94 ¶¶ 8-10, and plaintiffs have now corroborated, that that simply was not the case.

Nor can plaintiffs' own conduct be ascribed to Lim. *Gonzalez v. BAM Trading Servs., Inc.*, No. 24-cv-08521, 2024 WL 4589791, at *8 (D.N.J. Oct. 28, 2024). "[A]llegations concern[ing] Plaintiff's 'unilateral activity,' rather than that of any [] Defendant, [] do not support specific jurisdiction." *Id.* Plaintiffs thus cannot rely on the fact that ***FTX*** minted BUSD through third parties in New York, routed funds through U.S. correspondent banks, engaged U.S. counsel, or structured the non-U.S.-based Alameda entity that made the accused transfers under a U.S.-based parent company. Adv. D.I. 114 at 17-18. Plaintiffs offer nothing beyond conjecture showing that Lim was even aware of those supposed contacts, regardless.

2.      *Plaintiffs' Additional Evidence Also Fails*

Lacking sufficient suit-related evidence, plaintiffs turn to two court documents from different cases, involving different parties, and addressing different claims. But neither document mentions FTX, WRS, Alameda, the accused transfers, or ***any fact relating to this defendant*** and ***these claims***. Adv. D.I. 108, Ex. 16; Adv. D.I. 115, Ex. 1. They thus fail to support jurisdiction.

First, plaintiffs attach the plea agreement ***Binance*** entered in *United States v. Binance Holdings Ltd., d/b/a Binance.com*, No. 23-cr-0178 (W.D. Wash. Nov. 21, 2023) (the "Binance Plea Agreement"). Adv. D.I. 108, Ex. 16. The agreement is between the United States and Binance Holdings Limited. Adv. D.I. 108, Ex. 16 at 2; Adv. D.I. 114 at 10. Lim is not a party. Plaintiffs argue the conduct described in the plea agreement can be ascribed to Lim. Adv. D.I. 114

at 10-11. But that sweeping attempt to impute ***all*** of the "Binance Enterprise's" conduct to Lim blinks reality. It also contradicts decades of precedent requiring that personal jurisdiction be based on contacts the "'defendant *himself*' creates with the forum." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); pp. 4-6, *supra*. Plaintiffs nowhere even attempt to show how the admissions Binance allegedly made can be attributed to Lim. *See* Adv. D.I. 114 at 10-11.

Even if they could, those admissions would not suffice to establish jurisdiction, as the Binance Plea Agreement fails to relate to the claims at issue. *See Marten*, 499 F.3d at 296 (jurisdiction "depends on the relationship between the claims and contacts"). The agreement relates to the operation of Binance's cryptocurrency business, regulatory and legal requirements applicable to that business, and Binance's internal controls. Adv. D.I. 108, Ex. 16. It nowhere discusses the transactions at issue here, nor does it relate in any way to the underlying facts in this case. *Compare* Adv. D.I. 108, Ex. 16 at 2-4, *with* Compl. ¶¶ 1-51, 80-128. Plaintiffs cannot force Lim to defend himself in this suit because his former employer happened to settle claims in a different suit, before a different court, with a different plaintiff, arising from different facts.

Nor can plaintiffs rely on the consent order entered in the Northern District of Illinois in *CFTC v. Zhao*, No. 23-cv-01887 (N.D. Ill. Dec. 14, 2023) (the "Consent Order"); Adv. D.I. 115, Ex. 1. "[I]t is well established that consent to personal jurisdiction in one case does not waive . . . personal jurisdiction in another case in that same forum." *Alkanani v. Aegis Def. Servs., LLC*, 976 F. Supp. 2d 13, 37 & n.10 (D.D.C. 2014) (Ketanji Brown Jackson, J.); *Yankees Ent. & Sports Network, LLC v. Hartford Fire Ins. Co.*, 634 F. Supp. 3d 203, 207-08 (D. Del. 2022) (similar).[6]

---

[6] A consent order's power is limited by the parties' consent to the agreement's "'precise terms'" and willingness to "'waive their right to litigate the issues involved in the case . . . .'" *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 522 (1986). By the Consent Order's own terms, Lim consented "to the use of th[e] Consent Order, or the Findings of Fact and Conclusions of Law [t]herein" only in that case or in another "proceeding

