**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST, FTX DIGITAL MARKETS, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, *et al.*,<br><br>Defendants. | Adv. Pro. No. 24-50222 (KBO) |

**EMERGENCY MOTION OF DEFENDANTS FOR AN ORDER EXTENDING THE DEADLINE TO FILE (1) NOTICE OF INTERLOCUTORY APPEAL AND MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL; AND (2) NOTICE OF APPEAL AS OF RIGHT**

Defendants Binance Holdings Limited, Binance Holdings (IE) Limited, Binance (Services) Holdings Limited, Digital Anchor Holdings Limited (formerly known as Binance Capital Management Co. Ltd.), and Changpeng Zhao (collectively, the "Moving Defendants"), by and through their undersigned counsel, hereby submit this joint emergency motion (the "Motion") for an Order, substantially in the form attached hereto, under Rules 8002(d) and 8004(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending Moving Defendants' time to file (1) a notice of interlocutory appeal and motion for leave to file an interlocutory appeal from this Court's order granting in part, and denying in part, the Moving Defendants' motions to dismiss, and (2) a notice of appeal as of right from this Court's order denying the motion to compel arbitration filed by Defendant Digital Anchor Holdings Limited (formerly known as Binance

Capital Management Co. Ltd.) ("Digital Anchor").   Because the Moving Defendants' current deadline to file a notice of appeal is August 7, 2026, the Moving Defendants respectfully request that the Court consider this emergency motion as soon as the Court's schedule permits and on or before the August 7, 2026 deadline.   In support of the Motion, the Moving Defendants state as follows:

## BACKGROUND

1.   On November 10, 2024, Plaintiffs initiated the above-captioned adversary proceeding by filing the Complaint for Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548, 550, Injurious Falsehood, Fraud, Intentional Misrepresentation, and Unjust Enrichment (Adv. D.I. 1) (the "Complaint"), in the United States Bankruptcy Court for the District of Delaware (the "Court"), totaling 42 pages, 144 paragraphs, and asserting nine causes of action.

2.   On May 16, 2025, Defendants Binance Holdings Limited, Binance Holdings (IE) Limited, and Binance (Services) Holdings Limited (the "BHL Defendants") filed a motion to dismiss (the "BHL Motion to Dismiss"). Adv. D.I. 66.  Separately, Defendant Digital Anchor filed a motion to compel arbitration, dismiss, or abstain.  Adv. D.I. 62.

3.   On July 11, 2025, Defendants Samuel Wenjun Lim and Dinghua Xiao filed motions to dismiss.  Adv. D.I. 92, 95.

4.   On August 4, 2025, Defendant Changpeng Zhao filed a motion to dismiss.  Adv. D.I. 104.

5.   In their memorandum of law in support of the BHL Motion to Dismiss, the BHL Defendants expressly "adopt[ed] and incorporate[d] by reference" Defendant Digital Anchor's arguments in its motion to compel arbitration, dismiss or abstain that Plaintiffs' fraudulent-transfer claims must be arbitrated.  Adv. D.I. 67 at 13 n.8.  The BHL Defendants reaffirmed their adoption

of those arguments in their reply brief, further noting that "the arbitration clauses included in the July 2021 Share Transfer Agreements may be invoked by the BHL Defendants since Plaintiffs' 'claims [are] intimately founded in and intertwined with the underlying contract obligations.'" Adv. D.I. 120 at 18 n.6 (quoting *Griswold v. Coventry First LLC*, 762 F.3d 264, 272 (3d Cir. 2014)).  The motions were fully briefed, and the Court heard oral argument on April 8, 2026.  Adv. D.I. 149-150.

6.    On July 24, 2026, the Court issued an opinion and order (the "Order") (i) denying Defendant Digital Anchor's motion to compel arbitration or abstain and (ii) granting in part and denying in part the Moving Defendants' motions to dismiss, and following issuance of the Order, Counts I through V of the Complaint have not been dismissed as to the Moving Defendants.  Adv. D.I. 159.

7.    Following entry of the Order, the BHL Defendants retained Milbank LLP and are in the process of retaining new Delaware counsel to serve as their counsel in this proceeding in place of their prior counsel.

8.    The undersigned counsel are in the process of reviewing the record and independently evaluating their respective clients' appellate options with respect to the Order.

