**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | |
| Debtors. | Case No. 22-11068 (KBO) |
| | (Jointly Administered) |
| FTX RECOVERY TRUST, FTX DIGITAL MARKETS, LTD. | |
| Plaintiffs, | |
| - against - | |
| BINANCE HOLDINGS LIMITED, BINANCE CAPITAL MANAGEMENT CO. LTD, BINANCE HOLDINGS (IE) LIMITED, BINANCE (SERVICES) HOLDINGS LIMITED, CHANGPENG ZHAO, DINGHUA XIAO, SAMUEL WENJUN LIM, and DOES 1-1000 | Adv. Pro. No. 24-50222 (KBO) |
| Defendants. | |

**DIGITAL ANCHOR'S MOTION TO STAY
PENDING APPEAL ON ARBITRABILITY**

Defendant Digital Anchor Holdings Limited ("Digital Anchor"), by and through undersigned counsel, respectfully submits the following memorandum of law in support of its motion for a stay pending appeal of arbitrability pursuant to 9 U.S.C. § 16 and 28 U.S.C. § 158(a)(1).

## BACKGROUND

1.      On November 10, 2024, Plaintiffs filed a Complaint for Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548, 550, Injurious Falsehood, Fraud, Intentional Misrepresentation, and Unjust Enrichment against Digital Anchor (formerly Binance Capital Management Co. Ltd.), the BHL Defendants,[1] Samuel Wenjun Lim, Dinghua Xiao, and Changpeng Zhao. Adv. D.I. 1.  Through their fraudulent transfer claims, Plaintiffs seek to void a 2021 transaction whereby FTX repurchased approximately $2 billion of FTX shares pursuant to a Share Repurchase Agreement (the "FTX Repurchase Agreement"), as well as a smaller repurchase of shares in a related company, on the ground that, at the time of the repurchases, FTX Trading and the other Debtors were "insolvent" and "actively misrepresent[ing]… material facts about their business." *Id.* ¶ 45.

2.      The only allegations specific to Digital Anchor in the Complaint are: (1) Digital Anchor is a company established under the laws of the British Virgin Islands, *id.* ¶ 22; and (2) Digital Anchor entered into the July 15, 2021 FTX Repurchase Agreement with former Plaintiffs FTX Trading Ltd. and Euclid Way Ltd.—both non-U.S. companies, *id.* ¶ 43.

3.      The FTX Repurchase Agreement is governed by Hong Kong law and includes a broad arbitration clause:

> **4.7 Governing Law; Jurisdiction.** This Agreement shall be governed by the internal laws of Hong Kong, without regard to conflict of law principles that would result in the application of any law other than such laws. ***Any controversy or claim arising out of or relating to this Agreement or the interpretation, breach, termination or validity hereof shall be resolved through arbitration in accordance with the Hong Kong International Arbitration Centre Arbitration Rules.*** There shall be three arbitrators. Each of Purchaser and Seller has the right to appoint one arbitrator and the third arbitrator shall be appointed by the Hong Kong International Arbitration Centre. The language to be used in the

---

[1] The "BHL Defendants" comprises Defendants Binance Holdings Limited, Binance Holdings (IE) Limited, and Binance (Services) Holdings Limited.

arbitral proceedings shall be English and the seat of the arbitration shall be Hong Kong. Adv. D.I. 63 at 14 (emphasis added).

4.      On May 16, 2025, Digital Anchor filed a motion to compel arbitration, dismiss, or abstain, in which it argued that (i) the Fraudulent Transfer claims are subject to the arbitration provision of the FTX Repurchase Agreement, and any question on arbitrability has been delegated to the Hong Kong arbitral tribunal, and (ii) plaintiffs have not pleaded facts that would give rise to personal jurisdiction over Digital Anchor in this forum.  Adv. D.I. 62.[2]

5.      On July 24, 2026, the Court issued an Opinion and Order denying Defendant Digital Anchor's motion to compel arbitration or abstain, and denying Digital Anchor's motion to dismiss based on lack of personal jurisdiction.  Adv. D.I. 159 at 16.

