**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST, FTX DIGITAL MARKETS, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, *et al.*,<br><br>Defendants. | Adv. Pro. No. 24-50222 (KBO) |

**DEFENDANTS' JOINT RULE 26(f) REPORT**

Defendants Binance Holdings Limited, Binance Holdings (IE) Limited, Binance (Services) Holdings Limited, Digital Anchor Holdings Limited f/k/a Binance Capital Management Co. Ltd ("Digital Anchor"), and Changpeng Zhao (collectively, "Defendants") respectfully submit this report under Federal Rule of Civil Procedure 26(f), made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedure, and the Case Management Plan and Scheduling Order entered August 15, 2025 [Adv. D.I. 113] (the "Scheduling Order").[1] The parties began the Rule 26(f) discovery planning conference on August 14, 2026, and concluded it on August 24, 2026.

[1] Defendants continue to contest the Court's denial of Digital Anchor's motion to compel arbitration and the Court's exercise of personal jurisdiction over them, and they do not consent to the entry of final orders or judgments by the Court. Their participation in the Rule 26(f) conference and the submission of this report are not submissions to the Court's jurisdiction, nor are they intended in any way to waive jurisdictional objections or any arguments in connection with Defendants' appeals [Adv. D.I. 183, 201, 205, 209], motions for leave to appeal [Adv. D.I. 203, 207, 208], motions for a stay pending appeal [Adv. D.I. 185, 211, 212], or motions for reconsideration [Adv. D.I. 195-197].

**A. Initial Disclosures – Rule 26(f)(3)(A)**

1. Under paragraph 3(b) of the Scheduling Order, Defendants will serve initial disclosures under Rule 26(a)(1) no later than September 14, 2026, unless a stay has been ordered, and understand that Plaintiffs will do so on the same date.

**B. Discovery Completion – Rule 26(f)(3)(B)**

2. The parties have not been able to agree on a discovery schedule. Plaintiffs believe all discovery should conclude by August 24, 2027, which is 12 months after the conclusion of the Rule 26(f) conference. Their proposal is as follows:

a. **February 24, 2027 (6 months from August 24, 2026)** – Deadline for substantial completion of document production.

b. **March 24, 2027 (7 months from August 24, 2026)** – Deadline to exchange privilege logs.

c. **May 24, 2027 (9 months from August 24, 2026)** – Deadline to complete fact discovery.

d. **August 24, 2027 (12 months from August 24, 2026)** – Deadline to complete expert/all discovery.

3. Defendants believe that it does not make sense to lock in an end date for discovery while their motions for a stay pending appeal remain unresolved. They have sought reconsideration of the Court's July 24 opinion and order (Adv. D.I. 195-197), leave to file an interlocutory appeal from that ruling (Adv. D.I. 203, 207, 208), and a stay pending appeal (Adv. D.I. 185, 211, 212). Their asserted grounds for a stay include (among others) that Digital Anchor has challenged the Court's denial of a motion to compel arbitration, and that a stay is mandatory under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), and in any event should extend to all parties to avoid different tracks for different Defendants. *See generally* Adv. D.I. 185, 211, 212. Asserted grounds also include case-dispositive issues like extraterritoriality. Defendants believe that discovery should not commence until the stay requests are decided.

4. Defendants therefore have proposed a schedule of the same 12-month duration as Plaintiffs – and with the same time intervals for each phase of discovery – except their schedule would begin from the date a stay pending appeal is lifted or is denied by the final court to address the stay issue, not from the end of the Rule 26(f) conference. Defendants' proposal is as follows:

a. **6 months from order denying or lifting stay pending appeal** – Deadline for substantial completion of document production.

b. **7 months from order denying or lifting stay pending appeal** – Deadline to exchange privilege logs.

c. **9 months from order denying or lifting stay pending appeal** – Deadline to complete fact discovery.

d. **12 months from order denying or lifting stay pending appeal** – Deadline to complete expert/all discovery.

5. Defendants also made clear to Plaintiffs that they would agree to this 12-month discovery proposal (keyed to the date a stay is finally denied or lifted), provided that the parties entered into a stipulation stating that Defendants' participation in merits discovery will not be deemed a waiver of any jurisdictional or related defenses. Defendants indicated that if Plaintiffs would not so stipulate, then they would have to ask instead for a different discovery schedule that ensured jurisdictional discovery occurred first, so jurisdictional defenses could be resolved in advance of merits discovery. The reason is Defendants cannot be placed in a position where they are forced to participate in merits discovery, which is then deemed a submission to jurisdiction. Defendants have every intention of maintaining their jurisdictional objections, and if they face a risk of waiver, they will have no choice but to seek a phased discovery schedule where jurisdictional defenses are conclusively resolved before any merits discovery commences. That, in turn, may require more than 12 months to accommodate a staggered discovery process and the need to have summary judgment motions or a hearing on jurisdictional issues before merits discovery begins.

