**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST, FTX DIGITAL MARKETS, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, BINANCE CAPITAL MANAGEMENT CO. LTD., BINANCE HOLDINGS (IE) LIMITED, BINANCE (SERVICES) HOLDINGS LIMITED, CHANGPENG ZHAO, DINGHUA XIAO, SAMUEL WENJUN LIM, and DOES 1-1000<br><br>Defendants. | Adv. Pro. No. 24-50222 (KBO) |

**DEFENDANT CHANGPENG ZHAO'S**
**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant Changpeng Zhao ("**Mr. Zhao**"), hereby files his Answer and Affirmative Defenses to Plaintiffs FTX Recovery Trust's and FTX Digital Markets, LTD's (collectively "**Plaintiffs**") Complaint [Adv. D.I. 1] (the "**Complaint**") dated November 10, 2024, and states as follows:

## NATURE OF THE ACTION

1. Mr. Zhao states that the law, including Section 548(a)(1) of the Bankruptcy Code, speaks for itself. Mr. Zhao admits that FTX "collapsed" due to "material errors" and "pervasive

malfeasance" by Sam Bankman-Fried ("**Bankman-Fried**"). Except as so admitted, Mr. Zhao denies the allegations in Paragraph 1.

2. Mr. Zhao admits that he founded Defendants Binance Holdings Limited, Binance Holdings (IE) Limited, Binance (Services) Holdings Limited (jointly, the "**BHL Defendants**") and Binance Capital Management Co. Ltd. ("**Digital Anchor**"). Except as so admitted, Mr. Zhao denies the allegations in Paragraph 2.

3. Mr. Zhao denies the allegations in Paragraph 3.

4. Mr. Zhao denies the allegations in Paragraph 4.

5. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 5 and, therefore, denies the same.

6. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 6 and, therefore, denies the same.

7. Mr. Zhao denies the allegations in Paragraph 7.

8. Mr. Zhao states that the docket speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 8.

## JURISDICTION AND VENUE

9. Mr. Zhao states that the law, including 28 U.S.C. §§ 157 and 1334, 28 U.S.C. § 1409, 28 U.S.C. §157(b), and Rule 7001 of the Federal Rules of Bankruptcy Procedure, speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 9.

10. Mr. Zhao states that Rule 7008-1 of the Local Rules of Bankruptcy Practice speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 10. Mr. Zhao does not consent to entry of final orders or judgments by the Bankruptcy Court on the claims raised in the Complaint.

## THE PARTIES

11. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 11 and, therefore, denies the same.

12. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 12 and, therefore, denies the same.

13. Mr. Zhao admits that Alameda Research Ltd. is a British Virgin Islands company. Mr. Zhao is without sufficient knowledge or information to respond to the remaining allegations in Paragraph 13 and, therefore, denies the same.

14. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 14 and, therefore, denies the same.

15. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 15 and, therefore, denies the same.

16. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 16 and, therefore, denies the same.

17. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 17 and, therefore, denies the same.

18. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 18 and, therefore, denies the same.

19. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 19 and, therefore, denies the same.

20. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 20 and, therefore, denies the same.

21. Mr. Zhao admits that Binance Holdings, Ltd. is a Cayman Islands company which

he founded. Mr. Zhao is without sufficient knowledge or information to respond to the legal characterization of that entity and, therefore, denies the remaining allegations in Paragraph 21.

22. Mr. Zhao admits the allegations in Paragraph 22.

23. Mr. Zhao admits that Binance Holdings (IE) Limited is incorporated in Ireland. Mr. Zhao is without sufficient knowledge or information to respond to the legal characterization of that entity and, therefore, denies the remaining allegations in Paragraph 23.

24. Mr. Zhao admits that Binance (Services) Holdings Limited is incorporated in Ireland. Mr. Zhao states that the Consent Order speaks for itself. Mr. Zhao is without sufficient knowledge or information to respond to the remaining allegations in Paragraph 24 and, therefore, denies the same.

