**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST, FTX DIGITAL MARKETS, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, *et al.*,<br><br>Defendants. | Adv. Pro. No. 24-50222 (KBO) |

**ANSWER OF BINANCE HOLDINGS LIMITED, BINANCE HOLDINGS (IE) LIMITED, AND BINANCE (SERVICES) HOLDINGS LIMITED**

Defendants Binance Holdings Limited, Binance Holdings (IE) Limited, and Binance (Services) Holdings Limited (each an "Answering Defendant" and, collectively, the "Answering Defendants"), by and through their undersigned counsel, and subject to and without waiver of the defenses and statements set forth below, answer the Complaint filed on November 10, 2024 (Adv. D.I. 1) (the "Complaint") by plaintiffs FTX Recovery Trust and FTX Digital Markets, Ltd. ("Plaintiffs") as follows. Each Answering Defendant answers separately and only for itself, and no Answering Defendant answers on behalf of, or admits or denies any allegation as to, any other defendant. Terms defined in the Complaint are used in this Answer solely for convenience of reference, and their use is not an adoption of, or an admission of any characterization, aggregation, or conclusion embedded in, any such term. The Complaint's headings, footnotes, and other unnumbered material are not allegations requiring a response; to the extent any such material is

deemed to contain an allegation, it is denied. Except as expressly admitted in this Answer, each allegation of the Complaint is denied. Where this Answer refers to a filing, order, plea agreement, or other record of a court or governmental authority, or to a written agreement, for its contents, the Answering Defendants do not thereby deny the existence or date of that record or agreement. The Answering Defendants' response to paragraph 24 below concerning the Complaint's defined term "Binance" is incorporated by reference into their response to each paragraph of the Complaint in which that term is used. By filing this Answer, the Answering Defendants do not waive, and expressly preserve, all jurisdictional objections and appellate rights, and refer to the Reservation of Rights set forth below.

## RESPONSES TO THE NUMBERED ALLEGATIONS

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 concerning Bankman-Fried and the Debtors' financial condition and on that basis deny them; refer to their response to paragraph 8, infra, with respect to the commencement of the Debtors' chapter 11 cases; and deny the remaining allegations of paragraph 1.

2. Paragraph 2 purports to quote a public statement of the United States Secretary of the Treasury and to characterize guilty pleas and related proceedings that are matters of public record; the Answering Defendants respectfully refer to the plea agreements and related court records for their contents and dates and deny any characterization of them inconsistent with their terms. The Answering Defendants respond to the allegations of paragraph 2 only insofar as those allegations are directed to the Answering Defendants, and refer to their response to paragraph 24, infra, with respect to the Complaint's defined term "Binance." The Answering Defendants admit

that Changpeng Zhao founded Binance Holdings Limited in or around 2017, that Binance.com is the largest cryptocurrency exchange in the world by trading volume, and that all-time trading volume on the Binance.com platform exceeds $100 trillion, and deny the remaining allegations of paragraph 2.

3. The Answering Defendants respond to the allegations of paragraph 3 only insofar as those allegations are directed to the Answering Defendants, and refer to their response to paragraph 24, infra, with respect to the Complaint's defined term "Binance." Paragraph 3 purports to describe share purchases memorialized in written agreements; the Answering Defendants respectfully refer to those agreements for their contents, including the identity of the parties thereto, and deny any characterization of them inconsistent with their terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning West Realm Shires, Inc. and on that basis deny them, and deny the remaining allegations of paragraph 3.

4. The Answering Defendants respond to the allegations of paragraph 4 only insofar as those allegations are directed to the Answering Defendants, and refer to their response to paragraph 24, infra, with respect to the Complaint's defined term "Binance." Paragraph 4 purports to characterize written agreements dated on or about July 15, 2021; the Answering Defendants respectfully refer to those agreements for their contents, including the identity of the parties thereto, and deny any characterization of them inconsistent with their terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the source or funding of the consideration and on that basis deny them, and deny the remaining allegations of paragraph 4.

5. Paragraph 5 purports to quote testimony of Caroline Ellison and statements attributed to Bankman-Fried; the Answering Defendants respectfully refer to that testimony and those statements for their contents and deny any characterization of them inconsistent with their terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and on that basis deny them.

6. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis deny them.

7. The allegations of paragraph 7 concerning Zhao's social media posts and the harm those posts are alleged to have caused are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to those allegations is required. Moreover, paragraph 7 purports to describe and characterize certain social media posts, and the Answering Defendants respectfully refer to those posts for their contents. To the extent a response is required, the Answering Defendants deny any characterization of those posts inconsistent with their terms and deny the remaining allegations of paragraph 7.

8. Paragraph 8 purports to describe petitions, orders, and filings that are matters of public record; the Answering Defendants respectfully refer to those records for their contents and dates of filing and deny any characterization of them inconsistent with their terms. The Answering Defendants respond to the allegations of paragraph 8 only insofar as those allegations are directed to the Answering Defendants, and refer to their response to paragraph 24, infra, with respect to the Complaint's defined term "Binance." The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions of, and the reasons or bases on which, the Securities Commission of The Bahamas acted and the proceedings

concerning FTX Digital Markets Ltd. and on that basis deny them, and deny the remaining allegations of paragraph 8, except that the Answering Defendants do not deny the fact of, or dates of, the filings reflected in those records.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants respectfully refer to their Reservation of Rights, infra, and deny the allegations of paragraph 9.