Nor can the Consent Order show minimum contacts, as it also lacks any relevance to the present claims. *See Hasson v. FullStory, Inc.*, 114 F.4th 181, 193 (3d Cir. 2024) (plaintiffs' claims must "arise out of or relate to" the defendant's forum contacts). The Consent Order addressed claims brought by the Commodity Futures Trading Commission ("CFTC"). Adv. D.I. 115, Ex. 1 at 9-13. The factual predicates for those claims—which, contrary to plaintiffs' mischaracterizations, Lim did not admit—relate to Binance's operation of its cryptocurrency trading business, Binance's internal controls, and related regulatory requirements. *See* Adv. D.I. 115. Plaintiffs point to no genuine connection between that subject matter and the purchase and sale of WRS shares at the heart of this suit. That is fatal. *Beaton v. LG Chem, Ltd.*, No. 20-cv-06806, 2021 WL 3828835, at *4-5 (D.N.J. Aug. 26, 2021) (dismissing defendant for lack of personal jurisdiction because prior forum litigation involving patent infringement claims was "unrelated" to products liability claims); *see Olympia Steel Bldgs. Sys. Corp. v. Gen. Steel Domestic Sales, LLC*, No. 06-cv-1597, 2007 WL 1816281, at *3 (W.D. Pa. June 22, 2007) (rejecting "novel theory that participating in a litigation on *entirely different claims* and with *entirely different parties* . . . constitutes a waiver of a jurisdictional defense").

## B. Exercising Jurisdiction Would Offend Traditional Notions of Justice

Even if plaintiffs had established the requisite minimum contacts, haling Lim into a U.S. court would still "offend 'traditional notions of fair play and substantial justice.' " *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011); Adv. D.I. 93 at 11-13.

Contrary to plaintiffs' contention, Adv. D.I. 114 at 20, prior, settled litigation involving Lim and requiring the retention of counsel does not lessen the substantial burden associated with

---

brought by the Commission or to which the Commission is a party[.]"  Adv. D.I. 115, Ex. 1 at ¶¶ 12-14.

defending this suit. *See Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 114 (1987). Plaintiffs' argument simply ignores the expense and burden that the Supreme Court has recognized is particularly acute for foreign individuals. *Id.* Nor does *TriStrata Technology, Inc. v. Emulgen Laboratories, Inc.*, 537 F. Supp. 2d 635 (D. Del. 2008) support plaintiffs. That case stands only for the point that struggling to locate non-conflicted forum counsel does not render the exercise of jurisdiction contrary to due process. *Id.* at 642.

The remaining factors similarly favor dismissal. No social or legal policy hinges on Lim's participation in this suit. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 370-71 (3d Cir. 2002). Nor would Lim's dismissal diminish the United States's "strong interest in applying its laws," Adv. D.I. 114 at 20, given his negligible role in the transfers at issue. Plaintiffs' interest in keeping Lim before this Court is *de minimis* for the same reason. Adv. D.I. 93 at 11-13.

### C.      The Effects Test Is Inapplicable and Not Satisfied

Plaintiffs' reliance on the "effects test" is also misplaced. As plaintiffs acknowledge, Adv. D.I. 114 at 21, that test applies only to intentional torts. At most, it would apply to Counts III and IV, not to the constructive fraudulent transfers alleged in Counts I, II, and V. *See* Compl. ¶¶ 80-104, 125-28; *In re Astropower Liquidating Tr.*, No. 04-10322 (MFW), 2006 WL 2850110, at *4-5 (Bankr. D. Del. Oct. 2, 2006). But even to the extent applicable, plaintiffs have not shown that Lim "'expressly aimed . . . tortious conduct at the forum[.]'" *Hasson*, 114 F.4th at 192. Lim's declaration establishes the opposite—that he "never engaged in any substantive business activities" associated with the shares he nominally held, and never "engage[d] in any activity relating to WRS . . . that created or involved any connection to the United States." Adv. D.I. 94 ¶ 10. Plaintiffs do not contest the point. Instead, they recycle the unsubstantiated and generic argument that Lim "expressly aimed" conduct at the United States by seeking "to profit from the U.S. market" and obtaining consideration "minted from a New York Trust." Adv. D.I. 114 at 22.

9

But plaintiffs advance no support for those claims, which are directly contradicted by the Complaint and the evidence, regardless. *See* Compl. ¶¶ 43-45; pp. 3-6, *supra*.