**RELIEF REQUESTED**

9.    By this Motion, the Moving Defendants respectfully request entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), extending the applicable deadlines for the Moving Defendants as follows:  (i) the deadline to file a notice of interlocutory appeal and a motion for leave to file an interlocutory appeal, under Bankruptcy Rule 8004, from the portion of the Order denying in part the Moving Defendants' motions to dismiss; and (ii) the deadline for those Moving Defendants asserting arbitration rights to file a notice of

appeal, under Bankruptcy Rule 8002, from the portion of the Order denying Defendant Digital Anchor's motion to compel arbitration (together, the "Appellate Deadlines").

10. Consistent with the limits of Bankruptcy Rule 8002(d)(3), the Moving Defendants request that each of the Appellate Deadlines be extended by twenty-one (21) days to August 28, 2026.

## BASIS FOR RELIEF

11. An order denying a motion to compel arbitration is immediately appealable as of right. *See* 9 U.S.C. § 16(a)(1). Under Bankruptcy Rule 8002(a)(1), those Moving Defendants asserting arbitration rights have fourteen days after entry of the Order to file a notice of appeal with the clerk of this Court.

12. An appeal from an interlocutory order may be taken only with leave of the District Court under 28 U.S.C. § 158(a)(3), and a party seeking such review must file a notice of appeal and motion for leave to appeal in accordance with Bankruptcy Rule 8004. Under Bankruptcy Rule 8004(a)(1), the notice of appeal and motion for leave to appeal must be filed within the time prescribed by Bankruptcy Rule 8002—again, fourteen days after entry of the Order.

13. That fourteen-day period is presently set to expire on August 7, 2026. Including given that the BHL Defendants have recently retained new counsel, the Moving Defendants require additional time to consider the merits and desirability of appealing the Order, which ruled on a series of complex legal questions. For example, the Order addresses the arbitrability of claims, the extraterritorial reach of the Bankruptcy Code's avoidance and recovery provisions, the collective personal jurisdiction and alter ego analysis applied to foreign defendants, and the availability of the safe harbor defense of section 546(e) of the Bankruptcy Code. Evaluating

whether and how to appeal the rulings on these issues requires careful analysis by each Moving Defendant and its respective counsel, including the BHL Defendants' newly retained counsel.

14. Under section (d) of Bankruptcy Rule 8002, the Court may grant an extension of up to 21 days beyond the time prescribed by section (a)(1) or 14 days after the order granting the extension is entered, whichever is later, upon the motion of a party filed within the initial 14-day appeal period. *See* Fed. R. Bankr. P. 8002(d)(3) ("An extension of time must not exceed 21 days after the time allowed by this rule, or 14 days after the order granting the motion to extend time is entered—whichever is later."); *Moreno-Cuevas v. Town Sports Int'l, LLC* (*In re Town Sports Int'l*), 2021 WL 3793899 , at *4 (D. Del. Aug. 26, 2021) ("Under Bankruptcy Rule 8002(d)(1), a bankruptcy court 'may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect.'"). None of the exceptions in Bankruptcy Rule 8002(d)(2) applies to the Order.

15. Because this motion is being filed prior to the expiration of the initial fourteen-day appeal period provided by Bankruptcy Rule 8002(a)(1), the Moving Defendants need not establish excusable neglect. *See* 10A Collier on Bankruptcy ¶ 8002.09 (16th 2026) ("The absences of a standard to govern the decision of the bankruptcy court if the request for an extension of time is made prior to the expiration of the periods prescribed in Rule 2002(a) and (b) suggests that . . . the extension should usually be granted.").

16. Good cause supports extending the Appellate Deadlines. Each Moving Defendant requires additional time to evaluate independently the rulings applicable to that party and determine whether to seek appellate review. Further, the recent substitution of the BHL Defendants' counsel supplies ample cause for a brief extension. The BHL Defendants retained Milbank only after entry of the Order and they are still in the process of retaining new Delaware

counsel.  The BHL Defendants' new counsel must familiarize themselves with a substantial record—including a forty-two-page Complaint, three rounds of dispositive briefing with at least six declarations and more than thirty exhibits, and a thirty-one-page Order resolving five separate motions—before they can responsibly advise the BHL Defendants whether and how to pursue an appeal of the portion of the Order denying Defendant Digital Anchor's motion to compel arbitration and to seek leave and appeal the portion of the Order denying in part the BHL Motion to Dismiss.