6.      On August 7, 2026, Digital Anchor timely filed its notice of appeal, pursuant to 28 U.S.C. §§ 158(a) and Rules 8002 and 8003 of the Federal Rules of Bankruptcy Procedure, from the July 24, 2026 Opinion and Order.[3]

## ARGUMENT

7.      Under the Supreme Court's ruling in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) and this Court's ruling in *In re Nu Ride Inc.*, 666 B.R. 510 (Bankr. D. Del. 2024), a stay of this Adversary Proceeding is required until resolution of the appeal on arbitrability.

8.      In *Coinbase, Inc. v. Bielski*, the Supreme Court held that when a party files an appeal challenging the denial of a motion to compel arbitration, the lower court must stay all

---

[2] Other defendants in the case also filed motions to dismiss. Adv. D.I. 66; Adv. D.I. 92, 95; Adv. D.I. 104.

[3] Under 9 U.S.C. § 16 and 28 U.S.C. § 158(a)(1), Digital Anchor is entitled to pursue its appeal of the Court's order denying arbitration as of right.  By order dated August 6, 2026, Adv. D.I. 176, this Court extended the deadline for appeals to August 28, 2026.  In its Notice of Appeal, Digital Anchor reserved the right to appeal other aspects of the Opinion and Order before that deadline.

proceedings pending resolution of that appeal, as a matter of right.  599 U.S. at 740–41 (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).  The Supreme Court reasoned that, "[b]ecause the question on appeal is whether the case belongs in arbitration or instead in the [lower] court, the entire case is essentially 'involved in the appeal,'" and longstanding precedent "dictates that the [lower] court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing."  *Id.* at 741 (quoting *Griggs*, 459 U.S. at 58).  The *Coinbase* Court also noted the practical issue that, without a stay, "many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost."  *Id.* at 743.  As a result, a stay pending appeal of arbitrability issues is "automatic."  *Id.*

9.    This Court has confirmed that a *Coinbase* stay is proper in an adversary proceeding like this one, which "is more akin to a civil action in district court than to a typical bankruptcy matter."  *In re Nu Ride Inc.*, 666 B.R. 510, 519 (Bankr. D. Del. 2024).  In the adversary proceedings in *Nu Ride*, the debtor-plaintiffs brought various contractual, tort, and bankruptcy claims against defendants relating to a series of agreements regarding the acquisition of the debtors-plaintiffs' manufacturing plant.  *Id.* at 512.  The defendants sought to enforce an arbitration clause that they argued governed all of debtor-plaintiffs' claims.  *Id.*  The bankruptcy court rejected their motion to compel arbitration and defendants appealed, simultaneously seeking a stay pending appeal on arbitrability pursuant to *Coinbase*.  *Id.*

10.    In granting a stay pending appeal in *Nu Ride*, this Court agreed with defendants that the holding in *Coinbase* applies to bankruptcy proceedings.  First, it observed that the list of exemptions included in a footnote in the *Coinbase* decision referred only to the narrow statutory exception for certified direct appeals under 28 U.S.C. § 158(d)(2)(D), not bankruptcy appeals

generally.[4]  *Id.* at 514.   Second, it noted that bankruptcy courts are "units" of the district courts, and that the Supreme Court's reference to § 158(d)(2)(D) would make little sense if *Coinbase* did not apply to bankruptcy appeals at all.  *Id.* at 515.   Third, this Court acknowledged the general rule that bankruptcy appeals ordinarily do not automatically stay proceedings pending an appeal, but held that the policy rationale undergirding the rules governing bankruptcy actions with "numerous (sometimes thousands) of different parties and many issues" did not apply:  a *Coinbase* stay would stay only the adversary proceeding, which is "akin to a civil action in district court," and does not affect the bankruptcy court's ability to address issues in the larger bankruptcy case.[5]  *Id.* at 518.  Ultimately, the court ruled that *Coinbase* was applicable where:

> (1) the adversary proceeding deals with discrete issues between a few parties; (2) the stay of the adversary will not affect the ability of the Court to address unrelated issues in the bankruptcy case; (3) the plan has been confirmed and there are few other matters pending; and (4) the order on appeal was a denial of the asserted right to arbitrate all of the issues present in the adversary proceeding.