6. On August 25, 2026, Plaintiffs said they were amenable to entering into a non-waiver stipulation, and the parties are currently negotiating the terms of that stipulation. In the event the parties do agree on the terms of a non-waiver stipulation acceptable to the Court, the only dispute between the parties concerning the discovery schedule is when discovery should commence.[2]

7. As for the subjects of discovery, Defendants expect that discovery will focus primarily on personal jurisdiction; the 2021 share repurchase transactions; the identity of the transferor and whether there is a basis to disregard separateness among Debtors; the identity of the transferee and whether there is a basis to disregard separateness among Defendants; the financial condition of the transferor; the value received by the transferor; whether any alleged transfer was made by, to, or for the benefit of a "financial participant" as defined in the Bankruptcy Code; and the motivation of the transferor in engaging in the 2021 share repurchase transactions.

### C. Disclosure, Discovery, and Preservation of Electronically Stored Information – Rule 26(f)(3)(C)

8. During the Rule 26(f) conference, the parties discussed the preservation of electronically stored information. The parties indicated that they have undertaken document collection and preservation efforts, and each represented that customary litigation holds are in place. Defendants are not aware of any preservation issues requiring the Court's attention.

9. During the Rule 26(f) conference, the parties agreed to discuss at a later meeting any further issues related to electronically stored information, including custodians and search terms, after discovery requests are served.

---

[2] If an agreement on a stipulation cannot be reached, Defendants may request a protective order to preserve their jurisdictional objections, or in the alternative, seek a discovery schedule that proceeds in phases so that jurisdictional objections are preserved.

**D. Privilege Logs, Inadvertent Production and Additional Orders – Rule 26(f)(3)(D) and (F)**

10. Defendants propose that the parties meet and confer regarding privilege logs, procedures for addressing inadvertent production, and whether to seek an order under Federal Rule of Evidence 502(d). Other than the relief described above, Defendants do not seek any additional orders at this time.

**E. Changes to Discovery Limitations – Rule 26(f)(3)(E)**

11. At the Rule 26(f) conference, the parties did not propose any changes to the discovery limitations set forth in the Scheduling Order. Defendants intend to discuss with Plaintiffs any proposed changes to any such discovery limitations as the need arises.

Dated: September 8, 2026
Wilmington, Delaware

**ROSS ARONSTAM & MORITZ LLP**

*/s/ A. Gage Whirley*
Garrett B. Moritz (Bar No. 5646)
Adam D. Gold (Bar No. 6412)
A. Gage Whirley (Bar No. 6707)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
gmoritz@ramllp.com
agold@ramllp.com
gwhirley@ramllp.com

-and-

**MILBANK LLP**
Alexander B. Lees*
Sean M. Murphy*
Nola B. Heller*
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
alees@milbank.com
smurphy@milbank.com
nheller@milbank.com

Olivia Choe*
Brett P. Lowe*
1101 New York Avenue NW
Washington, DC 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586
ochoe@milbank.com
blowe@milbank.com
**pro hac vice*

*Counsel for Defendants Binance Holdings Limited, Binance Holdings (IE) Limited, and Binance (Services) Holdings Limited*

**CONNOLLY GALLAGHER, LLP**

*/s/ Karen C. Bifferato*
Karen C. Bifferato
1201 North Market Street, 20th Floor
Wilmington, DE 19801
(302) 888-6221
kbifferato@connollygallagher.com

-and-

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**

Karen R. King *(pro hac vice)*
Peter Menz *(pro hac vice)*
Jessica Salley *(pro hac vice* forthcoming*)*
565 Fifth Avenue
New York, New York 10017
(212) 856-9600 (telephone)
(212) 856-9494 (facsimile)
kking@maglaw.com
pmenz@maglaw.com

*Attorneys for Defendant Digital Anchor Holdings Limited*

**BAKER & HOSTETLER LLP**

*/s/ Michael E. Neminski*
Michael E. Neminski (No. 6723)
1201 N. Market Street, Suite 1407
Wilmington, DE 19801
(302) 407-4222
mneminski@bakerlaw.com

Katherine L. McKnight (*pro hac vice*)
1050 Connecticut Ave., NW, S-1100
Washington, D.C. 20036
(202) 861-1630
kmcknight@bakerlaw.com

*Attorneys for Defendant Changpeng Zhao*