25. Mr. Zhao admits that he is the founder and former Chief Executive Officer ("**CEO**") of the BHL Defendants and Digital Anchor, and that he stepped down from his role as CEO of Binance (per the Plea Agreement, defined as "BHL") on November 21, 2023. Mr. Zhao states that the Consent Order speaks for itself. Mr. Zhao denies Plaintiffs' characterizations of the Consent Order and the plea, as well as his ownership stakes in the BHL Defendants and Digital Anchor. Mr. Zhao denies the remaining allegations in Paragraph 25.

26. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 26 and, therefore, denies the same.

27. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 27 and, therefore, denies the same.

28. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 28 and, therefore, denies the same.

## FACTUAL BACKGROUND

### A. The Creation of the Binance and FTX Exchanges

29. Mr. Zhao admits that he founded the BHL Defendants and that Binance.com is a crypto-asset platform. Mr. Zhao is without sufficient knowledge or information to respond to the remaining allegations in Paragraph 29 and, therefore, denies the same.

30. Mr. Zhao admits that BNB was launched in July 2017. Mr. Zhao denies Plaintiffs' characterizations of BNB and the remaining allegations in Paragraph 30.

31. Mr. Zhao admits that BUSD (Binance USD) was launched in September 2019. Mr. Zhao denies Plaintiffs' characterizations of BNB and BUSD and the remaining allegations in Paragraph 31.

32. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 32 and, therefore, denies the same.

33. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 33 and, therefore, denies the same.

### B. Binance Acquires Equity in FTX Entities

34. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 34 and, therefore, denies the same.

35. Mr. Zhao states that the agreement speaks for itself. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 35 and, therefore, denies the same.

36. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 36 and, therefore, denies the same.

37. Mr. Zhao states that the agreements speak for themselves. Mr. Zhao is without

sufficient knowledge or information to respond to the allegations in Paragraph 37 and, therefore, denies the same.

**C. The 2021 Share Repurchase**

38. Mr. Zhao states that the agreements speak for themselves. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 38 and, therefore, denies the same..

39. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 39 and, therefore, denies the same.

40. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 40 and, therefore, denies the same.

41. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 41 and, therefore, denies the same.

42. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 42 and, therefore, denies the same.

43. Mr. Zhao admits that Alameda Ltd. was the direct transferor. Mr. Zhao is without sufficient knowledge or information to respond to the remaining allegations in Paragraph 43 and, therefore, denies the same.

44. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 44 and, therefore, denies the same.

**D. The 2021 Share Repurchase Was Made By and for Insolvent Companies in Furtherance of Bankman-Fried's Underlying Fraud**

45. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 45 and, therefore, denies the same.

46. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 46 and, therefore, denies the same.

47. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 47 and, therefore, denies the same.

48. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 48 and, therefore, denies the same.

49. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 49 and, therefore, denies the same.

50. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 50 and, therefore, denies the same.

51. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 51 and, therefore, denies the same.

**E. Zhao's Campaign to Destroy FTX[1]**

52. Mr. Zhao admits there was a publicly reported dispute between him and Bankman-Fried. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 52.

53. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 53 and, therefore, denies the same.

54. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 54 and, therefore, denies the same.

**F. Zhao Deliberately Causes a Bank Run on FTX**

55. Mr. Zhao is without sufficient knowledge or information to respond to the

[1] Mr. Zhao denies the Complaint's characterization of the factual background as portrayed in all sub-headings.

allegations in Paragraph 55 and, therefore, denies the same.

56. Mr. Zhao states that the November 6, 2022, tweets speak for themselves. Mr. Zhao denies the remaining allegations in Paragraph 56.

57. Mr. Zhao denies the allegations in Paragraph 57.

58. Mr. Zhao states that the November 6, 2022, tweet speaks for itself. Mr. Zhao denies the remaining allegations in Paragraph 58.

59. Mr. Zhao denies that the cited tweets "intended to" "spark[] a market panic and a run on the bank at FTX." Mr. Zhao is without sufficient knowledge or information to respond to the remaining allegations in Paragraph 59 and, therefore, denies the same.

60. Mr. Zhao states that the November 6, 2022, tweet speaks for itself. Mr. Zhao denies the definition of the November 6 tweets as being "False," and denies the remaining allegations in Paragraph 60.