10. Paragraph 10 states Plaintiffs' position on consent to the entry of final orders and judgments by the Court, to which no response is required. In accordance with Federal Rule of Bankruptcy Procedure 7012(b) and Local Rules 7008-1 and 7012-1, the Answering Defendants do not consent to the entry of final orders or judgments by the Bankruptcy Court in this adversary proceeding.

11. The Answering Defendants admit, on information and belief, that FTX Trading Ltd. is a corporation registered in Antigua and Barbuda. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and on that basis deny them.

12. Paragraph 12 purports to characterize a "Global Settlement Agreement"; the Answering Defendants respectfully refer to that agreement for its contents and deny any characterization of it inconsistent with its terms. The Answering Defendants admit, on information and belief, that FTX Digital Markets Ltd. is incorporated in The Commonwealth of The Bahamas and is subject to liquidation proceedings in The Bahamas. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 and on that basis deny them.

13. The Answering Defendants admit, on information and belief, that Alameda Research Ltd. is a British Virgin Islands company limited by shares. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and on that basis deny them.

14. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis deny them.

15. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis deny them.

16. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis deny them.

17. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis deny them.

18. The Answering Defendants admit, on information and belief, that Euclid Way Ltd. is a company established under the laws of Antigua and Barbuda. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and on that basis deny them.

19. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis deny them.

20. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis deny them.

21. The Answering Defendants admit that Binance Holdings Limited is a Cayman Islands company founded by Zhao that sits within the broader corporate structure of Binance.com, which is operated by three entities regulated by the Financial Services Regulatory Authority of the

Abu Dhabi Global Market (Nest Exchange Limited, Nest Clearing and Custody Limited, and Nest Trading Limited), as disclosed in the platform's Terms of Use and Privacy Notice. The Answering Defendants otherwise deny the allegations of paragraph 21.

22. The allegations of paragraph 22 are directed to a defendant other than the Answering Defendants, and no response from the Answering Defendants is required. To the extent a response is required, the Answering Defendants admit, on information and belief, that Binance Capital Management Co. Ltd. was established under the laws of the British Virgin Islands, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 and on that basis deny them.

23. The Answering Defendants admit that Binance Holdings (IE) Limited is a holding company incorporated in Ireland, and deny the remaining allegations of paragraph 23.

24. The Answering Defendants admit that Binance (Services) Holdings Limited is a holding company incorporated in Ireland. Paragraph 24 purports to quote and characterize the Consent Order entered December 14, 2023 in the United States District Court for the Northern District of Illinois; the Answering Defendants respectfully refer to that order for its contents (including the identity of the parties consenting to its entry, the terms on which it was entered, and which facts were and were not admitted), deny any characterization of it inconsistent with its terms, and deny that the findings of fact recited in that order were adjudicated in any contested proceeding. The Complaint's defined term "Binance" aggregates the Answering Defendants with Binance Capital Management Co. Ltd.; the Answering Defendants respond to allegations directed to "Binance" only insofar as those allegations are directed to the Answering Defendants, and do not respond on behalf of any other person or entity. The Answering Defendants deny each allegation of the Complaint that attributes to any Answering Defendant the conduct, status, or

characteristics of Binance Capital Management Co. Ltd. or of any other person or entity included within the Complaint's defined term "Binance"; deny that the Answering Defendants and Binance Capital Management Co. Ltd. operated as a single entity or common enterprise; deny that Binance Capital Management Co. Ltd. is a parent or subsidiary of any Answering Defendant; and deny that Binance Capital Management Co. Ltd. operates the Binance.com platform. The Answering Defendants deny the remaining allegations of paragraph 24.

25. Paragraph 25 purports to characterize a plea agreement and the Consent Order; the Answering Defendants respectfully refer to the plea agreement and the Consent Order for their contents (including which facts were and were not admitted) and deny any characterization of them inconsistent with their terms. The Answering Defendants respond to the allegations of paragraph 25 only insofar as those allegations are directed to the Answering Defendants, and refer to their response to paragraph 24, supra, with respect to the Complaint's defined term "Binance." The Answering Defendants admit that Zhao, also known as "CZ," founded Binance Holdings Limited, served as chief executive officer of each Answering Defendant until November 21, 2023, and has not served as chief executive officer of any Answering Defendant since that date, and deny the remaining allegations of paragraph 25.

26. The allegations of paragraph 26 are directed to a defendant other than the Answering Defendants, against whom there are no remaining claims, and no response from the Answering Defendants is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis deny them.

27. The allegations of paragraph 27 are directed to a defendant other than the Answering Defendants, against whom there are no remaining claims, and no response from the

Answering Defendants is required. To the extent a response is required, the Answering Defendants admit, on information and belief, that Samuel Wenjun Lim served as head of compliance of Binance Holdings Limited from 2018 through 2022, and deny the remaining allegations of paragraph 27.

28. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' knowledge of any fictitiously named defendants and on that basis deny them, and deny the remaining allegations of paragraph 28.

29. The Answering Defendants admit that Binance Holdings Limited was founded by Zhao in or around 2017; that Binance.com was launched in or around July 2017 and became an international virtual currency exchange; that Binance.com is available to customers in more than 170 countries and offers trading in more than 350 crypto assets; that Binance.com is the largest cryptocurrency exchange in the world by trading volume; and that Binance.com has had 24-hour spot trading volume of more than $40 billion. The Answering Defendants respond to the allegations of paragraph 29 only insofar as those allegations are directed to the Answering Defendants, and with respect to the allegations concerning the operation of Binance.com by Binance Holdings Limited, affiliated entities, and beneficial ownership refer to their responses to paragraphs 21, 24, and 25, supra. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning comparisons to other trading platforms and on that basis deny them, and deny the remaining allegations of paragraph 29.

30. The Answering Defendants respond to the allegations of paragraph 30 only insofar as those allegations are directed to the Answering Defendants, and refer to their response to paragraph 24, supra, with respect to the Complaint's defined term "Binance." The Answering

Defendants admit that a digital asset known as Binance Coin, or "BNB," was created in 2017 and is traded on the Binance.com platform, and deny the remaining allegations of paragraph 30.

31. The Answering Defendants respond to the allegations of paragraph 31 only insofar as those allegations are directed to the Answering Defendants, and refer to their response to paragraph 24, supra, with respect to the Complaint's defined term "Binance." The Answering Defendants admit that a U.S. dollar-denominated stablecoin known as "BUSD" was made available on the Binance.com platform beginning in 2019, and deny the remaining allegations of paragraph 31.

32. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and on that basis deny them, and refer to their response to paragraph 14, supra, with respect to the allegations concerning the organization of Alameda Research LLC.

33. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 concerning FTT and on that basis deny them, and deny the remaining allegations of paragraph 33.

34. Paragraph 34 purports to characterize written agreements dated on or about November 27, 2019; the Answering Defendants respectfully refer to those agreements for their contents, including the identity of the parties thereto, and deny any characterization of them inconsistent with their terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 and on that basis deny them.

35. Paragraph 35 purports to characterize an Investor's Rights Agreement dated November 27, 2019 and non-competition agreements of the same date; the Answering Defendants

respectfully refer to those agreements for their contents, deny any characterization of them inconsistent with their terms, and deny the remaining allegations of paragraph 35.

36. Paragraph 36 purports to characterize a waiver dated February 28, 2020; the Answering Defendants respectfully refer to that document for its contents and deny any characterization of it inconsistent with its terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Bankman-Fried's plans and the ownership of West Realm Shires, Inc. and on that basis deny them, and deny the remaining allegations of paragraph 36.

37. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and on that basis deny them.

38. Paragraph 38 purports to characterize written agreements dated July 15, 2021; the Answering Defendants respectfully refer to those agreements for their contents, including the identity of the parties thereto, and deny any characterization of them inconsistent with their terms. The Answering Defendants respond to the allegations of paragraph 38 only insofar as those allegations are directed to the Answering Defendants, and refer to their response to paragraph 24, supra, with respect to the Complaint's defined term "Binance." The Answering Defendants deny the remaining allegations of paragraph 38.

39. Paragraph 39 purports to characterize the July 15, 2021 agreements; the Answering Defendants respectfully refer to those agreements for their contents, including the identity of the parties thereto, and deny any characterization of them inconsistent with their terms. The Answering Defendants refer to their responses to paragraphs 24 and 38, supra, and deny any remaining allegations of paragraph 39.

40. Paragraph 40 purports to characterize written agreements; the Answering Defendants respectfully refer to those agreements for their contents and deny any characterization of them inconsistent with their terms. The Answering Defendants deny the remaining allegations of paragraph 40.

41. Paragraph 41 purports to characterize a written agreement; the Answering Defendants respectfully refer to that agreement for its contents, including the identity of the parties thereto, and deny any characterization of it inconsistent with its terms. The Answering Defendants respond to the allegations of paragraph 41 only insofar as those allegations are directed to the Answering Defendants, and refer to their response to paragraph 24, supra, with respect to the Complaint's defined term "Binance." The Answering Defendants deny the remaining allegations of paragraph 41.

42. The Answering Defendants deny the allegations of paragraph 42.

43. The Answering Defendants admit that Alameda was not a party to the July 15, 2021 agreements and that Paxos is not affiliated with any Answering Defendant. The Answering Defendants respond to the allegations of paragraph 43 only insofar as those allegations are directed to the Answering Defendants, and refer to their response to paragraph 24, supra, with respect to the Complaint's defined term "Binance." The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Alameda's transactions, its dealings with Paxos, the manner in which any consideration was funded or transmitted, and the beneficial ownership and control of the account held in the name of Evergreen North Ltd. and on that basis deny them, and deny the remaining allegations of paragraph 43.

44. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and on that basis deny them.

45. Paragraph 45 purports to quote testimony of Caroline Ellison; the Answering Defendants respectfully refer to that testimony for its contents and deny any characterization of it inconsistent with its terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Debtors' books, records, accounting, disclosures, and regulatory liabilities and on that basis deny them, and deny the remaining allegations of paragraph 45.

46. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and on that basis deny them.

47. Paragraph 47 purports to quote testimony of Caroline Ellison; the Answering Defendants respectfully refer to that testimony for its contents and deny any characterization of it inconsistent with its terms. The Answering Defendants deny the remaining allegations of paragraph 47.

48. Paragraph 48 purports to quote an exchange between Bankman-Fried and a reporter; the Answering Defendants respectfully refer to that exchange for its contents and deny any characterization of it inconsistent with its terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Bankman-Fried's knowledge, intent, and motives and on that basis deny them, and deny the remaining allegations of paragraph 48.

49. The Answering Defendants refer to their response to paragraph 8, supra, with respect to the allegations concerning the commencement of the Debtors' chapter 11 cases. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Debtors' financial condition, capitalization, obligations, liquidity,

and ability to satisfy withdrawal requests and on that basis deny them, and deny the remaining allegations of paragraph 49.

50. The Answering Defendants admit, on information and belief, that the Debtors raised new equity capital, at higher valuations, shortly after the 2021 Share Repurchase. Paragraph 50 otherwise purports to characterize assertions made by an investor; the Answering Defendants respectfully refer to those assertions for their contents and deny any characterization of them inconsistent with their terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 and on that basis deny them.

51. Paragraph 51 purports to characterize assertions by preferred shareholders and a settlement resolving a dispute over forfeiture proceeds, which are matters of record; the Answering Defendants respectfully refer to those materials for their contents and deny any characterization of them inconsistent with their terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and on that basis deny them.

52. Paragraph 52 purports to characterize public reports, public statements by Bankman-Fried, and accusations made by third parties; the Answering Defendants respectfully refer to those materials for their contents and deny any characterization of them inconsistent with their terms. The Answering Defendants deny the remaining allegations of paragraph 52.

53. Paragraph 53 purports to quote from and characterize public statements and a consent order; the Answering Defendants respectfully refer to those materials for their contents (including, as to the consent order, which facts were and were not admitted) and deny any characterization of them inconsistent with their terms. The Answering Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegations concerning the state of public debate regarding cryptocurrency regulation and the statements and motivations of third-party commentators and on that basis deny them, and deny the remaining allegations of paragraph 53.

54. Paragraph 54 purports to quote from and characterize a document drafted by Bankman-Fried, the Report of Robert J. Cleary, Examiner, and testimony before the United States Senate; the Answering Defendants respectfully refer to those materials for their contents and deny any characterization of them inconsistent with their terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what FTX management suspected or believed and on that basis deny them, and deny the remaining allegations of paragraph 54.

55. Paragraph 55 purports to describe an article published by CoinDesk on November 2, 2022; the Answering Defendants respectfully refer to that article for its contents and deny any characterization of it inconsistent with its terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 concerning what was suspected within FTX and on that basis deny them, and deny the remaining allegations of paragraph 55.

56. Paragraph 56 purports to reproduce posts published on the social media account of Zhao, and the Answering Defendants respectfully refer to those posts for their contents. The Answering Defendants deny any characterization of those posts inconsistent with their terms and deny the remaining allegations of paragraph 56.

57. Paragraph 57 purports to quote testimony and public statements of third parties; the Answering Defendants respectfully refer to those materials for their contents and deny any

characterization of them inconsistent with their terms. The Answering Defendants deny the remaining allegations of paragraph 57.

58. Paragraph 58 purports to characterize the July 15, 2021 agreements, social media posts, and testimony; the Answering Defendants respectfully refer to those materials for their contents and deny any characterization of them inconsistent with their terms. The Answering Defendants respond to the allegations of paragraph 58 only insofar as those allegations are directed to the Answering Defendants, and refer to their responses to paragraphs 24 and 39, supra, with respect to the Complaint's defined term "Binance," and deny the remaining allegations of paragraph 58.

59. Paragraph 59 purports to quote the Examiner's report and the testimony of a third party; the Answering Defendants respectfully refer to those materials for their contents and deny any characterization of them inconsistent with their terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 concerning customer withdrawals from FTX and the knowledge of FTX management and on that basis deny them, and deny the remaining allegations of paragraph 59.

60. Paragraph 60 purports to reproduce a post published on the social media account of Zhao, and the Answering Defendants respectfully refer to that post for its contents. The Answering Defendants deny any characterization of it inconsistent with its terms and deny the remaining allegations of paragraph 60.

61. The allegations of paragraph 61 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 61 is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 61.

62. The allegations of paragraph 62 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 62 is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and on that basis deny them.

63. The allegations of paragraph 63 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 63 is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and on that basis deny them.