### D.      Lim Has Not Waived Any Jurisdictional Defense

Plaintiffs' waiver argument fares even worse.  The Federal Rules make clear that "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12(b).  Rule 12(g) encourages defendants to raise all defenses or objections in a single motion.  *Id.* at Rule 12(g).  And Rule 12(h) expressly deems the personal jurisdiction defense waived if not raised alongside other defenses.  *Id.* at Rule 12(h).  Lim's consolidated motion is not only consistent with—but is ***mandated by***—those rules. *See Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015).[7]

Lim's conduct throughout litigation has also been incontrovertibly inconsistent with waiver.  *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 107 (3d Cir. 2019) (waiver appropriate only where consistent with party's litigation conduct).   The parties, including plaintiffs, ***repeatedly stipulated*** that Lim did "not waive, but rather ***expressly reserve[d]***, any and all . . . defenses, . . . including but not limited to defenses based on lack of personal or subject matter jurisdiction[.]"  Adv. D.I. 80-1 at 1-2 (emphasis added); Adv. D.I. 58-1 at 1-2.  Plaintiffs should not be permitted to re-trade that position now.

### E.      The Court Should Deny Jurisdictional Discovery

Plaintiffs' request for jurisdictional discovery likewise fails.  The law in this district is clear.  "[I]f a party fails to make out a *prima facie* showing of personal jurisdiction, then the party

---

[7] Neither case plaintiffs cite shows otherwise.  *See Asbestos Prods. Liab. Litig.*, 921 F.3d at 106-07 (defendants waived personal jurisdiction defense through conduct the "parties expressly agreed" "could demonstrate waiver"); *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (summary judgment on counterclaim before securing judicial determination on question of personal jurisdiction waived defense).

is not entitled to take jurisdictional discovery." *Sierra v. Trafigura Trading LLC*, No. 22-cv-366, 2024 WL 3823018, at *14 (D. Del. Aug. 14, 2024); *Zausner Food Corps v. ECB USA, Inc.*, No. 20-1769, 2022 WL 609110, at *11 n.16 (D. Del. Jan. 31, 2022). Plaintiffs have failed to make that showing. Pp. 2-10, *supra*. They do not even attempt to "suggest 'with reasonable particularity' " what "possible" other contacts Lim might have with the forum. *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). Those failures preclude jurisdictional discovery. *Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (affirming denial of jurisdictional discovery and dismissal of individual defendants where plaintiffs could not "suggest, much less show, substantial acts in" forum). Especially considering Lim's status as an individual defendant and the dearth of allegations against him, *see id.*, the court should not permit plaintiffs to "undertake a fishing expedition . . . under the guise of jurisdictional discovery." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010).

## II.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST LIM

Plaintiffs do not dispute that they must plausibly allege that Lim was a "transferee" or "the entity for whose benefit such transfer was made" under 11 U.S.C. § 550(a) to survive a motion to dismiss under Rule 12(b)(6). Adv. D.I. 93 at 13. Plaintiffs cannot meet that standard because they have ***pleaded and conceded*** that Lim was neither a transferee nor a beneficiary. Adv. D.I. 106 at 18. Those concessions confirm what every piece of relevant evidence makes plain: Lim was only a nominal participant in the accused transactions. This Court's case law is clear—and plaintiffs do not dispute—that such nominal participation is insufficient to justify recovery. Adv. D.I. 93 at 13-17. The claims against Lim should thus be dismissed.

### A.    Lim Is Not a Transferee Subject to Recovery

In opposing the Binance Defendants' motion to dismiss, plaintiffs state that "the Binance Defendants, and ***not the Individual Defendants***, were the direct transferees for *all* of the

consideration in connection with the 2021 Share Repurchase, including the consideration paid for the WRS shares." Adv. D.I. 106 at 18 (emphasis added). Thus, according to plaintiffs, "the Binance Defendants are properly treated . . . as the initial transferees of the consideration paid . . . ." Adv. D.I. 106 at 18. That concession "bind[s]" plaintiffs. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 211 n.20 (3d Cir. 2006). And it dooms any contention that Lim was an initial transferee. *See Daughtry v. Fam. Dollar Stores, Inc.*, 634 F. Supp. 2d 475, 481 (D. Del. 2009) (dismissing claim where complaint alleged exhaustion but plaintiffs "subsequently conceded" opposite).

While this Court need not go further, Lim's dismissal is required even without that concession. To qualify as a transferee under § 550(a), a party must exercise "dominion over the money or other asset" transferred such that the party has "the right to put the money to [its] own purposes." *Bonded Fin. Servs., Inc. v. Euro. Am. Bank*, 838 F.2d 890, 893 (7th Cir. 1988). Where a party "act[s] as a mere conduit," it cannot be held liable as a "transferee." *Argus Mgmt. Grp. v. GAB Robins, Inc. (In re CVEO Corp.)*, 327 B.R. 210, 216 (Bankr. D. Del. 2005). That excludes Lim.