17. Additional equitable considerations confirm that the extension is warranted.  The requested extension is short and will not delay the progress of this proceeding.  No party will suffer prejudice, as the extension preserves the status quo.  The requested extension of the Appellate Deadlines does not alter any other deadline.[1]  The reason for the requested extension—the recent retention by the BHL Defendants of new counsel and the need for each Moving Defendant independently to evaluate that party's appellate options—is legitimate and does not reflect any lack of diligence.  The Motion is brought in good faith and not for any improper purpose or to obtain tactical delay.

18. The Court should extend the applicable Appellate Deadlines for all Moving Defendants.  Issues relevant to appeal are shared across the Moving Defendants.  For example, the potential appellate issues include overlapping questions concerning the arbitrability of the fraudulent-transfer claims and/or the Court's threshold personal-jurisdiction analysis, which

---

[1]    While the Moving Defendants intend to continue meeting the existing case deadlines, including the upcoming deadline for a Federal Rule of Civil Procedure 26(f) conference, *see* Adv. D.I. 113 at 2, if and when the Moving Defendants seek leave to appeal or file a notice of appeal, they may move to stay some or all case deadlines pending resolution of any such appeal. Additionally, Plaintiffs have agreed that, at least for the BHL Defendants, the deadline to answer the Complaint will be extended to September 11, 2026.  They shortly will file a stipulation to be so-ordered by the Court.

considered the Remaining Defendants' contacts on a collective basis. Order at 9-10, 16, Adv. D.I. 159. Given this substantial overlap, a uniform extension will afford the Moving Defendants an opportunity to evaluate their respective appellate options. A uniform extension will also serve judicial economy: extending the Appellate Deadlines for all Moving Defendants will enable any reviewing court to consider the overlapping arbitration and Federal Rule of Civil Procedure 12(b) issues at one time, rather than through piecemeal appeals filed on staggered schedules.

19. The Moving Defendants submit this Motion jointly solely to promote judicial economy and preserve their respective appellate deadlines; nothing in the Motion commits any Moving Defendant to appeal or to adopt another Defendant's position.

**CONCLUSION**

WHEREFORE, the Moving Defendants respectfully request that this Court enter the Proposed Order, substantially in the form submitted herewith, extending the applicable Appellate Deadlines for the Moving Defendants to and including August 28, 2026, and granting such other and further relief as is just and proper.

[*Signature page follows*]

Dated:   August 3, 2026
          Wilmington, Delaware

**CONNOLLY GALLAGHER, LLP**

*/s/ Karen C. Bifferato*
Karen C. Bifferato (No. 3279)
1201 North Market Street, 20th Fl.
Wilmington, DE 19801
Telephone: (302) 888-6221
kbifferato@connollygallagher.com

-and-

**MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.**

Karen R. King (admitted *pro hac vice*)
Peter Menz (admitted *pro hac vice*)
565 Fifth Avenue
New York, NY 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494
kking@maglaw.com
pmenz@maglaw.com

*Counsel for Defendant Digital Anchor
Holdings Limited*

- 8 -

Dated: August 3, 2026
       New York, New York

**MILBANK LLP**

*/s/ Alexander B. Lees*

Sean Murphy (*pro hac vice* forthcoming)
Nola Heller (*pro hac vice* forthcoming)
Alexander B. Lees  (*pro hac vice* forthcoming)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
smurphy@milbank.com
nheller@milbank.com
alees@milbank.com

Olivia Choe (*pro hac vice* forthcoming)
Brett P. Lowe (*pro hac vice* forthcoming)
1101 New York Avenue NW
Washington, DC 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586
ochoe@milbank.com
blowe@milbank.com

*Counsel for Defendants Binance Holdings Limited, Binance Holdings (IE) Limited, and Binance (Services) Holdings Limited*

Dated:   August 3, 2026
         Wilmington, Delaware

**BAKER & HOSTETLER LLP**

*/s/ Michael E. Neminski*
Michael E. Neminski (No. 6723)
1201 North Market Street, Suite 1407
Wilmington, DE 19801
Telephone: (302) 407-4218
mneminski@bakerlaw.com

Katherine L. McKnight
1050 Connecticut Ave., NW, S-1100
Washington, DC 20036
Telephone: (202) 861-1630
kmcknight@bakerlaw.com


*Counsel for Defendant Changpeng Zhao*