*Id.* at 521.

---

[4] The footnote, which listed several statutes including the certified direct appeal bankruptcy statute, was appended to the *Coinbase* majority's statement that "when Congress wants to authorize an interlocutory appeal, but not to automatically stay district court proceedings pending that appeal, Congress typically says so. Since the creation of the modern courts of appeals system in 1891, Congress has enacted multiple statutory 'non-stay' provisions." 599 U.S. at 744.

[5] Other district courts have also granted stays pending arbitrability in adversary proceedings pursuant to the Supreme Court's holding in *Coinbase.  See e.g., Google, LLC v. Angell*, No. 5:24-CV-309-D, 2024 U.S. Dist. LEXIS 109349, at *1 (E.D.N.C. June 20, 2024) (granting *Coinbase* stay where defendant in an adversary proceeding appealed the denial of its motion to compel); *Big Picture Loans, LLC v. Eventide Credit Acquisitions, LLC*, No. 24-00103, 2024 WL 3239935, at *4 (N.D. Tex. June 27, 2024) (clarifying the scope of a previously-ordered *Coinbase* stay, which the court held applied to the adversary proceeding but not to other matters in the bankruptcy).  *But see In re: Orchid Child Prods., LLC*, No. 2:20-BK-21080-RK, 2024 WL 1740741, at *20 (Bankr. C.D. Cal. Apr. 22, 2024); *In re Harada Fam. Dental Care, P.C.*, No. 4:24-BK-40076-BPH, 2025 WL 2738569, at *4 (Bankr. D. Mont. Sept. 25, 2025). Both courts denying stays pending appeal of arbitrability in adversary proceedings did so based on arguments related to footnote 6 in the *Coinbase* decision.  As discussed here, this Court considered and rejected the argument that footnote 6 exempted appeals in bankruptcy adversary proceedings from the general *Coinbase* holding.

11.     The present matter is on all fours with the *Nu Ride* factors.  It is an adversary proceeding that stems from one transaction and concerns fraudulent transfer claims and (now-dismissed) state law claims involving only a few parties.  The plan in the broader bankruptcy action has been effective for more than a year and a half, D.I. 29127, and a stay in this adversary proceeding would not affect other proceedings or issues in the bankruptcy case.  Finally, Digital Anchor's contention has always been that all of the fraudulent transfer claims must be arbitrated, among all parties, before the Hong Kong arbitral tribunal.  In light of the dismissal of the state law claims, all remaining claims are covered by the arbitration dispute, and if Digital Anchor's position prevails on appeal, nothing will remain to be litigated in the Bankruptcy Court.

## CONCLUSION

For the foregoing reasons, the Court should enter an order staying all aspects of this proceeding, including without limitation all Defendants' obligation to answer the Complaint and participate in discovery, pending resolution of Digital Anchor's appeal of the Court's Opinion and Order.


Dated: August 7, 2026          **CONNOLLY GALLAGHER, LLP**
          Wilmington, Delaware

                              */s/ Karen C. Bifferato*
                              Karen C. Bifferato (DE Bar No. 3279)
                              1201 North Market Street, 20th Floor
                              Wilmington, DE 19801
                              (302) 888-6221
                              kbifferato@connollygallagher.com

                              -and-

6

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**

Karen R. King (admitted *pro hac vice*)
Peter Menz (admitted *pro hac vice*)
Jessica C. Salley (admitted *pro hac vice*)
565 Fifth Avenue
New York, New York 10017
(212) 856-9600 (telephone)
(212) 856-9494 (facsimile)
kking@maglaw.com
jsalley@maglaw.com
pmenz@maglaw.com

*Attorneys for Defendant Digital Anchor Holdings Limited*