61. Mr. Zhao denies the allegations in Paragraph 61.

62. Mr. Zhao denies the allegations in Paragraph 62.

63. Mr. Zhao denies the allegations in Paragraph 63.

64. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 64 and, therefore, denies the same.

65. Mr. Zhao admits that Bankman-Fried contacted him. Mr. Zhao denies Plaintiffs' characterization of that call. Mr. Zhao is without sufficient knowledge or information to respond to the remaining allegations in Paragraph 65 and, therefore, denies the same.

66. Mr. Zhao admits that he discussed a possible transaction with Bankman-Fried. Mr. Zhao denies Plaintiffs' characterization of the same. Mr. Zhao is without sufficient knowledge or

information to respond to the remaining allegations in Paragraph 66 and, therefore, denies the same.

67. Mr. Zhao states that any letter of intent speaks for itself. Mr. Zhao denies Plaintiffs' characterization of the letter of intent and denies all remaining allegations in Paragraph 67.

68. Mr. Zhao states that the November 8, 2022, tweets speak for themselves. Mr. Zhao denies the remaining allegations in Paragraph 68.

69. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 69 and, therefore, denies the same.

70. Mr. Zhao states that the November 9, 2022, tweets speak for themselves. Mr. Zhao denies the remaining allegations in Paragraph 70.

71. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 71 and, therefore, denies the same.

72. Mr. Zhao denies the allegations in Paragraph 72.

73. Mr. Zhao denies the allegations in Paragraph 73.

74. Mr. Zhao denies the allegations that he made false or misleading statements. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 74 and, therefore, denies the same.

75. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 75 and, therefore, denies the same.

76. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 76 and, therefore, denies the same.

77. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 77 and, therefore, denies the same.

78. Mr. Zhao states that the dockets speak for themselves. Mr. Zhao is without sufficient knowledge or information to respond to the remaining allegations in Paragraph 78 and, therefore, denies the same.

79. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 79 and, therefore, denies the same.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

80. Mr. Zhao incorporates, adopts and re-alleges his answers to Paragraphs 1-79 of Plaintiffs' Complaint as if fully set forth herein.

81. Mr. Zhao states that the law, including 11 U.S.C. § 548(a)(1)(B), speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 81.

82. Mr. Zhao admits he was a nominal counterparty for a WRS transfer. Mr. Zhao is without sufficient knowledge or information to respond to the remaining allegations in Paragraph 82 and, therefore, denies the same.

83. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 83 and, therefore, denies the same.

84. Mr. Zhao denies the allegations in Paragraph 84.

85. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 85 and, therefore, denies the same.

86. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 86 and, therefore, denies the same.

87. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 87 and, therefore, denies the same.

88. Mr. Zhao denies the allegations in Paragraph 88.

89. Mr. Zhao states that Section 550(a) of the Bankruptcy Code speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 89.

90. Mr. Zhao denies the allegations in Paragraph 90.

91. Mr. Zhao denies the allegations in Paragraph 91.

**SECOND CLAIM FOR RELIEF**

92. Mr. Zhao incorporates, adopts and re-alleges his answers to Paragraphs 1-91 of Plaintiffs' Complaint as if fully set forth herein. Mr. Zhao states that the law, including Sections 544(b) and 502 of the Bankruptcy Code, speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 92.

93. Mr. Zhao states that the law, including the Uniform Fraudulent Transfer Act, Del. Code tit. 6 § 1305 and § 1304, speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 93.

94. Mr. Zhao denies the allegations in Paragraph 94.

95. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 95 and, therefore, denies the same.

96. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 96 and, therefore, denies the same.

97. Mr. Zhao denies the allegations in Paragraph 97.

98. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 98 and, therefore, denies the same.

99. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 99 and, therefore, denies the same.

100. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 100 and, therefore, denies the same.

101. Mr. Zhao denies the allegations in Paragraph 101.

102. Mr. Zhao states that Section 550(a) of the Bankruptcy Code speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 102.