64. The allegations of paragraph 64 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 64 is required. Moreover, paragraph 64 purports to quote statements attributed to Bankman-Fried; the Answering Defendants respectfully refer to those statements for their contents and deny any characterization of them inconsistent with their terms. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 concerning FTX's liquidity and its efforts to obtain capital and on that basis deny them, and deny the remaining allegations of paragraph 64.

65. The allegations of paragraph 65 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order

entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 65 is required. To the extent a response is required, the Answering Defendants admit that Bankman-Fried contacted Zhao on or about November 8, 2022, deny the characterization of that communication in paragraph 65, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 65 and on that basis deny them.

66. The allegations of paragraph 66 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 66 is required. Moreover, paragraph 66 purports to quote written communications; the Answering Defendants respectfully refer to those communications for their contents and deny any characterization of them inconsistent with their terms. To the extent a response is required, the Answering Defendants admit that Zhao discussed a possible transaction with Bankman-Fried on or about November 8, 2022, lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 concerning FTX's internal directions, decisions, and processing of customer withdrawals and on that basis deny them, and deny the remaining allegations of paragraph 66.

67. The allegations of paragraph 67 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 67 is required. Moreover, paragraph 67 purports to describe a letter of intent dated November 8, 2022; the Answering Defendants respectfully refer to that document for its contents, including the identity of the parties thereto, and deny any characterization of it inconsistent with its terms. To the extent a response is required, the Answering Defendants deny the remaining allegations of paragraph 67.

68. The allegations of paragraph 68 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 68 is required. To the extent a response is required, the Answering Defendants respectfully refer to the posts reproduced in paragraph 68 for their contents and deny the remaining allegations of paragraph 68.

69. The allegations of paragraph 69 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 69 is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and on that basis deny them.

70. The allegations of paragraph 70 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 70 is required. Moreover, paragraph 70 purports to describe and quote social media posts; the Answering Defendants respectfully refer to those posts for their contents and deny any characterization of them inconsistent with their terms. To the extent a response is required, the Answering Defendants deny the remaining allegations of paragraph 70.

71. The allegations of paragraph 71 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 71 is required. Moreover, paragraph 71 purports to quote the testimony of a third party; the Answering Defendants respectfully refer to that testimony for its contents and deny any characterization of it inconsistent

with its terms. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and on that basis deny them.

72. The allegations of paragraph 72 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 72 is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 72.

73. The allegations of paragraph 73 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 73 is required. Moreover, paragraph 73 purports to characterize a letter of intent and social media posts; the Answering Defendants respectfully refer to those materials for their contents and deny any characterization of them inconsistent with their terms. To the extent a response is required, the Answering Defendants deny the remaining allegations of paragraph 73.

74. The allegations of paragraph 74 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 74 is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 74.

75. The allegations of paragraph 75 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 75 is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 concerning withdrawals

from the FTX.com and FTX.US exchanges and on that basis deny them, and deny the remaining allegations of paragraph 75.

76. The allegations of paragraph 76 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 76 is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 concerning rates of customer withdrawals from FTX and the prices at which FTT traded and on that basis deny them, and deny the remaining allegations of paragraph 76.

77. Paragraph 77 purports to describe petitions, orders, and filings that are matters of public record; the Answering Defendants respectfully refer to those records for their contents and dates of filing, deny any characterization of them inconsistent with their terms, and refer to their response to paragraph 8, supra, with respect to the allegations concerning the commencement of the above-captioned chapter 11 cases. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions and authority of Bankman-Fried and Ray and the reasons for the actions of the Securities Commission of The Bahamas and on that basis deny them, and deny the remaining allegations of paragraph 77.

78. Paragraph 78 purports to describe declarations filed in the above-captioned chapter 11 cases, which are matters of record; the Answering Defendants respectfully refer to those declarations for their contents, deny any characterization of them inconsistent with their terms, and deny the remaining allegations of paragraph 78.

79. The allegations of paragraph 79 are pertinent only to Counts VI through IX of the Complaint, which the Court dismissed as against the Answering Defendants by Opinion and Order

entered July 24, 2026 [Adv. D.I. 159]. Accordingly, no response to paragraph 79 is required. Moreover, paragraph 79 purports to quote a publication attributed to Binance; the Answering Defendants respectfully refer to that publication for its contents and deny any characterization of it inconsistent with its terms. To the extent a response is required, the Answering Defendants admit that they experienced increased growth and activity following November 6, 2022, and deny the remaining allegations of paragraph 79.

**COUNT I**

80. The Answering Defendants repeat and incorporate their responses to the preceding and succeeding paragraphs of the Complaint as if fully set forth herein, and otherwise deny the allegations of paragraph 80.

81. Paragraph 81 states legal conclusions to which no response is required. Moreover, paragraph 81 purports to characterize 11 U.S.C. § 548(a)(1)(B); the Answering Defendants respectfully refer to that statute for its terms and deny any characterization of it inconsistent with its terms. To the extent a response is required, the Answering Defendants deny the remaining allegations of paragraph 81.