Far from alleging that Lim possessed or controlled the funds—let alone had "the legal right to use the funds" how he wished, *Burtch v. Stylish Move Sportswear Inc. (In re Factory 2-U Stores, Inc.)*, No. 05-ap-30384, 2007 WL 2698207, at *3 (Bankr. D. Del. Sept. 11, 2007)—the Complaint affirmatively alleges that all the consideration in the accused transfers was sent "to Binance," Compl. ¶ 45, not Lim. Contrary to plaintiffs' contention, taking those allegations at face value attends to the Complaint's "details." Adv. D.I. 114 at 25. It also leads to the conclusion that plaintiffs have pleaded away any claim that Lim was a transferee.

12

Nothing in *In re Zohar III, Corp.* suggests otherwise.  In *Zohar*, the court observed that, "[i]n general, a fraudulent transfer claim will withstand dismissal if it alleges, *inter alia*, the transferor, the transferee, the amount of the transfer, and relevant date."  631 B.R. 133, 170 (Bankr. D. Del. 2021).  But that does not vitiate the need for "specific allegations within the complaint regarding which [defendant] received the transfers[.]"  *In re PennySaver USA Publishing, LLC*, 602 B.R. 256, 268 (Bankr. D. Del. 2019) (transferee "'liability is personal'").  Indeed, the *Zohar* court itself dismissed some claims because the complaint failed to allege *which* defendant received the transfers.  631 B.R. at 171.  Here, plaintiffs have specifically pleaded a particular entity— *Binance*—was "the transferee," Compl. ¶¶ 43-45.  The funds could not have gone to *both* Binance and Lim simultaneously.  Thus, Lim could not have been the initial transferee.[8]  Plaintiffs cannot avoid the straightforward result of their own allegations.  "[A] complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover [may] properly [be] dismissed without leave to amend."  *Brace v. County of Luzerne*, 873 F. Supp. 2d 616, 632 (M.D. Pa. 2012).

Plaintiffs make zero effort to distinguish—or even address—the numerous cases Lim cites in support.  Adv. D.I. 93 at 14-15 (collecting cases dismissing defendants based on inadequate and self-defeating fraudulent transfer allegations).  That, alone, concedes the point.  *See Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 437 n.11 (3d Cir. 2005).

## B.    Lim Is Not a Beneficiary Subject to Recovery

The Complaint likewise fails to plausibly allege that Lim was "the entity for whose benefit [the] transfer[s] w[ere] made," 11 U.S.C. § 550(a)(1).  There are no allegations that Lim received

---

[8] Plaintiffs' passing reference to "mediate transferee[s]," Adv. D.I. 114 at 27, is legally insufficient, *United States v. Penn*, 870 F.3d 164, 168-69 (3d Cir. 2017) (undeveloped arguments are waived), and is wholly unsupported by any factual allegation or evidence, regardless, *Oakwood Labs. LLC v. Thanoo*, 999 F. 3d 892, 904 (3d Cir. 2021) (recitation of legal elements or legal conclusions is insufficient to state a claim).

an " 'an actual benefit' " from the transfers. *Halperin v. Moreno (In re Green Field Energy Servs., Inc.)*, 594 B.R. 239, 288 (Bankr. D. Del. 2018); *Gellert v. Coltec Indus., Inc. (In re Crucible Materials Corp.)*, No. 11-ap-53884, 2012 WL 5360945, at *7 (Bankr. D. Del. Oct. 31, 2012) ("The enjoyment of some indirect, unquantifiable benefit . . . is not sufficient to establish liability under Section 550(a)."). Indeed, the Complaint alleges the opposite: The transfers were made for Binance's benefit, under an agreement Binance made with FTX, to effectuate Binance's desire to exit its investment in FTX, with all of the consideration flowing "to Binance," Compl. ¶ 45. Adv. D.I. 93 at 4. Any benefits thus ran to Binance, not Lim. And Lim's status as a former Binance employee does not render him a beneficiary alongside his former employer. *Miller v. McCown de Leeuw & Co. (In re The Brown Schs.)*, 386 B.R. 37, 53-54 (Bankr. D. Del. 2008).