103. Mr. Zhao denies the allegations in Paragraph 103.

104. Mr. Zhao denies the allegations in Paragraph 104.

**THIRD CLAIM FOR RELIEF**

105. Mr. Zhao incorporates, adopts and re-alleges his answers to Paragraphs 1-104 of Plaintiffs' Complaint as if fully set forth herein.

106. Mr. Zhao states that the law, including 11 U.S.C. § 548(a)(1)(A), speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 106.

107. Mr. Zhao denies the allegations in Paragraph 107.

108. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 108 and, therefore, denies the same.

109. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 109 and, therefore, denies the same.

110. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 110 and, therefore, denies the same.

111. Mr. Zhao states that the law, including Section 550(a) of the Bankruptcy Code, speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 111.

112. Mr. Zhao denies the allegations in Paragraph 112.

113. Mr. Zhao denies the allegations in Paragraph 113.

## FOURTH CLAIM FOR RELIEF

114. Mr. Zhao incorporates, adopts and re-alleges his answers to Paragraphs 1-113 of Plaintiffs' Complaint as if fully set forth herein.

115. Mr. Zhao states that the law, including 11 U.S.C. § 544(b), speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 115.

116. Mr. Zhao states that the law speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 116.

117. Mr. Zhao denies the allegations in Paragraph 117.

118. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 118 and, therefore, denies the same.

119. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 119 and, therefore, denies the same.

120. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 120 and, therefore, denies the same.

121. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 121 and, therefore, denies the same.

122. Mr. Zhao states that the law, including Section 550(a) of the Bankruptcy Code, speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 122.

123. Mr. Zhao denies the allegations in Paragraph 123.

124. Mr. Zhao denies the allegations in Paragraph 124.

## FIFTH CLAIM FOR RELIEF

125. Mr. Zhao incorporates, adopts and re-alleges his answers to Paragraphs 1-124 of Plaintiffs' Complaint as if fully set forth herein.

126. Mr. Zhao states that the law, including Section 550(a) of the Bankruptcy Code, speaks for itself. Except as so admitted, Mr. Zhao denies the allegations in Paragraph 126.

127. Mr. Zhao denies the allegations in Paragraph 127.

128. Mr. Zhao denies the allegations in Paragraph 128.

**SIXTH CLAIM FOR RELIEF**

129. Mr. Zhao incorporates, adopts and re-alleges his answers to Paragraphs 1-128 of Plaintiffs' Complaint as if fully set forth herein.

130. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 130 and, therefore, denies the same.

131. Mr. Zhao denies the allegations in Paragraph 131.

132. Mr. Zhao denies the allegations in Paragraph 132.

**SEVENTH CLAIM FOR RELIEF**

133. Mr. Zhao incorporates, adopts and re-alleges his answers to Paragraphs 1-132 of Plaintiffs' Complaint as if fully set forth herein.

134. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 134 and, therefore, denies the same.

135. Mr. Zhao denies the allegations in Paragraph 135.

136. Mr. Zhao denies the allegations in Paragraph 136.

**EIGHTH CLAIM FOR RELIEF**

137. Mr. Zhao incorporates, adopts and re-alleges his answers to Paragraphs 1-136 of Plaintiffs' Complaint as if fully set forth herein.

138. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 138 and, therefore, denies the same.

139. Mr. Zhao denies the allegations in Paragraph 139.

140. Mr. Zhao denies the allegations in Paragraph 140.

**NINTH CLAIM FOR RELIEF**

141. Mr. Zhao incorporates, adopts and re-alleges his answers to Paragraphs 1-140 of Plaintiffs' Complaint as if fully set forth herein.

142. Mr. Zhao is without sufficient knowledge or information to respond to the allegations in Paragraph 142 and, therefore, denies the same.