82. The Answering Defendants respond to the allegations of paragraph 82 only insofar as those allegations are directed to the Answering Defendants, and refer to their responses to paragraphs 24 and 41, supra, with respect to the Complaint's defined term "Binance." The Answering Defendants respectfully refer to the July 15, 2021 agreements concerning the transfer of equity interests in FTX Trading Ltd. and West Realm Shires, Inc. for their contents, including the identity of the parties thereto, and deny any characterization of them inconsistent with their terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the source and transferor of the alleged consideration and

the manner in which any transfer was funded and on that basis deny them, and deny the remaining allegations of paragraph 82.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 83.

84. The Answering Defendants deny the allegations of paragraph 84.

85. The Answering Defendants deny the allegations of paragraph 85.

86. The Answering Defendants deny the allegations of paragraph 86.

87. The Answering Defendants deny the allegations of paragraph 87.

88. Paragraph 88 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 88.

89. Paragraph 89 states legal conclusions to which no response is required. Moreover, paragraph 89 purports to quote 11 U.S.C. § 550(a); the Answering Defendants respectfully refer to that statute for its terms. To the extent a response is required, the Answering Defendants deny the remaining allegations of paragraph 89.

90. Paragraph 90 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants respectfully refer to the July 15, 2021 agreements for their contents, including the identity of the parties thereto, and deny the remaining allegations of paragraph 90.

91. Paragraph 91 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 91.

**COUNT II**

92. The Answering Defendants repeat and incorporate their responses to the preceding and succeeding paragraphs of the Complaint as if fully set forth herein. Paragraph 92 otherwise

states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Debtor Plaintiffs' states of organization and on that basis deny them, as stated in their responses to paragraphs 14, 15, 16, 19, and 20, supra, and deny the remaining allegations of paragraph 92.

93. Paragraph 93 states legal conclusions to which no response is required. Moreover, paragraph 93 purports to characterize 6 Del. C. §§ 1304 and 1305; the Answering Defendants respectfully refer to those statutes for their terms and deny any characterization of them inconsistent with their terms. To the extent a response is required, the Answering Defendants deny the remaining allegations of paragraph 93.

94. Paragraph 94 purports to characterize transfers alleged to have been made in connection with the July 15, 2021 agreements; the Answering Defendants respectfully refer to those agreements for their contents, deny any characterization of them inconsistent with their terms, and refer to their responses to paragraphs 38 and 39, supra. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 concerning which of the Debtor Plaintiffs made any such transfer and concerning transfers to or for the benefit of defendants other than the Answering Defendants and on that basis deny them, and deny the remaining allegations of paragraph 94.

95. Paragraph 95 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 95.

96. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 and on that basis deny them.

97. The Answering Defendants deny the allegations of paragraph 97.

98. The Answering Defendants deny the allegations of paragraph 98.

99. The Answering Defendants deny the allegations of paragraph 99.

100. The Answering Defendants deny the allegations of paragraph 100.

101. Paragraph 101 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 101.

102. Paragraph 102 states legal conclusions to which no response is required. Moreover, paragraph 102 purports to quote 11 U.S.C. § 550(a); the Answering Defendants respectfully refer to that statute for its terms. To the extent a response is required, the Answering Defendants deny the remaining allegations of paragraph 102.

103. Paragraph 103 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 103.

104. Paragraph 104 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 104.

**COUNT III**

105. The Answering Defendants repeat and incorporate their responses to the preceding and succeeding paragraphs of the Complaint as if fully set forth herein, and otherwise deny the allegations of paragraph 105.

106. Paragraph 106 states legal conclusions to which no response is required. Moreover, paragraph 106 purports to characterize 11 U.S.C. § 548(a)(1)(A); the Answering Defendants respectfully refer to that statute for its terms and deny any characterization of it inconsistent with its terms. To the extent a response is required, the Answering Defendants deny the remaining allegations of paragraph 106.

107. Paragraph 107 purports to characterize transfers made in connection with the July 15, 2021 agreements; the Answering Defendants respectfully refer to those agreements for their contents and deny any characterization of them inconsistent with their terms. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 concerning which of the Debtor Plaintiffs made any such transfer and concerning transfers to or for the benefit of defendants other than the Answering Defendants and on that basis deny them, and deny the remaining allegations of paragraph 107.

108. Paragraph 108 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 108.

109. Paragraph 109 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 concerning the source or funding of the consideration for the 2021 Share Repurchase and on that basis deny them, and deny the remaining allegations of paragraph 109.

110. Paragraph 110 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 110.

111. Paragraph 111 states legal conclusions to which no response is required. Moreover, paragraph 111 purports to quote 11 U.S.C. § 550(a); the Answering Defendants respectfully refer to that statute for its terms. To the extent a response is required, the Answering Defendants deny the remaining allegations of paragraph 111.

112. Paragraph 112 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 112.

113. Paragraph 113 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 113.

**COUNT IV**

114. The Answering Defendants repeat and incorporate their responses to the preceding and succeeding paragraphs of the Complaint as if fully set forth herein, and otherwise deny the allegations of paragraph 114.