Plaintiffs' only response is conjecture. Plaintiffs claim, without support, that Lim must have enjoyed some benefit as the "named" seller. Adv. D.I. 114 at 26-27. But the Complaint's allegations directly contradict that. Compl. ¶¶ 43-45. And guesswork is insufficient to survive a motion to dismiss, regardless. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789-90 (3d Cir. 2016). Because the Complaint fails plausibly to allege that recovery against Lim is appropriate under § 550(a), the claims against Lim must be dismissed.[9]

## III. DISMISSAL SHOULD BE WITH PREJUDICE

The Court should dismiss the claims against Lim with prejudice. Plaintiffs had the option of amending the complaint to address its deficiencies. Fed. R. Civ. P.15(a)(1)(B); Fed. R. Bankr. P. 7015. Plaintiffs opted to litigate instead, at significant expense to the parties. Having produced

---

[9] Plaintiffs contend that the Fraudulent Conveyance Claims should not be dismissed "for additional reasons[,]" namely that the Consent Order somehow plausibly alleges what the Complaint has not—that Lim was either a transferee or beneficiary, Adv. D.I. 114 at 27. Even to the extent it can be considered, however, nothing in the Consent Order relates to the accused transfers or any related benefits. Pp. 7-8, *supra*.

no evidence to overcome the Complaint's flaws as to Lim, plaintiffs should not be provided another bite at the apple. The Third Circuit is clear:  "[A] 'bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought . . . does not constitute a motion [to amend] within the contemplation of Rule 15(a).' "  *U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013); *see In re Allergan ERISA Litig.*, 975 F.3d 348, 358 (3d Cir. 2020) (upholding denial of leave to amend where plaintiffs "failed to say anything at all about how they intended to amend their pleading").  And where a plaintiff "neglect[s] to attach a draft amended complaint[,]" that failure is independently " 'fatal to [the] request for leave to amend.' "  *Zizic*, 728 F.3d at 243.  For both those reasons, plaintiffs' request for dismissal without prejudice is improper and must be denied.[10]

## **CONCLUSION**

The claims against defendant Samuel Lim should be dismissed with prejudice.[11]

---

[10] Numerous courts agree.  *See In re FTX Trading Ltd.*, No. 23-ap-50379, 2024 WL 4562675, at *16 (Bankr. D. Del. Oct. 23, 2024); *In re Our Alchemy, LLC*, No. 18-ap-50633, 2019 WL 4447541, at *17 (Bankr. D. Del. Sept. 16, 2019).  That the court in *FTX Trading Ltd.* granted an ***unopposed*** motion for leave to amend relating to a subset of the dismissed claims hardly casts doubt on that well-recognized rule.  *See* No. 23-ap-50379, Adv. D.I. 190, 193 (Bankr. D. Del.).

[11] Myriad additional reasons independently require dismissal of the claims against Lim.  Those reasons are stated in the other defendants' motions to dismiss and supporting briefs.  Lim adopts and incorporates those arguments here, including: (1) with respect to all claims against Lim (Counts I through V), the arguments in Digital Anchor Holdings Limited's briefs regarding arbitration provisions in the relevant transfer agreements, Adv. D.I. 63 at 6-10; Adv. D.I. 119 at 1-5; (2) with respect to the constructive fraudulent transfer claims (Counts I, II, and V), the arguments made in the BHL Defendants' briefs regarding the Safe Harbor provision under Bankruptcy Code Section 546(e), the Debtors' solvency, and the reasonably equivalent value received under the Share Repurchase Agreements, Adv. D.I. 67 at 12-16, 17-20; Adv. D.I. 120 at 10-17; and (3) with respect to the intentional fraudulent transfer claims (Counts III and IV), the arguments made in the BHL Defendants' briefs regarding allegations of fraudulent intent, Adv. D.I. 67 at 20-22; Adv. D.I. 120 at 17-20.

Dated: September 12, 2025            **PACHULSKI STANG ZIEHL & JONES LLP**
Wilmington, Delaware

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com

-and-

**MOLOLAMKEN LLP**
Justin V. Shur (admitted *pro hac vice*)
Walter H Hawes IV (admitted *pro hac vice*)
600 New Hampshire Ave., N.W.
Washington, D.C.  20037
Telephone: (202) 556-2005
Facsimile: (202) 556-2001
Email: jshur@mololamken.com
             whawes@mololamken.com

Peter C. Douglas (admitted *pro hac vice*)
300 N. LaSalle Street, Suite 5350
Chicago, IL  60654
Telephone: (312) 450-6719
Facsimile: (312) 450-6701
Email: pdouglas@mololamken.com

*Counsel for Defendant Samuel Wenjun Lim*

16