143. Mr. Zhao denies the allegations in Paragraph 143.

144. Mr. Zhao denies the allegations in Paragraph 144.

* * *

**DEFENDANT CHANGPENG ZHAO'S AFFIRMATIVE DEFENSES**

Mr. Zhao, by and through undersigned counsel, asserts the following affirmative defenses to the Complaint of Plaintiffs. Mr. Zhao asserts these defenses without assuming any burden that Plaintiffs otherwise bear and without waiving any defense, objection, argument, or right not expressly stated below. Mr. Zhao reserves the right to amend or supplement his defenses as discovery proceeds and as permitted by the Federal Rules of Bankruptcy Procedure and any applicable law.

**FIRST DEFENSE – LACK OF PERSONAL JURISDICTION**

1. Mr. Zhao preserves his objection to personal jurisdiction, including on all grounds presented in his motion to dismiss, reply, and motion for reconsideration. The Bankruptcy Court's interlocutory denial of Mr. Zhao's motion to dismiss does not constitute a final determination of personal jurisdiction. Mr. Zhao reserves the right to renew or further litigate this defense on reconsideration, after discovery, at summary judgment, at trial, and on appeal.

**SECOND DEFENSE – NOMINAL COUNTERPARTY STATUS**

2. Mr. Zhao is not liable under 11 U.S.C. § 550 because he was not an initial transferee, immediate transferee, mediate transferee, or entity for whose benefit any alleged transfer was made. Mr. Zhao did not personally receive the allegedly transferred cryptocurrency, did not have dominion or control over it, and did not receive any direct, quantifiable, or legally cognizable benefit corresponding to an alleged transfer. Mr. Zhao was nothing more than a nominal counterparty to the WRS transfer.

**THIRD DEFENSE – CORPORATE SEPARATENESS**

3. Plaintiffs' claims against Mr. Zhao are barred to the extent they depend on attributing to Mr. Zhao the receipt of property by, or conduct or contacts of, any of the BHL Defendants or Digital Anchor. Plaintiffs did not adequately plead facts sufficient to disregard the separate legal existence of these entities. Mr. Zhao preserves all arguments that any alter-ego or veil-piercing theory was unpleaded, was not fairly litigated, and cannot support recovery or personal jurisdiction.

**FOURTH DEFENSE – EXTRATERRITORIALITY**

4. Plaintiffs' claims under 11 U.S.C. §§ 544, 548, and 550 are barred because they seek an impermissible extraterritorial application of those Bankruptcy Code provisions. The alleged transfers were between foreign entities, occurred outside the United States, and lack the domestic nexus required for application of the Bankruptcy Code's avoidance and recovery provisions. Mr. Zhao preserves all arguments concerning the identity and location of the transferor, the location and mechanics of the alleged transfer, and the impropriety of the Bankruptcy Court disregarding the separate corporate existence of Alameda Ltd. or any Binance entity.

**FIFTH DEFENSE – SECURITIES SAFE HARBOR, 11 U.S.C. § 546(e)**

5. Plaintiffs' claims under Sections 544 and 548(a)(1)(B) are barred by 11 U.S.C. § 546(e). The alleged transfers were made in connection with the purchase, sale, redemption, or repurchase of securities pursuant to securities contracts, and the relevant transferor or transferee was a protected entity, including a financial participant.

**SIXTH DEFENSE – REASONABLY EQUIVALENT VALUE**

6. Plaintiffs' constructive fraudulent-transfer claims fail because the debtors received reasonably equivalent value. The challenged transaction was an arm's-length separation transaction. The FTX-related parties obtained the return of equity interests and the removal of Binance-related parties from the business relationship. Plaintiffs cannot establish that the value received was not reasonably equivalent to the consideration transferred (as measured at the time of the transaction).

**SEVENTH DEFENSE – NO INTENT TO DEFRAUD**

7. Plaintiffs cannot establish the debtors' intent to defraud. The 2021 transaction was a public, legitimate arm's-length business separation involving the transfer of equity interests for consideration. It was not a transaction with insiders or a concealed scheme to place assets beyond creditors' reach.

**EIGHTH DEFENSE – GOOD FAITH TRANSFEREE PROTECTION**

8. To the extent Mr. Zhao is determined to be a transferee—which he denies—he took any property for value, in good faith, and, to the extent required, without knowledge of the voidability of the alleged transfer. Mr. Zhao therefore is entitled to all protections available under 11 U.S.C. §§ 548(c) and 550(b) and applicable non-bankruptcy law.