115. Paragraph 115 states legal conclusions to which no response is required. Moreover, paragraph 115 purports to characterize 11 U.S.C. § 544(b); the Answering Defendants respectfully refer to that statute for its terms and deny any characterization of it inconsistent with its terms. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Debtor Plaintiffs' states of organization and on that basis deny them, as stated in their responses to paragraphs 14, 15, 16, 19, and 20, supra, and deny the remaining allegations of paragraph 115.

116. Paragraph 116 states legal conclusions to which no response is required. Moreover, paragraph 116 purports to characterize 6 Del. C. § 1304; the Answering Defendants respectfully refer to that statute for its terms and deny any characterization of it inconsistent with its terms. To the extent a response is required, the Answering Defendants deny the remaining allegations of paragraph 116.

117. Paragraph 117 repeats the allegations of paragraph 107 of the Complaint. The Answering Defendants repeat and incorporate their response to paragraph 107, supra, as if fully set forth herein, and deny the remaining allegations of paragraph 117.

118. Paragraph 118 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 118.

119. Paragraph 119 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119 concerning the source or funding of the consideration for the 2021 Share Repurchase and on that basis deny them, and deny the remaining allegations of paragraph 119.

120. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120 and on that basis deny them.

121. Paragraph 121 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 121.

122. Paragraph 122 repeats the allegations of paragraph 111 of the Complaint. The Answering Defendants repeat and incorporate their response to paragraph 111, supra, as if fully set forth herein, and deny the remaining allegations of paragraph 122.

123. Paragraph 123 repeats the allegations of paragraph 112 of the Complaint. The Answering Defendants repeat and incorporate their response to paragraph 112, supra, as if fully set forth herein, and deny the remaining allegations of paragraph 123.

124. Paragraph 124 repeats the allegations of paragraph 113 of the Complaint. The Answering Defendants repeat and incorporate their response to paragraph 113, supra, as if fully set forth herein, and deny the remaining allegations of paragraph 124.

**COUNT V**

125. The Answering Defendants repeat and incorporate their responses to the preceding and succeeding paragraphs of the Complaint as if fully set forth herein, and otherwise deny the allegations of paragraph 125.

126. Paragraph 126 repeats the allegations of paragraph 111 of the Complaint. The Answering Defendants repeat and incorporate their response to paragraph 111, supra, as if fully set forth herein, and deny the remaining allegations of paragraph 126.

127. Paragraph 127 repeats the allegations of paragraphs 112 and 123 of the Complaint. The Answering Defendants repeat and incorporate their responses to paragraphs 112 and 123, supra, as if fully set forth herein, and deny the remaining allegations of paragraph 127.

128. Paragraph 128 states legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraph 128.

**COUNT VI**

129. Paragraphs 129 through 144 of the Complaint are contained within Counts VI through IX, which the Court dismissed as against the Answering Defendants by Opinion and Order entered July 24, 2026 [Adv. D.I. 159], and are moot as to the Answering Defendants. Accordingly, no response to paragraphs 129 through 144 is required. To the extent a response is required, the Answering Defendants deny the allegations of paragraphs 129 through 144.

130. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 130.

131. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 131.

132. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 132.

**COUNT VII**

133. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 133.

134. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 134.

135. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 135.

136. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 136.

**COUNT VIII**

137. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 137.

138. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 138.

139. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 139.

140. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 140.

**COUNT IX**

141. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 141.

142. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 142.

143. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 143.

144. The Answering Defendants refer to and incorporate their response to paragraph 129, supra, and deny the allegations of paragraph 144.

The paragraphs following the word "WHEREFORE" at the conclusion of the Complaint constitute a prayer for relief to which no response is required. To the extent a response is required, the Answering Defendants deny that Plaintiffs are entitled to any of the relief requested or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof or persuasion that applicable law places on Plaintiffs, and without waiving any defense, the Answering Defendants assert the following defenses. Each Answering Defendant asserts each defense separately and on its own behalf. Each defense is asserted in the alternative and without prejudice to any other, and nothing in any defense is an admission of any allegation of the Complaint. The Answering Defendants expressly reserve the right to supplement, amend, or withdraw any defenses.

### FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over each Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they seek an impermissible extraterritorial application of 11 U.S.C. §§ 544, 548, and 550.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the safe-harbor provision of 11 U.S.C. § 546(e), including because the alleged transfers were settlement payments or transfers made in connection with a securities contract and were made by, to, or for the benefit of a financial participant or financial institution.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, for failure to identify the correct applicable law under 11 U.S.C. § 544.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged transfers were not of an interest of a Debtor in property.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Debtors received a reasonably equivalent value.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Debtors were not insolvent, did not have unreasonably small capital or assets, and did not intend to incur or believe they would incur debts beyond their ability to pay as such debts matured.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Debtors did not engage in any of the alleged transfers with the actual intent to hinder, delay, or defraud any creditor.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because none of the Answering Defendants was a transferee or the entity for whose benefit any alleged transfer was made.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Answering Defendants took for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of any transfer or were the immediate or mediate good-faith transferees of another transferee that did so.