**NINTH DEFENSE – FAILURE TO ESTABLISH APPLICABLE LAW**

9. Plaintiffs have not established that Delaware law, rather than the law of a foreign jurisdiction with the most significant relationship to the alleged transactions, governs the state-law avoidance theories or asserted injurious-falsehood theories. To the extent alleged—which Mr. Zhao denies—Plaintiffs have also failed to establish what law governs their alter ego theories.

**TENTH DEFENSE – NO IDENTIFIED CREDITOR**

10. Plaintiffs' claims under 11 U.S.C. § 544(b) fail to the extent Plaintiffs cannot identify an actual unsecured creditor of the relevant transferor whose claim was allowable and who, as of the commencement of the bankruptcy case, could have avoided the alleged transfer under applicable nonbankruptcy law.

**ELEVENTH DEFENSE – SINGLE SATISFACTION, 11 U.S.C. § 550(d)**

11. Plaintiffs may not obtain more than one satisfaction of any alleged transfer. Any recovery against Mr. Zhao must be reduced, dollar for dollar, by property, proceeds, value, settlements, judgments, or other consideration recovered from any defendant or other person on account of the same alleged transfer.

**TWELFTH DEFENSE – CONDITIONAL RETURN OF PROPERTY, 11 U.S.C. § 502(h)**

12. If Mr. Zhao is required to return property or value under 11 U.S.C. § 550 or any other provision identified in 11 U.S.C. § 502(h), Mr. Zhao reserves his right to an allowed claim against the applicable estate in the amount and priority provided by § 502(h).

**THIRTEENTH DEFENSE – *IN PARI DELICTO***

13. This Court has already dismissed Plaintiffs' Sixth to Ninth Causes of Action based on the doctrine of *in pari delicto*. Mr. Zhao refers to and incorporates the Bankruptcy Court's Opinion and Order [Adv. D.I. 159] on this issue by reference. To the extent any such claim is

reinstated, amended, or otherwise revived, Mr. Zhao reserves all defenses previously asserted or available to him.

**FOURTEENTH DEFENSE – WAIVER**

14. Plaintiffs' claims are barred, in whole or in part, by waiver, settlement, estoppel, and the preclusive effect of the Global Settlement set forth in Section 5.2 of the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates [D.I. 26029], as confirmed by the Confirmation Order [D.I. 26404], including based on Plaintiffs' prior positions concerning the scope and effect of the Global Settlement.

**FIFTEENTH DEFENSE – FAILURE TO STATE A CLAIM**

15. Plaintiffs have failed to state a claim against Mr. Zhao upon which relief may be granted and, in all events, cannot establish the elements required for avoidance or recovery against Mr. Zhao. Mr. Zhao does not assume any burden Plaintiffs bear on their claims.

* * *

**PRAYER FOR RELIEF**

Defendant Changpeng Zhao respectfully requests that this Court: (i) deny all forms of relief requested by Plaintiffs in their Complaint; (ii) dismiss Plaintiffs' Complaint with prejudice and enter judgment in favor of Mr. Zhao; (iii) award Mr. Zhao his costs and such attorneys' fees, if any, as may be authorized by applicable law, contract, statute, or order of the Court; and (iv) grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: September 11, 2026

BAKER & HOSTETLER LLP

*/s/ Michael E. Neminski*
Michael E. Neminski (# 6723)
1201 N. Market Street, Suite 1407
Wilmington, DE 19801
(302) 407-4218
mneminski@bakerlaw.com

Katherine L. McKnight (admitted *pro hac vice*)
1050 Connecticut Ave., NW, S-1100
Washington, D.C. 20036
Cleveland, OH 44114
(202) 861-1630
tgoodyguillen@bakerlaw.com
kmcknight@bakerlaw.com

*Attorneys for Defendant Changpeng Zhao*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 11, 2026, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing (ECF) system on all parties registered to receive electronic notices in this case.

*/s/ Michael E. Neminski*_____
Michael E. Neminski (DE 6723)