**TWELFTH AFFIRMATIVE DEFENSE**

The Answering Defendants have a lien on or may retain any interest transferred to them because they took for value in good faith.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by waiver, estoppel, ratification, consent, or release.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they have been released, compromised, settled, and resolved under the Debtors' confirmed chapter 11 plan, including section 5.2 thereof.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The relief requested by Plaintiffs is barred, in whole or in part, because it cannot exceed the amount of claims timely filed and allowed in the Debtors' bankruptcy cases and cannot be obtained to generate a surplus.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The relief requested by Plaintiffs is barred, in whole or in part, because Plaintiffs are entitled to only a single satisfaction under 11 U.S.C. § 550.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The relief requested by Plaintiffs is barred because it impermissibly seeks to disregard the Debtors' separate corporate existence.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The relief requested by Plaintiffs is barred because it impermissibly seeks to disregard the Defendants' separate corporate existence.

**NINETEENTH AFFIRMATIVE DEFENSE**

The Answering Defendants assert all rights of recoupment, recovery, and setoff.

**TWENTIETH AFFIRMATIVE DEFENSE**

This action, including the question of arbitrability, is subject to arbitration.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The Answering Defendants adopt by reference and incorporate herein any applicable defense pleaded by another defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands and related equitable principles.

## RESERVATION OF RIGHTS

The Answering Defendants do not consent to the exercise of jurisdiction over them, and do not waive any jurisdictional defenses. No act or omission of any Answering Defendant in this adversary proceeding—including the filing of this Answer, the assertion of any defense, the making of initial disclosures, the making of or response to any motion, the taking or defense of discovery, participation in any pretrial conference or other proceeding, or any appearance before this Court—constitutes, or shall be construed as, express or implied consent to the jurisdiction of the Court or the entry of final orders or judgments by the Bankruptcy Court, a waiver of any right under Article III or the Seventh Amendment of the United States Constitution, or a waiver of arbitration rights.

The Answering Defendants expressly reserve the right to amend or supplement this Answer to assert all additional defenses (affirmative or otherwise) that may be revealed during the course of discovery or otherwise.

Counts VI through IX of the Complaint have been dismissed by the Court. The Answering Defendants reserve the right to assert all additional defenses (affirmative or otherwise) specific to such claims if they are reinstated.

In accordance with Federal Rule of Bankruptcy Procedure 7012(b) and Rules 7008-1 and 7012-1 of the Local Rules of Bankruptcy Practice and Procedure, each Answering Defendant states that it does not consent to the entry of final orders or judgments by the Bankruptcy Court in this adversary proceeding.

Nothing in this Answer waives any counterclaim that is not required to be pleaded under Federal Rule of Bankruptcy Procedure 7013.

The Answering Defendants reserve all rights under 11 U.S.C. § 502(h), including to seek the return of any equity interests transferred on July 15, 2021, in the event Plaintiffs are successful in avoiding and recovering transfers of consideration for those equity interests.

The Answering Defendants give notice in accordance with Federal Rule of Civil Procedure 44.1, made applicable by Federal Rule of Bankruptcy Procedure 9017, that they intend to raise issues concerning the law of one or more foreign countries, including the British Virgin Islands, the Cayman Islands, Ireland, and Hong Kong.

## PRAYER FOR RELIEF

WHEREFORE, the Answering Defendants respectfully request that the Court:

(a) enter judgment in favor of the Answering Defendants and against Plaintiffs on each of Counts I, II, III, IV, and V of the Complaint;

(b) dismiss the Complaint with prejudice as against the Answering Defendants;

(c) deny Plaintiffs any and all relief requested in the Complaint;

(d) award the Answering Defendants their costs of suit, including attorneys' fees; and

(e) grant the Answering Defendants such other and further relief as the Court deems just and proper.

Dated: September 11, 2026
Wilmington, Delaware

**ROSS ARONSTAM & MORITZ LLP**

*/s/ Garrett B. Moritz*
Garrett B. Moritz (Bar No. 5646)
Adam D. Gold (Bar No. 6412)
A. Gage Whirley (Bar No. 6707)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
gmoritz@ramllp.com
agold@ramllp.com
gwhirley@ramllp.com

-and-

**MILBANK LLP**
Alexander B. Lees*
Sean M. Murphy*
Nola B. Heller*
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
alees@milbank.com
smurphy@milbank.com
nheller@milbank.com

Olivia Choe*
Brett P. Lowe*
1101 New York Avenue NW
Washington, DC 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586
ochoe@milbank.com
blowe@milbank.com
**pro hac vice*

*Counsel for Defendants Binance Holdings Limited, Binance Holdings (IE) Limited, and Binance (Services) Holdings Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of Septeember 2026, I caused a copy of the foregoing *Answer of Binance Holdings Limited, Binance Holdings (IE) Limited, and Binance (Services) Holdings Limited* to be filed and served via ECF Noticing to all parties receiving ECF Notices in this chapter 11 case.

*/s/ Garrett B. Moritz*
Garrett B. Moritz (Bar No. 5646)